IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAMIE RIOS** | ) |
| | ) |
| | ) Case No. 22 CV 03973 |
| Plaintiff, | ) |
| | ) Judge: Honorable Jeremy C. Daniel |
| v. | ) |
| | ) Magistrate: Honorable Young B. Kim |
| **REYNALDO GUEVARA, et al.** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS GUEVARA AND CITY OF CHICAGO'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION
TO EXPAND NUMBER OF 404(b) WITNESSES**

Defendants City of Chicago and Reynaldo Guevara, by and through their respective attorneys, submit the following response in opposition to Plaintiff's Motion to Expand the Number of 404(b) Witnesses Which Plaintiff Can Designate on a "Will Call" List From 15 to 20 Witnesses and to Allow Plaintiff to Allocate the Vast Majority of the Witnesses on the "Will Call" List to Witnesses Related to the Accusations Against Defendant Guevara (Dkt. #78) ("Plaintiff's Motion").

On July 6, 2023 this Court limited Plaintiff to five rule 404(b) witnesses for each defendant – a total of 15 witnesses (Dkt. at 77). ). In response, Plaintiff filed the instant motion, where he first requests the Court increase the number of Rule 404(b) witnesses he can call at trial to 20 and permit him to allocate 19 exclusively to Defendant Guevara. In the alternative, Plaintiff asks the Court to "be allowed to reallocate the 15 witnesses currently allowed to Guevara rather than the other defendants." (Plaintiff's Motion at p. 12, Dkt. #78). The practice in this District, however, has been to allow 10 Rule 404(b) witnesses for all defendants in a case. See: *DeLeon-Reyes v Guevara, et al* 2020 WL 1429521 (N.D. Ill. Mar. 18, 2020). Plaintiff is unable to distinguish the

instant case from *DeLeon-Reyes* and the many other courts in this district that have adhered to this prevailing practice, including in cases involving Chicago Police Officers, to justify substantially expanding and increasing the scope, time, and expense of discovery in this case. The Court should deny Plaintiff's Motion.

## BACKGROUND

On July 5, 2023, the parties submitted a joint status report to the Court wherein Plaintiff reported that he had "identified approximately 60 Rule 404(b) witnesses to testify regarding allegations of misconduct" against Defendants Guevara, Mason, and Halvorsen (deceased). (Dkt. 76). Plaintiff previously declined Defendants request to reduce his list of Rule 404(b) witnesses, and instead, responded by merely identifying "the priority" of his designated witnesses without designating the witnesses he will call at trial.

The next day, July 6, 2023, this Honorable Court entered an order directing Plaintiff to identify the five Rule 404(b) witnesses he planned to call at trial for each Defendant, for a total of 15 witnesses. (Dkt. at 77). Shortly thereafter, Plaintiff contacted counsel for Defendant Mason and stated he planned to file a motion to modify the Court's July 6, 2023, order and asked if the motion could be filed as "unopposed." Counsel for all Defendants conferred and declined Plaintiff's request because the Court's order is consistent with others in this District regarding limitations on 404(b) witnesses. Plaintiff filed his Motion to Expand on July 18, 2023. (Dkt. 78).

## ARGUMENT

It is well-established that district courts have "extremely broad discretion" in managing pre-trial discovery. *DeLeon-Reyes v Guevara, et al.*, 2020 WL 1429521, at *3 (quoting *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013)). Other courts in this District have used their broad discretion to limit the number of Rule 404(b) witnesses plaintiffs may disclose for

discovery purposes in matters similar to the instant case. *DeLeon-Reyes*, 2020 WL 1429521, at *7 (collecting cases). Defendants respectfully request this Honorable Court do the same here and deny Plaintiff's Motion.

**A.     The Court has Appropriately Limited Plaintiff to a Reasonable Number of Rule 404(b) Witnesses in Discovery.**

"[T]he goal of discovery . . . is to enable both sides to make effective preparation for trial" and avoid "unfair surprise." *Zingerman v. Freeman Decorating Co.*, 2003 WL 22057032, at *4 (N.D. Ill. Sept. 3, 2003). Rule 26 of the Federal Rules of Civil Procedure permits the discovery of nonprivileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of the case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. See Fed. R. Civ. P. 26(b)(1).

Even with these broad parameters, a court must restrict the frequency and extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C); *see also* Advisory Committee Notes to 2000 Amendments to Rule 26 (discussing the desire for "active judicial use" of its power under Rule 26(b)(2) "to control excessive discovery"); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (court should weigh "the value of the material sought against the burden of providing it and taking into account society's interest in furthering the truth-seeking function in the particular case before the court") (internal quotation marks omitted); *Sanyo Laser Products, Inc. v. Arista Records, Inc.,* 214 F.R.D. 496, 498-500 (S.D. Ind. 2003) (discussing changes to Rule 26 made in 2000, and concluding that the changes were designed to focus courts on whether discovery, though relevant, is otherwise burdensome or excessive considering the needs of the case).

Here, Plaintiff employs the all too frequent tactic of identifying far more Rule 404(b)

witnesses than he intends or will be permitted to call during the trial, which often leads to extensive and unnecessary discovery. In response to this practice, courts in this District have consistently limited discovery of these witnesses. See, e.g., Exhibit A, Transcript from *Rodriguez v. Guevara, et al.*, Case No. 18 CV 7951 at 4 (N.D. Ill. March 2, 2021) (Cox, J.) ("I just…don't see any reason why I shouldn't limit you"); Exhibit B, *Sierra v. Guevara*, et al., Case No. 18cv3029, Dkt. 252 (N.D. Ill. Apr. 6, 2021) ("consistent with the prevailing practice in this district, the Court grants defendants' motion to require plaintiff to limit his Rule 404(b) witnesses to the ten he is most likely to call at trial"); Exhibit C, Transcript from *Johnson v. Guevara, et al.*, Case No. 20cv4156 (N.D. Ill. Apr. 6, 2021) (Ellis, J.) (ordering plaintiff to reduce its list of 250 witnesses to ten: "I'm not sure why it is that the plaintiff believes it would be appropriate to list 250…404(b) witnesses."); Ex. D, *Jakes v. Boudreau*, et al., Case No. 19 CV 2204, Dkt. 141 (N.D. Ill. Feb. 1, 2021) (Jantz, J.) (directing plaintiff "narrow his Rule 404(b) witnesses from 12 to 10 witnesses"); Group Exhibit E, *Fulton v. Clancy, et al.*, Case No. 17 CV 8696, Dkt. 181 (N.D. Ill. Oct. 30, 2019) and Dkt. 210 (N.D. Ill. Feb. 12, 2020) (Harjani, J.) (limiting two plaintiffs to a total of ten 404(b) witnesses); Exhibit F, *Prince v. Kato, et al.*, Case No. 18 CV 2952, Dkt. 92 (N.D. Ill. April 4, 2019) (Harjani, J) (limiting plaintiff to ten 404(b) witnesses); Exhibit G, Transcript from *Washington-Hood*, Case Nos. 16 CV 1893 and 16 CV 1970, at 14-15 (N.D. Ill. June 13, 2019) (Valdez, J.) (directing two plaintiffs to work on further reducing a list of eighteen 404(b) witnesses); Exhibit H, *Rivera v. Guevara, et al.*, Case No. 12 CV 4428, Dkt. 76 (N.D. Ill. Jan. 16, 2014) (Gottschall, J.) (limiting plaintiff to no more than ten 404(b) witnesses).

Plaintiff's initial list of approximately 60 Rule 404(b) witnesses was six times more than most of the courts listed above allowed (10 witnesses), and his revised witness list (20) is still double that number. Moreover, the Court's July 6, 2023 order permitting Plaintiff to designate

fifteen Rule 404(b) witnesses is a significantly greater number of Rule 404(b) witnesses than what courts in this District traditionally allow. Plaintiff's suggestion that he is being reasonable by asking to increase that number by five, or alternatively designate 14 witnesses to just Defendant Guevara, simply ignores the burden created by the additional discovery, which led to this Court's ruling in the first place.

If Plaintiff is permitted to designate all or all but one 404(b) witnesses solely against Defendant Guevara, then depending on whether the total number of 404(b) witnesses is 15 or 20, Defendant Guevara alone will be responsible for deposing 10 to 14 additional 404(b) witnesses who had nothing to do with this case.[1] Moreover, for each such witness, Defendant Guevara will need to disclose one or more rebuttal witnesses, who will also need to be interviewed and/or deposed. Adding another large subset of witnesses on top of those already contemplated by the Court's July 6 order will add months of additional discovery, which is simply disproportional to the needs of this case. This is especially true considering, as set forth below, it is unlikely that any of the additional Rule 404(b) witnesses Plaintiff seeks to add will be permitted to testify at trial.

Furthermore, in most of the cases cited above, where plaintiff's Rule 404(b) witnesses were limited to 10, there were multiple defendants. Here, Plaintiff is seeking to present a greater number Rule 404(b) witnesses for a single defendant than these courts have allowed for multiple defendants. Plaintiff ignores the reasoning in analogous cases, including in *DeLeon-Reyes v. Guevara, et al.,* which he heavily relies upon in his Motion. In that case, Magistrate Judge Harjani

---

[1] With respect to the 15 total Rule 404(b) witnesses this Court permitted in its July 6, 2023 Order, Plaintiff's Motion is inconsistent as to the number he seeks to allocate to Defendant Guevara. The Motion states "[i]f the total number of designated Rule 404(b) witnesses remains at 15, Jaime Rios requests to be allowed to designate at least 14 of those witnesses as 404(b) trial witnesses with respect to the claims against Reynaldo Guevara, with one each for defendant Mason." (Dkt. 78 at p.2). On the other hand, Plaintiff argues he "should allowed to reallocate the 15 witnesses currently allowed to Guevara rather than the other defendants." (Dkt. 78 at p.12)

explained that "evidence of prior bad acts…is tangential to the merits" of the plaintiffs' individual claims and that "[o]ther-acts evidence implicates many of the Rule 403 concerns, including unfair prejudice, confusing the issues, and wasting time." *DeLeon-Reyes,* 2020 WL 1429521, at *6. It was for these and other reasons Magistrate Judge Harjani limited plaintiffs' number of Rule 404(b) witnesses to a total of 10 for all defendants, not just Defendant Guevara. Since this Court has already permitted Plaintiff to name fifteen 404(b) witnesses, Magistrate Judge Harjani's decision in *DeLeon-Reyes* does not support Plaintiff's Motion .

**B.      Plaintiffs' Additional Rule 404(b) Evidence Is Not Likely to Be Admissible at Trial.**

The introduction, or exclusion, of evidence of parties' "Crimes, Wrongs, or Other Acts" is guided by Rule 404(b). Pertinent to the issue before the Court, Rule 404(b) excludes relevant evidence of other crimes, wrongs, or acts if the purpose is to show a person's propensity to behave in a certain way.  Evidence of other acts may be admitted for "another purpose" including, but not limited to, "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Civ. P. 404(b). Defendants recognize the role of this Court is not to determine the admissibility of evidence for trial under Rule 404(b). However, for the purposes of managing discovery, it is worth noting that, "the law in this circuit surrounding Fed. R. Evid. 404(b), particularly the Seventh Circuit's *Gomez* decision, demonstrates the need for courts to place limits on the admission of Rule 404(b) evidence at trial." *DeLeon-Reyes*, 2020 WL 1429521, at *2.

In *United States v. Gomez*, 763 F.3d 845 (7th Cir. 2014), the Seventh Circuit declared its prior "four-part test for evaluating the admissibility of other-act evidence has ceased to be useful." *Gomez*, 763 F.3d at 853. As a result, the Court introduced "a more straightforward rule-based approach" to evaluate Rule 404(b) evidence. *Id*. Under this rule-based approach, in order to be

admissible, Rule 404(b) evidence "must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *DeLeon-Reyes*, 2020 WL 1429521, at *3 (*quoting Gomez,* 763 F.3d at 853). Relevance must be established without relying on a suggestion of propensity: the "forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case." *Gomez,* 763 F.3d at 860. If an act is found to be relevant, the Court must then apply Rule 403's balancing test, weighing the probative value of the evidence at issue against the risk of unfair prejudice. *Id*. Accordingly, the Court may exclude the evidence "if its probative value is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The unfair prejudice and confusion of the issues attendant to admitting Rule 404(b) evidence in this case is evident from Plaintiff's own Motion, in which he describes his strategy to focus his Rule 404(b) witnesses on Defendant Guevara, who he identifies as the "the prime mover" (p. 3) or "main bad actor" (p. 7). This discussion actually highlights the precise danger of unfair prejudice attendant to the introduction of propensity evidence that cautioned against in *Gomez*. *Gomez,* 763 F.3d at 860. For example, Plaintiff claims that three 404(b) witnesses will support his claim in Count I that Defendant Guevara threatened to take away his child if he did not cooperate. These witnesses, Evelyn Diaz, Gloria Bordoy, and Rosa Bello are expected to testify that Guevara did the same thing to them, namely threaten to take away their children if they did not make false statements. (Motion to Expand at p. 8-9). The only conceivable purpose behind Plaintiff's request to present this testimony is to guide the jury to the conclusion that since Guevara utilized similar tactics in other cases, he must have done so in this particular case. This is exactly the forbidden inference *Gomez* condemns.

The Court was generous in balancing the competing interests when it permitted Plaintiff to name five Rule 404(b) witnesses for each Defendant. But permitting several more witnesses or allowing Plaintiff to burden Defendant Guevara's counsel with the responsibility for addressing 14 to 20 separate Rule 404(b) witnesses, will create substantial undue delay and a waste of time and resources, by necessitating needless discovery into what is surely cumulative evidence. The remote possibility that any of the additional Rule 404(b) witnesses contemplated by Plaintiff's Motion will be able to offer non-cumulative testimony at trial also militates in favor of adhering to the Court's current limitation, before the parties engage in unnecessary, lengthy, and costly discovery. Indeed, when faced with Rule 404(b) evidence in the context of reversed conviction cases post-*Gomez*, courts have significantly limited the use of Rule 404(b) evidence at trial. *DeLeon-Reyes*, 2020 WL 1429521 at *3 (citing, *Harris v. City of Chicago*, 2018 WL 2183992 (N.D. Ill. May 11, 2018) (denying motion for new trial, holding there was no error in barring prior bad acts evidence of defendant police officer under *Gomez*); *Gonzalez v. Olson*, 2015 WL 3671641, at *21-25 (N.D. Ill. June 12, 2015) (granting motion *in limine* to bar a plaintiff's proposed 404(b) witnesses who would testify about a defendant police officer's prior bad acts involving an alleged "drop gun" scheme); Order on Motions *in Limine* at pp. 17-19, *Bellamy v. City of Chicago*, 15 cv 02678 (N.D. Ill. May 18, 2016), Dkt. No. 98 (granting motion *in limine* to bar testimony of 404(b) witnesses who would testify about prior encounters with defendant police officer) (attached as Ex. I).

Plaintiff proffers descriptions of the expected testimony of over 20 potential Rule 404(b) witnesses in his Motion, which he claims differentiates the instant case from *Deleon-Reyes* and that court's analysis. (Plaintiff's Motion at p. 12). But again, Magistrate Judge Harjani did not base his decision on the number of 404(b) witnesses and the incompleteness of plaintiffs' disclosures.

Instead, the court repeated that "evidence of prior bad acts…is tangential to the merits" of the plaintiffs' individual claims. *DeLeon-Reyes*, 2020 WL 1429521 at*6. Rule 404(b) evidence also creates a risk that the jury will use it for propensity purposes if the probative value is low, and "could sidetrack the trial into time-consuming, confusing minitrials about whether the alleged bad acts…actually occurred." *Id*. The summaries Plaintiff includes in his Motion to Expand illustrate the time-consuming, confusing minitrials that will no doubt occur regarding the bulk of these witnesses. Further, "[o]ther-acts evidence implicates many of the Rule 403 concerns, including unfair prejudice, confusing the issues, and wasting time." *Id.* Plaintiff's Motion, with its summary of what he expects 404(b) witnesses will testify to regarding Defendant Guevara, shows the very real Rule 403 concerns these witnesses present. Even without Guevara's testimony, Defendants will still be required to present rebuttal testimony from other witnesses, which could confuse the issues and waste time in resolving the underlying case.

## CONCLUSION

Wherefore, for the reasons stated above, Defendants respectfully request that this Court deny Plaintiff's Motion.

| | |
|---|---|
| Dated: August 4, 2023 | Respectfully Submitted: |
| DEFENDANT CITY OF CHICAGO | DEFENDANT REYNALDO GUEVARA |
| */s/ Eileen E. Rosen*<br>Eileen E. Rosen<br>Catherine M. Barber<br>Theresa Berousek Carney<br>Special Assistant Corporation Counsel<br>Rock Fusco & Connelly, LLC<br>333 W. Wacker Drive, 19th Floor<br>Chicago, Illinois 60606 | */s/ Thomas M. Leinenweber*<br>Thomas M. Leinenweber<br>James V. Daffada<br>Megan K. McGrath<br>Special Assistant Corporation Counsel<br>Leinenweber Baroni & Daffada, LLC<br>120 N. LaSalle Street, Suite 2000<br>Chicago, Illinois 60602 |