Rios v. Guevara, et al.,
22-cv-3973

# Exhibit A

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3      RICARDO RODRIGUEZ,              )      Docket No. 18 CV 7951
                                        )
 4                      Plaintiff,      )
                                        )
 5            -vs-                      )      Chicago, Illinois
                                        )      March 2, 2021
 6      REYNALDO GUEVARA, et al.,       )      9:30 o'clock a.m.
                                        )
 7                      Defendants.     )

 8              TRANSCRIPT OF PROCEEDINGS - Telephonic Status
                 BEFORE MAGISTRATE JUDGE SUSAN E. COX
 9
        APPEARANCES:
10      For the Plaintiff:        LOEVY & LOEVY
                                  BY:  MS. RACHEL E. BRADY
11                                     MS. TARA E. THOMPSON
                                  311 North Aberdeen
12                                3rd Floor
                                  Chicago, Illinois  60607
13
        For the Defendant         LEINENWEBER BARONI & DAFFADA LLC
14      Guevara:                  BY:  MS. MEGAN K. McGRATH
                                  120 North LaSalle Street
15                                Suite 2000
                                  Chicago, Illinois  60602
16
        For the Defendants        THE SOTOS LAW FIRM PC
17      Halvorsen, Biebel,        BY:  MR. JOSH M. ENGQUIST
        Mingey, Epplen, Curley    141 West Jackson Boulevard
18      and Sanders:              Suite 1240A
                                  Chicago, Illinois  60604
19
        For the Defendant         ROCK FUSCO & CONNELLY LLC
20      City:                     BY:  MS. EILEEN E. ROSEN
                                  321 North Clark Street
21                                Suite 2200
                                  Chicago, Illinois  60654
22
                         LAURA LACIEN, CSR, RMR, FCRR, CRR
23                          OFFICIAL COURT REPORTER
                           219 South Dearborn Street
24                                 Room 1212
                            Chicago, Illinois  60604
25                               (312) 408-5032
```

1       (The following telephonic proceedings were held

2  remotely:)

3            COURTROOM DEPUTY:  Case number 18 CV 7951,

4  Rodriguez versus Guevara.

09:42AM  5            THE COURT:  Go ahead and enter your appearances,

6  please.

7            MS. BRADY:  Good morning, your Honor.  This is

8  Rachel Brady and Tara Thompson on behalf of the plaintiff.

9            MR. ENGQUIST:  Good morning, your Honor.  Josh

09:42AM 10  Engquist on behalf of defendants Halvorsen, Curley, Biebel,

11  Mingey, Epplen, and Sanders.

12            THE COURT:  Okay.

13            MS. McGRATH:  Good morning, your Honor.  Megan

14  McGrath on behalf of the defendant Guevara.

09:42AM 15            THE COURT:  Okay.

16            MS. ROSEN:  Good morning, your Honor.  Eileen Rosen

17  on behalf of defendant City of Chicago.

18            THE COURT:  Good morning to all of you.  So I have

19  a motion from the defense to limit the 404(b) witnesses.  And

09:43AM 20  is it true, plaintiff's counsel, that you've disclosed 250

21  possible 404(b) witnesses?

22            MS. BRADY:  Your Honor, yeah.  We submitted, per

23  defendant's request, in this Court's honor -- this Court's

24  order a list of witnesses who we think fit the profile of

09:43AM 25  somebody who could be a 404(b) witnesses -- witness.

1    We're --

2              THE COURT:  Well, that's actually --

3              MS. BRADY:  -- certainly --

4              THE COURT:  Well, you're not -- we're not going to

5    have 250 404(b) witnesses.  And my order did not in any way

6    or at least I didn't believe when I entered that order that

7    you would be -- that you would actually disclose this many so

8    I'm going to grant this motion.  I think it's important to

9    disclose.  I'm going to give you up to ten.  That's

10   consistent which seems to be with the rulings of my

11   colleagues on this issue which has been pretty uniformly in

12   that neighborhood.  And for each of those witnesses, I want

13   you to disclose exactly what topics they are testifying about

14   and how it constitutes 404(b) testimony so that there's no

15   surprise.

16             I mean, I don't think the City and the defense

17   should go into this -- into these witnesses for depositions

18   without knowing, sort of, where they fit in.  It's

19   not ethical.  It's unfair because they're -- you know,

20   they're witnesses that are not fact witnesses in the sense

21   that they talk about the specific allegations and they talk

22   about other things and so it's just not fair not to let the

23   defense know what those things are so --

24             MS. BRADY:  Your Honor -- yeah, if I can step in

25   and just give a little --

1        THE COURT REPORTER:  Excuse me, excuse me, excuse

2    me.  This is the court reporter.  Can you identify who is

3    speaking please?

4        MS. BRADY:  Yes.  This is Rachel Brady for the

09:45AM  5    plaintiff.  So one of the issues in these cases is that our

6    firm -- between our firm and defense counsel have a number of

7    these Guevara cases going on together and that we're doing

8    coordinated 404(b) discovery in cross multiple cases.  And so

9    at this point, we are, you know, hoping to be able to do, you

09:45AM  10   know, written discovery to determine which of these, you

11   know, witnesses might be appropriate 404(b) witnesses for

12   each individual case.

13       And so we're certainly not proposing to even ask

14   this Court to consider, you know, 250 witnesses at trial but

09:45AM  15   we are just identifying to the defendants that in the

16   discovery that's gone on across these cases, we've identified

17   this number of witnesses who might, you know, be --

18       THE COURT:  Well, but --

19       MS. BRADY:  -- be part of 404(b) discovery.

09:46AM  20       THE COURT:  Well, it's still 250.  I -- you know,

21   not all -- I can't imagine, even though I know that these

22   cases are -- there's a number of these cases, I can't imagine

23   that all 250 witnesses would be relevant to this particular

24   set of facts.  So what I'm going to -- you know, I just -- I

09:46AM  25   don't see any reason why I shouldn't limit you so I'm going

1    to limit you.  I granted the motion that -- to the extent
2    what you're going to do is you're going to tell the City who
3    these people are and what their testimony is likely to be
4    and what -- and how they fit into a 404(b) analysis in this
5    particular case so I'm going to ask you to choose one.  Okay?

09:46AM

6         MS. BRADY:  Your Honor, this is Rachel Brady again.
7    Is this ruling limiting us from doing written discovery into
8    these witnesses as well or is this a --

9         THE COURT:  Well, what would you be doing -- what
10   would you be doing?  What would you be doing?

09:47AM

11        MS. BRADY:  So we -- we have not yet in this case
12   conducted written discovery into some of these individuals
13   and, you know, they've been identified through other
14   discovery throughout various other cases but we haven't been
15   able to conduct written discovery in this case about
16   individuals who might fit this exact type or pattern.

09:47AM

17        THE COURT:  And from whom would you be getting this
18   discovery?

19        MS. BRADY:  It would very likely be from the City,
20   your Honor.

09:47AM

21        THE COURT:  Yeah; no.  I mean, basically what
22   you're asking -- what you're asking me is whether or not you
23   can essentially ask the City for information about as many
24   witnesses as you want.  I mean, that's not -- that's not
25   going to happen.  I mean, I'm not going to -- I'm not going

09:48AM

1    to require of the City to answer written discovery about, you

2    know, hundreds of witnesses.  You have to -- you have

3    to -- you know, you're going to have to narrow it down.  I'm

4    sorry.  That's just excessive and unproportional.

09:48AM

5                   All right.  Anything further?

6                   MS. BRADY:  Nothing from plaintiff, your Honor.

7                   THE COURT:  All right.  So the motion is granted

8    and the ruling is as I've stated it on the record.  All

9    right.

09:48AM

10                  UNIDENTIFIED FEMALE SPEAKER:  Thank you.

11                  UNIDENTIFIED MALE SPEAKER:  Thank you, your Honor.

12                  UNIDENTIFIED MALE SPEAKER:  Thank you, your Honor.

13                  THE COURT:  Thank you.

14        (Which concluded the telephonic proceedings in the

15    above-entitled matter.)

16                  C E R T I F I C A T E

17        I hereby certify that the foregoing is a transcript of

18    telephonic proceedings before Magistrate Judge Susan E. Cox

19    on March 2, 2021.

20

21

22    /s/*Laura LaCien*                    March 8, 2021
      Official Court Reporter              DATE

23

24

25

Rios v. Guevara, et al.,
22-cv-3973

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3**
**Eastern Division**

Thomas Sierra

                                            Plaintiff,

v.                                                              Case No.: 1:18−cv−03029
                                                                Honorable John Z. Lee

Reynaldo Guevara, et al.

                                            Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 6, 2021:

     MINUTE entry before the Honorable M. David Weisman: For the reasons set forth in DeLeon−Reyes v. Guevara, No. 18 C 01028, 2020 WL 1429521 (N.D. Ill. Mar. 18, 2020), and consistent with the prevailing practice in this district, the Court grants defendants' motion to require plaintiff to limit his Rule 404(b) witnesses to the ten he is most likely to call at trial [ECF [247]]. See, e.g., Fulton v. Foley, No. 17 C 8696 (N.D. Ill.) (ECF 181); Jakes v. Boudreau, No. 19 C 2204 (N.D. Ill.) (ECF 141); Rodriguez v. Guevara, No. 18 C 7951 (N.D. Ill.) (ECF 131). Motion hearing set for 4/8/21 is stricken. Mailed notice (ao,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

Rios v. Guevara, et al.,
22-cv-3973

# Exhibit C

| | |
|---|---|
| 1 | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF ILLINOIS |
| 2 | EASTERN DIVISION |

```
 3   DEMETRIUS JOHNSON,                      )  No. 20 C 4156
                                            )
 4                  Plaintiff,              )
                                            )
 5          vs.                             )  Chicago, Illinois
                                            )
 6   REYNALDO GUEVARA, JOANN HALVORSEN,      )
     as Personal Representative to the      )
 7   Estate of Ernest Halvorsen, DARRYL     )
     DALEY, WILLIAM ERICKSON, JOHN          )
 8   HEALY, and the CITY OF CHICAGO,        )
                                            )  April 6, 2021
 9                  Defendants.             )  9:45 a.m.

10                    TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HON. SARA L. ELLIS
11
     APPEARANCES:
12
     For the Plaintiff:    MS. DANIELLE HAMILTON
13                         Loevy & Loevy,
                           311 North Aberdeen Street, 3rd Floor,
14                         Chicago, Illinois  60607

15   For Defendant
     Guevara:              MS. MEGHAN K. McGRATH
16                         Leinenweber, Baroni & Daffada, LLC,
                           120 North Lasalle Street, Suite 2000,
17                         Chicago, Illinois  60602

18
     For Defendants Daley,
19   Halvorsen, Erickson,
     and Healy:            MR. JOSH M. ENGQUIST
20                         The Sotos Law Firm, P.C.,
                           141 West Jackson Boulevard, Suite 1240A,
21                         Chicago, Illinois  60604

22

23                     PATRICK J. MULLEN
                     Official Court Reporter
24                 United States District Court
              219 South Dearborn Street, Room 1412
25                   Chicago, Illinois  60604
                       (312) 435-5565
```

1    APPEARANCES:   (Continued.)

2    For Defendant City
     of Chicago:              MS. EILEEN E. ROSEN
3                             Rock, Fusco & Connelly, LLC,
                              321 North Clark Street, Suite 2200,
4                             Chicago, Illinois  60654

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE CLERK:  2020 CV 4156, Johnson versus Guevara.

2          MS. HAMILTON:  Good morning, Your Honor.  Danielle

3     Hamilton on behalf of the plaintiff.

4          MR. ENGQUIST:  Good morning, Your Honor.  Josh

5     Engquist on behalf of defendants Daley, Erickson, Healy, and

6     Halvorsen.

7          MS. McGRATH:  Good morning, Your Honor.  Megan McGrath

8     on behalf of defendant Guevara.

9          THE COURT:  All right.  Good morning.

10         MS. ROSEN:  Good morning, Your Honor.  Eileen Rosen on

11    behalf of defendant City of Chicago.

12         THE COURT:  All right.  Good morning.

13         All right.  So we've got defendants' motion to limit

14    the 404(b) witness discovery, and I've got plaintiff's

15    response.  I'm not sure why it is that the plaintiff believes

16    it would be appropriate to list 250, 250 404(b) witnesses.

17    There's no way on God's green earth that I would ever allow

18    anybody to put on 250 404(b) witnesses at trial.

19         MS. HAMILTON:  Your Honor, this is Danielle Hamilton

20    on behalf of the plaintiff.  We don't intend to call 250

21    witnesses at trial, but we're in the discovery phase of the

22    case.  So we are happy to limit that list pursuant to court

23    order, but it's generally our legal position that at this point

24    in discovery the scope of discovery is that we can develop

25    evidence about the possible 404(b)witnesses, and there just

1    happens to be that many witnesses that could have relevant

2    404(b) testimony given defendant Guevara's history of

3    misconduct.

4            THE COURT:  Right.

5            MS. HAMILTON:  So we shouldn't be limited just because

6    there's so much of it.

7            THE COURT:  Well, except that, you know, what makes

8    sense is this.  Sure, you could list 250 witnesses, but when it

9    comes to conducting discovery defendants do have a right to

10   know which of these 250 you would be relying upon at trial

11   because nobody can or should be deposing 250 witnesses.  It

12   would take forever on the 404(b) issues, right?  So if you're

13   going to say here's the five or ten that you intend to rely

14   upon at trial, then they would go ahead and depose those people

15   in order to be prepared for trial.  I mean, that's the whole

16   point of discovery.

17           MS. HAMILTON:  Sure, we understand that that's the

18   Court's position.  As I said, it's just our legal position if

19   we are going to limit our list that we should do so by court

20   order and not voluntarily.  So if the Court is inclined to

21   limit the list, then, you know, we'll abide by that order and

22   ask that the Court limit it in the same way Judge Harjani did

23   in the Prince case where there were ten live witnesses but we

24   may substitute those live witnesses if during the course of

25   discovery those witnesses are unavailable for whatever reason,

1  whether they've died or are unavailable and cannot be deposed.

2  THE COURT:  Well, I would say I don't think frankly

3  that you needed a court order and that we needed to spend this

4  time doing this because you could certainly have said:  Here

5  they all are.  Here are the ones, though, that we believe that

6  we're going to rely on at trial.  Go ahead and depose these

7  people.  Then if something happens, we'll keep you posted, and

8  if we need to substitute, we'll do it.

9  That's how litigation should work.  So it will be ten

10  listed, and there should not be any last-minute substitutions.

11  So if something happens with any of the ten, you know, then you

12  can go with nine or eight.  Again, it's 404(b) evidence.  It's

13  not something that is necessarily integral to the evidence.  So

14  pick your best ten and go with those.

15  MS. HAMILTON:  And just to clarify, Your Honor, on the

16  last-minute substitutions, you're not allowing that, you know,

17  which plaintiff understands.  I just want to know in order to

18  be able to comply with that, should we put or can we put a date

19  by which we need to substitute, such as, you know, a month

20  before the end of fact discovery --

21  THE COURT:  Yes.

22  MS. HAMILTON:  -- just so that we're clear about what

23  "last-minute" means?

24  THE COURT:  Yes.

25  MR. ENGQUIST:  Your Honor, just to be clear --

1    THE REPORTER:  I apologize.  Who is this?

2    MR. ENGQUIST:  I'm sorry.  This is Josh Engquist.

3    Your Honor, I know Judge Harjani, who faces a similar

4    issue in the Reyes and Solache cases, gave plaintiff 30 days to

5    amend their ten-witness list for 404(b) witnesses if they find

6    out one of those ten was unavailable.  So he gave them 30 days

7    to basically research it and come up with a final list.

8    THE COURT:  Well, remind me when I have -- so we've

9    got fact discovery closing on July 30th.

10   MS. HAMILTON:  Yes, Your Honor.

11   THE COURT:  So by May 30th -- well, you should give

12   defense the list of witnesses by April 16th and any

13   substitutions by May 31st.

14   MS. HAMILTON:  Yes, Your Honor.

15   THE COURT:  All right.  Then it looks like I'll see

16   you June 2nd for a ruling on the bifurcation motion.

17   MS. ROSEN:  Judge, can I just raise this?  This is

18   Eileen Rosen on behalf of the defendant City of Chicago.  Can I

19   just raise with you an issue that recently came up on the

20   bifurcation motion?

21   THE COURT:  Sure.

22   MS. ROSEN:  Plaintiff's counsel sent a letter in the

23   last couple of days requesting that we move forward with Monell

24   discovery since the Court will not be ruling on bifurcation

25   until June, and the city obviously would object to moving

1   forward with Monell discovery until there's a ruling on

2   bifurcation. So I don't know if you want to deal with that now

3   or if you want us to file a motion or to discuss it.

4           THE COURT: Oh, please don't. I will deal with it

5   now. You're not to do any Monell discovery until I rule on the

6   bifurcation motion. If I grant the bifurcation motion, that

7   takes care of it. If I deny the bifurcation motion, you know,

8   then we'll extend fact discovery in order to deal with the

9   Monell discovery and we'll see how long that takes. But it

10   defeats the whole purpose of a bifurcation motion to start

11   Monell discovery if I haven't ruled on it yet.

12           MS. ROSEN: Thanks, Judge.

13           THE COURT: You're welcome.

14           All right. Anything else?

15           MR. ENGQUIST: I don't believe so, Your Honor.

16           MS. HAMILTON: And nothing from the plaintiff, Your

17   Honor.

18           THE COURT: All right. We'll see everybody then June

19   2nd.

20           MS. ROSEN: Thanks, Judge.

21           MR. ENGQUIST: Thanks, Judge.

22           MS. McGRATH: Thank you, Your Honor.

23           MS. HAMILTON: Thank you, Your Honor.

24      (Proceedings concluded.)

25

1      C E R T I F I C A T E

2           I, Patrick J. Mullen, do hereby certify that the

3    foregoing is a complete, true, and accurate transcript of the

4    proceedings had in the above-entitled case before the Honorable

5    SARA L. ELLIS, one of the judges of said Court, at Chicago,

6    Illinois, on April 6, 2021.

7

8                          */s/ Patrick J. Mullen*
                           Official Court Reporter
9                          United States District Court
                           Northern District of Illinois
10                         Eastern Division

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Rios v. Guevara, et al.,
22-cv-3973

# Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Anthony Jakes,

      Plaintiff,

v.

Kenneth Boudreau et al,

      Defendants.

Case No. 19 C 2204
Magistrate Judge: Beth W. Jantz

## ORDER

Motion hearing held on 01/29/2021. The Court thanks the parties for their helpful and well-prepared arguments. For the reasons stated on the record and as set out in greater detail below: Defendant Officers' unopposed amended motion for leave to depose incarcerated witness [136] is granted and Defendants Officers' original motion [135] is stricken as moot; Plaintiff's motion to compel discovery responses from Individual Defendant Officers [125] is denied; Plaintiff's motion to compel discovery responses from Defendant City of Chicago [126] is granted in part, denied in part, and reserved in part; Plaintiff is limited to 10 Rule 404(b) witnesses on his "will call" list, and Defendants may depose all 10 of those witnesses in this case; and the fact discovery deadline is extended to 10/08/2021 with periodic JSRs required from the parties. The parties are directed to the detailed statement below for a full list of new due dates.

## STATEMENT

Defendant Officers' amended motion for leave to depose incarcerated witness [135] is granted as unopposed. As outlined in Plaintiff's response to the motion [139] and the attached exhibits, the parties have met and conferred and are at an impasse as to how the time for the deposition of Mr. Augustus Robertson (Inmate #K77587), an inmate currently incarcerated in the IDOC, should be allocated. Given that Defendant Officers and Plaintiff have both explained that they believe Mr. Robertson is an important witness and Plaintiff has articulated why he thinks there may not be significant overlap in the parties' questioning, the Court finds extending the time for Mr. Robertson's deposition is appropriate and, pursuant to Federal Rule of Civil Procedure 30(d)(1), orders that Mr. Robertson may be deposed for 1 day of 8.5 hours, with 5 hours allocated to Defendants and 3.5 hours allocated to Plaintiff. Mr. Robertson's place of incarceration is instructed to make the appropriate arrangements to accommodate a video deposition of this length.

As to the Rule 404(b) witness issues identified in the parties' 01/14/2021 joint status report [133], for the reasons stated on the record, the Court finds that proportionality concerns under Federal Rule of Civil Procedure 26(b)(1) warrant limiting Plaintiff to 10 Rule 404(b) witnesses that Plaintiff intends to call at trial. If some of those witnesses are unavailable, meaning that they cannot be located or served or they invoke their Fifth Amendment privilege and refuse to answer

questions (not merely decline to participate), Plaintiff may substitute other Rule 404(b) witnesses for the unavailable witnesses. Accordingly, Plaintiff is directed to narrow his Rule 404(b) witness list from 12 to 10 witnesses by 02/05/2021; the Court will set a deadline by which Plaintiff must complete any witness substitutions at a later time. Further, the Court declines to impose a limit on Defendants' ability to depose the listed Rule 404(b) witnesses in this case based on Defendants' counsel having recently deposed any of those witnesses in other cases.

In advance of its rulings on Plaintiff's motions to compel, the Court reviewed all of the written submissions, including Plaintiff's motions to compel [125] [126], Defendants' responses to those motions [131] [132], and the exhibits attached to those filings. For the reasons stated on the record, Plaintiff's motion to compel discovery responses from Defendant Officers is denied [125] because the Court finds that, based on Federal Rule of Civil Procedure 26(b), Interrogatories 3, 9, and 11 as written are overly broad and unduly burdensome.

For all of the reasons explained in greater detail on the record, Plaintiff's motion to compel discovery responses from Defendant City of Chicago is granted in part [126], denied in part, and reserved in part. Specifically as to each issue: the Court denies as moot Plaintiff's motion with respect to Request 17 from the second production request, but the City is to complete production of the CR and personnel files by 02/12/2021, and, once they have been obtained, provide the additional Records Disposal Certificates to Plaintiff. Once these steps have been completed, the City must document to Plaintiff the steps it took to search for payroll records, overtime requests, and timesheets, and Plaintiff may raise any deficiencies in his view at that point.

Next, as to Request 19 from the second production request, the Court finds photographs of Defendant Officers taken close in time to the Garcia murder investigation to be relevant and grants Plaintiff's motion in this regard. The Court, however, concludes that some further procedure for production and identification of the photographs should be in place. The parties are ordered to meet and confer regarding the mechanics of and timeline for a production and identification procedure by 02/12/2021.

The Court denies as moot Plaintiff's motion with respect to Request 22 from the second production request. The request for communications relating to the Garcia murder investigation certainly calls for a substantial swath of relevant documents, but the request as written is too broad. The parties are ordered to further meet and confer to narrow the scope of the request, both temporally and with respect to certain people, and to possibly identify categories of documents to be searched, by 02/12/2021.

As to Plaintiff's third request for production, which asks for the homicide investigative files of 34 people listed in Plaintiff's complaint, the Court orders the parties to meet and confer by 02/12/2021 regarding whether Plaintiff has the RD numbers for the 12 homicide investigative files that the City has agreed to produce; following that, the City is ordered to produce those 12 files by 03/05/2021. The Court reserves ruling on the remaining 22 files, and the parties are to submit supplemental responses, not to exceed five pages, specifically identifying any non-*Monell* cases or cases in which *Monell* discovery was bifurcated, in which the issue of the production of investigative files has been raised and decided, by 02/05/2021.

Lastly, the Court finds good cause to extend the fact discovery deadline to 10/08/2021. The Court views the deadline as firm, so the parties will be expected to file joint status reports about

every other month (specific dates will be set as appropriate) with updates regarding discovery, including completed and proposed deposition dates. The parties' first joint status report is due by 03/08/2021, and should include (1) updates regarding the items about which the parties were ordered to meet and confer, and (2) a full list of all fact witnesses the parties expect to depose. Should the parties later wish to add a fact witness to that list, they must seek leave of court to do so.

Date: 02/01/2021

Beth W. Jantz, U.S. Magistrate Judge