IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS, ) | |
| ) | Case No. 22 CV 3973 |
| Plaintiff, ) | |
| ) | Judge Jeremy C. Daniel |
| vs. ) | |
| ) | |
| REYNALDO GUEVARA, MICHAEL MASON, ) | |
| JOANN HALVORSEN, As Special Representative ) | |
| ERNEST HALVORSEN, Deceased, and ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant City of Chicago (the "City") hereby joins the Individual Defendants' motion for summary judgment and moves the Court for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56 in relation to the indemnification claim brought against it. In support of its motion, the City states the following:

1. This lawsuit arises from Plaintiff Jaime Rios' arrest, prosecution, and conviction for the murder of Luis Morales in June 1989. Plaintiff's Second Amended Complaint brings claims against police officers Reynaldo Guevara, Michael Mason, Joann Halvorsen, Special Representative for Ernest Halvorsen[1] (the "Individual Defendants") and the City. (Dkt. 61).

2. Plaintiff's Second Amended Complaint includes the following counts: coerced confession claim pursuant to the 5th and 14th Amendments against Defendants Guevara, Mason,

---

[1] Ernest Halvorsen died on January 26, 2020, before this lawsuit was filed. On October 7, 2022, his widow, Joann Halvorsen, was appointed Special Representative for Ernest Halvorsen, deceased, and joined as a party defendant. Dkt. 25. Because it is Ernest Halvorsen's actions at issue, for clarity herein, the City will refer to the defendant as Ernest Halvorsen ("Halvorsen") unless otherwise specified.

and Halvorsen (Count I), fabrication claim against Defendant Guevara (Count II), concealing facts and fabricating reports pursuant to the 14th Amendment against Defendant Guevara, Mason, and Halvorsen (Counts III-VII), coercive and suggestive identification procedures claim to induce eyewitness Huertas to identify Rios pursuant to the 14th Amendment against Defendants Guevara, Mason, and Halvorsen (Count VIII), fabrication and concealment of evidence claim related to Huertas' identification of Rios pursuant to the 14th Amendment against Defendant Guevara (Count IX), fabrication claim for coercing Carrero to make statements implicating Rios pursuant to the 14th Amendment against Defendant Guevara (Count X), concealing evidence claim pursuant to the 14th Amendment against Defendant Guevara (Counts XI-XII), state law malicious prosecution claim against Defendants Guevara, Mason, and Halvorsen (Counts XIII-XV), and an indemnification claim against the Defendant City (Count XVI).

3. The only claim against the City – indemnification (Count XVI) is a vicarious theory of recovery against the City.

4. With respect to Count XVI, indemnification, the City is entitled to judgment as a matter of law to the extent the Individual Defendants prevail on their summary judgment motion. The City cannot be held vicariously liable if its Officers themselves are not liable. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."); 745 ILCS 10/9-102 (a public entity must pay a judgment or settlement for compensatory damages only if the employee himself is liable).

5. Individual Defendants Mason and Halvorsen moved for summary judgment as to Plaintiff's claims for concealment/fabrication of evidence (Counts III-VII),[2] coercive and unduly suggestive identification procedures (Count VIII), malicious prosecution (Counts XIV – XV), and

---

[2] Individual Defendants Mason and Halvorsen did not move for summary judgment on Plaintiff's claims for coerced confession pursuant to the 5th and 14th Amendments (Count I).

the conspiracy claims embedded within Plaintiff's federal and state law claims. To the extent that the Individual Defendants Mason and Halvorsen prevail on their motion, it would extinguish any underlying liability and, with it, any potential for the City to be liable for indemnification.

6. Likewise, Individual Defendant Guevara moved for summary judgment as to Plaintiff's claims for coerced confession pursuant to the 14th Amendment (Count I)[3], fabrication of evidence (Count II), concealment/fabrication of evidence (Counts III-VII), use of unduly suggestive identification (Counts VIII-IX), fabrication of evidence (Count X), concealing *Brady* material (Counts XI – XII), malicious prosecution (Count XIII), and conspiracy claims embedded within Plaintiff's federal and state law claims. To the extent that Individual Defendant Guevara prevails on his motion, it would extinguish any underlying liability and, with it, any potential for the City to be liable for indemnification.

7. The City therefore joins and adopts the motions for summary judgment and accompanying Local Rule 56.1 Statement of Material Facts filed by the Individual Defendants Mason, Halvorsen, and Guevara. To the extent the Individual Defendants are entitled to judgment as a matter of law as to all Counts as outlined above, Plaintiff cannot succeed against the City on his indemnification claim because there is no basis to impose liability against the City on those claims.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant its motion and enter an order: (1) granting summary judgment in its favor as to Count XVI, indemnification, and (2) for any other and further relief this Court deems appropriate.

---

[3] Individual Defendant Guevara does not move for summary judgment on Plaintiff's claim for coerced confession pursuant to the 5th Amendment (Count I).

DATED: August 26, 2024

Respectfully Submitted,

By: */s/ Eileen E. Rosen*
*Special Assistant Corporation Counsel*
*for Defendant City of Chicago*

Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Austin G. Rahe
ROCK FUSCO & CONNELLY, LLC
333 West Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
erosen@rfclaw.com