**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAIME RIOS,                        )

                           )    Case No. 22 CV 3973

         Plaintiff,       )

                           )    Judge Jeremy C. Daniel

     vs.                )

                           )

REYNALDO GUEVARA, MICHAEL MASON,  )

JOANN HALVORSEN, As Special Representative )

ERNEST HALVORSEN, Deceased, and    )

CITY OF CHICAGO,           )

                           )

        Defendants.     )

**DEFENDANTS MASON AND HALVORSEN'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Michael Mason and JoAnn Halvorsen, as Special Representative for Ernest Halvorsen, deceased, by their attorneys, The Sotos Law Firm, P.C., pursuant to FED. R. CIV. P. 56 and Local Rule 56.1, move this Honorable Court for partial summary judgment in their favor on certain claims asserted against them in Plaintiff's Second Amended Complaint. In support thereof, Defendants Mason and Halvorsen state:

1.      On April 28, 2023, Plaintiff filed his Second Amended Complaint ("SAC") against Defendants, former Chicago Police Officers Reynaldo Guevara ("Guevara') and Michael Mason ("Mason"), JoAnn Halvorsen, as Special Representative of Ernest Halvorsen, deceased, ("Halvorsen"), and the City of Chicago, arising from his arrest, trial, and conviction for the murder of Luis Morales that occurred in the City of Chicago on June 27, 1989.

2.      The SAC is brought under 42 U.S.C. §1983 and Illinois law, and is comprised of sixteen counts. Counts I, III-VIII, and XIV-XV are directed against Defendants Mason and Halvorsen. Count I alleges a coerced confession claim under the Fifth and Fourteenth

Amendments. Counts III through VII allege due process claims for concealing certain facts of Plaintiff's interrogation from prosecutors and fabricating reports relating to those facts. Count VIII alleges a due process claim for coercive and suggestive identification procedures to induce eyewitness Luis Huertas to identify Plaintiff. Counts XIV and XV allege supplemental state law malicious prosecution claims against Mason and Halvorsen, respectively.

3. Defendants Mason and Halvorsen are entitled to summary judgment in their favor on Count I to the extent it alleges a Fourteenth Amendment substantive due process claim for a coerced confession because that claim was immediately actionable and is time-barred by the statute of limitations. *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998); *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014).

4. Defendants Mason and Halvorsen are entitled to summary judgment in their favor on Counts III through VII for fabricating and concealing evidence relating to Rios' interrogation. The concealment of evidence claims fail because Plaintiff cannot state a viable *Brady* claim for evidence allegedly concealed from his own interview with Defendants. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1028-29 (7th Cir. 2006); *Harris v. Kuba*, 486 F.3d 1010, 1016-17 (7th Cir. 2007), and cannot recast his fabrication claims in Counts III through VII as *Brady* claims. *See Serrano v. Guevara*, No. 17 CV 2869, 2020 WL 3000284, at *19 (N.D. Ill. June 4, 2020). Plaintiff's fabrication claims in Counts III through VII also fail because the police reports documenting his interview and confession that he claims were fabricated by Defendants Mason and Halvorsen were not introduced into evidence against him at his criminal trial. *Patrick v. City of Chicago*, 974 F.3d 824, 835 (7th Cir. 2020); *Brown v. City of Chicago*, 633 F. Supp. 3d, 1122, 1159-60 (N.D. Ill. 2022).

5.      Defendants Mason and Halvorsen are entitled to summary judgment in their favor on Count VIII for coercive and suggestive identification procedures to induce eyewitness Luis Huertas to identify Plaintiff because they were not personally involved in the alleged inducement of Huertas' identification of Plaintiff, *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), and because an unduly suggestive identification procedure claim is not cognizable under Section 1983. *Ezell v. City of Chicago*, No. 18 C 1049, 2024 WL 278829 at *23 (N.D. Ill. Jan. 24, 2024).

6.      Defendants Mason and Halvorsen are entitled to summary judgment in their favor on the state law claims for malicious prosecution in Counts XIV and XV, respectively, because Plaintiff cannot establish the requisite element of the absence of probable cause. *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 74, 183 N.E.3d 767, 782. Probable cause is "an absolute bar to an action for malicious prosecution." *Burrell v. Sauk Village*, 2017 IL App (1st) 163392, ¶ 16, 96 N.E.3d 375 (2017). Here, Huertas' identification of Plaintiff as the offender provided sufficient probable cause as a matter of law to prosecute Plaintiff. *See, e.g.*, *Moran v. Calumet City*, 54 F.4th 483, 499-500 (7th Cir. 2022); *Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019).

7.      Plaintiff does not set forth a separate count for conspiracy, but rather alleges in both his federal and state claims that the defendants "acted in concert" in each count of the SAC. Defendants Mason and Halvorsen are entitled to summary judgment in their favor on the conspiracy claims embedded within Plaintiff's federal and state law claims for several reasons. First, if Plaintiff's substantive claims do not survive summary judgment, then his derivative conspiracy claims likewise fail. *Celafu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Mauvis-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 19, 987 N.E.2d 864, 894 (2013).

3

Second, Plaintiff has failed to establish the requisite element of an agreement or meeting of the minds. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015); *McClure v. Owens Corning Fiberglas Co.*, 188 Ill.2d 102, 133, 720 N.E.2d 242, 258 (1999). Third, Defendants Mason and Halvorsen are shielded from federal conspiracy liability under the intracorporate-conspiracy doctrine, *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). Fourth, Defendants Mason and Halvorsen are also entitled to qualified immunity because the law was not clearly established as to the extension of the intracorporate-conspiracy doctrine to Section 1983 claims. *Haliw v. City of South Elgin*, 2020 WL 1304697, *4 (N.D. Ill. March 3, 2020).

8.      Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

9.      For the reasons set forth in Defendants Mason and Halvorsen's Memorandum of Law in Support of Their Motion for Partial Summary Judgment and their Local Rule 56.1 Statement of Uncontested Facts filed simultaneously herewith, this Court should grant their motion for partial summary judgment, and such other relief as the Court deems appropriate.

Date: August 26, 2024                    Respectfully submitted,

                                         /s/ Joseph M. Polick
                                         JOSEPH M. POLICK, Attorney No. 6203682
                                         Special Assistant Corporation Counsel
                                         *One of the Attorneys for Defendants Mason and Halvorsen*


                                         James G. Sotos
                                         Caroline P. Golden
                                         Joseph M. Polick
                                         Josh M. Engquist

4

Elizabeth R. Fleming
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd. – Suite 1240A
Chicago, IL  60604
(630) 735-3000
(630) 773-0980 (fax)
jpolick@jsotoslaw.com

**<u>CERTIFICATE OF SERVICE</u>**

       I certify that on August 26, 2024, I electronically filed the foregoing **Defendants Mason and Halvorsen's Motion for Partial Summary Judgment,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

<table>
<tr><td valign="top">

***<u>Attorneys for Plaintiff:</u>***
Stephen L. Richards
Joshua Richards
53 West Jackson Suite 756
Chicago, IL 60604
Tel:(773)817-6927
sricha@5461@aol.com
jsrichardscriminallaw@outlook.com

 

**<u>Attorneys for City of Chicago</u>**
Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
333 West Wacker Drive
Chicago, IL 60606
(312)970-3474
ersoen@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

</td><td valign="top">

**<u>Attorneys for Reynaldo Guevara</u>**
Timothy Scahill
Steven B. Borkan
Whitney Hutchinson
Emily Schnidt
Grahm Miller
Christiane Murray
Molly Boekeloo
Amanda Guertler
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 S. Clark Street, Suite 17
Chicago, IL 60603
(312)580-1030
tscahill@borkanscahill.com
sborkan@borkanscahill.com
whutchinson@borkanscahill.com
eschnidt@borkanscahill.com
gmiller@borkanscahill.com
cmurray@borkanscahill.com
mboekeloo@borkanscahill.com
aguertler@borkanscahill.com
kgonzalez@borkanscahill.com

/s/<u>Joseph M. Polick</u>
JOSEPH M. POLICK
*One of the Attorneys for Defendants Mason and Halvorsen*

</td></tr>
</table>