# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JAIME RIOS


       Plaintiff,


           vs.                   Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO



       Defendants.           JURY TRIAL DEMANDED


Defendants.

# PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury  Instruction No. 1

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.01

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Proposed Jury  Instruction No. 2

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.02

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, some of defendants are former police officers. One of the defendants is a municipal corporation.  All parties are equal before the law. All parties are  entitled to the same fair consideration.

Plaintiff's Proposed Jury  Instruction No. 3

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.03, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Jury  Instruction No. 4

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.04, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a depositions and video, You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiff's Proposed Jury  Instruction No. 5

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.05, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Jury  Instruction No. 6

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.06, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**NOTE-TAKING**


Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.


Plaintiff's Proposed Jury  Instruction No. 7

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.07, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced

Plaintiff's Proposed Jury  Instruction No. 8

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.08, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Jury  Instruction No. 9

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.09, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Jury  Instruction No. 10

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.11, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## FIFTH AMENDMENT – ADVERSE INFERENCE

When asked questions while testifying in this case and during his prior depositions under oath, Defendant Reynaldo Guevara asserted his Fifth Amendment right not to incriminate himself and to instead remain silent.

You may draw an inference against Defendant Reynaldo Guevara as a result of his decision to invoke his Fifth Amendment right instead of testifying, and you may assume that any response that he might have given to the questions asked of him would have been unfavorable to him and would have incriminated him.

Plaintiff's Proposed Jury Instruction No. 11

Source: *Baxter v. Palmigiano*, 425 U.S. 308 (1975*); Nat'l Acceptance Co. of Am. v. Bathalter,* 705 F.2d 924, 929 (7th Cir. 2001); *Evans v. City of Chicago*, 513 F.3d 735, 741 (7th Cir. 2008):

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Proposed Jury Instruction No. 12

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.11, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Jury  Instruction No. 13

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.13, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Jury Instruction No. 14

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.14, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that       has been convicted of a crime. You may consider this evidence only in deciding whether      testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Plaintiff's Proposed Jury Instruction No. 15

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.15, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Proposed Jury Instruction No. 16

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.16, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Jury Instruction No. 17

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.17, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Jury Instruction No. 18

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.18, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Jury Instruction No. 19

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.), No. 1.21, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**SUMMARIES**

The parties agree that the summary of the trial record  accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.


Plaintiff's Proposed Jury  Instruction No. 20

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.23, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## DEMONSTRATIVE EXHIBITS

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Jury Instruction No. 21

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.24, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CERTIFICATE OF INNOCENCE**

You have heard evidence that Plaintiff was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case. The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law. These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

Plaintiff's Proposed Jury Instruction No. 22

Source: *Harris v. City of Chi.*, No. 14 C 4391, at *8 (N.D. Ill. May 11, 2018)

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**MULTIPLE CLAIMS; MULTIPLE DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Plaintiff's Proposed Jury Instruction No. 24

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 27, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Jury  Instruction No. 25

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 27, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.


Plaintiff's Proposed Jury  Instruction No. 26

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 32, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's Proposed Jury  Instruction No. 27

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 33, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## CLAIM ONE: COERCED CONFESSION

Plaintiff claims that Defendants   Reynaldo Guevara, Michael Mason, and Erenest Halvorsen violated his constitutional right to due process by coercing him to confess to the charged crime.  To succeed on this claim, Plaintiff must prove each of the following two  things by a preponderance of evidence:

1. One or more of the Defendants coerced Plaintiff to make self-incriminating statements; and

2. The self-incriminating statement was used against Plaintiff in the criminal trial.

   A statement is coerced if it is the result of physical or psychological abuse or the threat of physical or psychological violence.

   If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

   If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Instruction No. 28

Source: *Payne v. Arkansas*, 356 U.S. 560 (1958); *Arizona v. Fulminante*, 499 U.S. 279 (1991); *Wrice v. Byrne*, 488 F. Supp. 3d 646, 654 (N.D. Ill. 2020)

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CLAIM TWO: FAIR TRIAL: FABRICATION OF EVIDENCE (CONFIDENTIAL INFORMANTS)**

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by fabricating evidence that was used against Plaintiff in the criminal case, to wit: evidence that confidential informants had implicated Plaintiff and Cristino Garcia in the murder of Luis Morales. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1.      Defendant Reynaldo Guevara knowingly fabricated evidence that was introduced against Plaintiff at his criminal trial and in his criminal case.

2.      The evidence was material.

3.      Plaintiff was damaged as a result.

Evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had not been fabricated. It is sufficient if the fabrication of the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 29

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CLAIM THREE: FAIR TRIAL: FABRICATION OF EVIDENCE (BENJAMIN CARRERO)**

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by fabricating evidence that was used against Plaintiff in the criminal case, to wit: evidence that Plaintiff gave a gun to Benjamin Carrero and made a statement implicating himself in a murder. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant Reynaldo Guevara knowingly fabricated evidence that was introduced against Plaintiff at his criminal trial and in his criminal case.

2. The evidence was material.

3. Plaintiff was damaged as a result.

Evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had not been fabricated. It is sufficient if the fabrication of the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 30

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CLAIM FOUR: FAIR TRIAL: UNDULY SUGGESTIVE IDENTIFICATION PROCEDURE**

Plaintiff claims that Defendant Reynaldo Guevara violated his constitutional right to a fair trial by using an unduly suggestive identification procedure that tainted his criminal trial.

Plaintiff may succeed on this claim by proving each of the following three things by a preponderance of the evidence:

1. Reynaldo Guevara used an unduly suggestive identification procedure;

2. the resulting identification was not reliable; and

3. the flaws in the identification procedure made the criminal trial unfair.

"Unduly suggestive" means both (1) that the technique used was suggestive and (2) that such suggestiveness was unnecessary. In other words, the situation was one in which the circumstances did not justify law enforcement's suggestive behavior.

Both suggestiveness and reliability should be evaluated by looking at the totality of the circumstances.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 31

*Manson v. Brathwaite*, 432 U.S. 98, 117 (1977); *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006).

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CLAIM FIVE: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE  (COERCION OF LUIS HUERTAS'S  IDENTIFICATION)**

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence, to wit: evidence that Guevera coerced Luis Huertas to identify Jaime Rios and that Guevara showed Huertas a picture of Jaime Rios. To succeed on this claim, Plaintiff must prove each of the following (number of elements) things by a preponderance of the evidence:

1.      Defendant Guevara knowingly concealed from the prosecutor exculpatory and/or impeachment evidence, and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2.      The evidence was material.

3.      Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory or impeachment evidence is "material" if there is a reasonable probability  that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had been disclosed. It is sufficient if the failure to disclose the evidence undermines confidence in the verdict

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 32

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## CLAIM SIX: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE (CRISTINO GARCIA ALIBI)

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by failing to disclose exculpatory evidence, to wit: evidence of Cristino Garcia's alibi, that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant knowingly concealed exculpatory evidence, and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

Exculpatory evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had been disclosed. It is sufficient if the failure to disclose the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 33

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**CLAIM SEVEN: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE (PHYSICAL ASSAULT OF CRISTINO GARCIA)**

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence, to wit: evidence that Reynaldo Guevara physically assaulted Cristino Garcia and attempted to get Cristino Garcia to falsely implicate Plaintiff, that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant knowingly concealed exculpatory evidence and/or impeachment evidence and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had been disclosed. It is sufficient if the failure to disclose the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 34

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

### CLAIM EIGHT: MALICIOUS PROSECUTION

Plaintiff claims that Defendant Reynaldo Guevara maliciously prosecuted him. To succeed on this claim, Plaintiff must prove each of the following five things by a preponderance of the evidence:

1. Defendant Guevara commenced or continued the criminal proceeding against Plaintiff;
2. Defendant did not have probable cause to commence or continue the criminal proceeding;
3. Defendant acted with malice;
4. The criminal proceeding against Plaintiff terminated in Plaintiff's favor;
5. The criminal proceeding resulted in damages.

Probable cause means a state of facts that would lead a person of ordinary care and prudence to believe or entertain an honest and sound suspicion that the accused committed the offense charged.

Malice means that the defendant commenced or continued the prosecution for any motive other than that of bringing a guilty party to justice.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Instruction No. 35

*Williams v. City of Chi.*, 733 F.3d 749, 759 (7th Cir. 2013)

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the defendants' violations of his constitutional rights.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a.     The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The wages, salary, profits, earning capacity that Plaintiff has lost and the present value of the wages, salary, profits, earning capacity that Plaintiff is reasonably certain to lose in the future.

 When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.


Plaintiff's Proposed Jury Instruction No. 36

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.26, modified


\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_\_\_ Objected to

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiff's Proposed Jury Instruction No. 37

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.28, modified

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAIME RIOS


     Plaintiff,


        vs.               Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO



     Defendants.


## VERDICT FORM

### CLAIM ONE: COERCED CONFESSION

*As to Reynaldo Guevara*

   1. Do you find for the plaintiff or the defendant? Check one:

      _____ Plaintiff      _____ Defendant

   2. If you find for the Plaintiff, what amount of compensatory damages do you award?

      $_____

*As to Michael Mason*

   1. Do you find for the plaintiff or the defendant? Check one:

      _____ Plaintiff      _____ Defendant

   2. If you find for the Plaintiff, what amount of compensatory damages do you award?

      $_____

*As to Ernest Halvorsen*

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff          _____ Defendant

2. If you find for the Plaintiff, what amount of compensatory damages do you award?

   $_____

## CLAIM TWO: FAIR TRIAL: FABRICATION OF EVIDENCE (CONFIDENTIAL INFORMANTS)

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff          _____ Defendant

2. If you find for the Plaintiff, what amount of compensatory damages do you award?

   $_____

## CLAIM THREE: FAIR TRIAL: FABRICATION OF EVIDENCE (BENJAMIN CARRERO)

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff          _____ Defendant

2. If you find for the Plaintiff, what amount of compensatory damages do you award?

   $_____

## CLAIM FOUR: FAIR TRIAL: UNDULY SUGGESTIVE IDENTIFICATION PROCEDURE

1. Do you find for the plaintiff or the defendant? Check one:

_____ Plaintiff          _____ Defendant

2.  If you find for the Plaintiff, what amount of compensatory damages do you award?

$_____


**CLAIM FIVE: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE  (COERCION OF LUIS HUERTAS'S  IDENTIFICATION)**

1.  Do you find for the plaintiff or the defendant? Check one:

_____ Plaintiff          _____ Defendant

2.  If you find for the Plaintiff, what amount of compensatory damages do you award?

$_____


**CLAIM SIX: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE  (CRISTINO GARCIA ALIBI)**

1.  Do you find for the plaintiff or the defendant? Check one:

_____ Plaintiff          _____ Defendant

2.  If you find for the Plaintiff, what amount of compensatory damages do you award?

$_____


**CLAIM SEVEN: FAIR TRIAL:  FAILURE TO DISCLOSE EXCULPATORY EVIDENCE  (PHYSICAL ASSAULT OF CRISTINO GARCIA)**

1.  Do you find for the plaintiff or the defendant? Check one:

_____ Plaintiff          _____ Defendant

2.  If you find for the Plaintiff, what amount of compensatory damages do you award?

$_____

**CLAIM EIGHT: MALICIOUS PROSECUTION**

1. Do you find for the plaintiff or the defendant? Check one:

_____ Plaintiff          _____ Defendant

2. If you find for the Plaintiff, what amount of compensatory damages do you award?

$_____

**PUNITIVE DAMAGES**

*Reynaldo Guevara*

1. Do you award punitive damages to plaintiff based upon Reynaldo Guevara's conduct?

_____ Yes    _____ No

2. If your answer is yes, what amount of punitive damages do you award?

$_____

*Michael Mason*

1. Do you award punitive damages to plaintiff based upon Michael Mason's conduct?

_____ Yes    _____ No

2. If your answer is yes, what amount of punitive damages do you award?

$_____

*Ernest Halvorsen*

1. Do you award punitive damages to plaintiff based upon Erenst Halvorsen's conduct?

_____ Yes    _____ No

2. If your answer is yes, what amount of punitive damages do you award?

$_____

## <u>CERTIFICATE OF SERVICE</u>

<u>S</u>tephen L. Richards certifies that on September 7, 2025,  he served  **JOINT MOTION FOR A PROTECTIVE ORDER TO ALLOW THE DEPOSITION OF DANIEL RODRIGUEZ TO OCCUR, IF NECESSARY IN HIS OWN CASE AND BEYOND THE CLOSE OF FACT DISCOVERY IN THIS CASE, IF NECESSARY,  AND FOR OTHER RELIEF** by email to counsel for all defendants.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946
