IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIME RIOS

    Plaintiff,

vs.                            Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO

    Defendants.                         JURY TRIAL DEMANDED

    Defendants.

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE PROSECUTION FROM INTRODUCING JAIME RIOS'S PRIOR CONVICTIONS FOR IMPEACHMENT <u>UNDER FEDERAL RULE OF EVIDENCE RULE 609</u>**

Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following motion in limine to preclude the prosecution from introducing Jaime Rios's two prior felony convictions for impeachment under Federal Rule of Evidence 609. In support thereof, Jaime Rios states as follows:

**PRIOR CONVICTIONS**

Jaime Rios is certain to testify on his own behalf in this lawsuit. Based on defendants' disclosures and deposition questions, Jaime Rios believes that defendants will seek to impeach him with two prior felony convictions: (1) his 1990 felony conviction for aggravated assault in

1

the Circuit Court of Cook County, 89 CR 1405601 and (2) his 1995 conviction for unlawful possession of unlawful possession of contraband in a penal institution in the Circuit Court of Livingston County, case No. 95 CF 127. Jaime Rios was released from confinement for the 1990 conviction in 1990, having received time considered served, and was released for confinement on the 95 CF 127 case in July of 2008.

## ARGUMENT

Under Federal Rule of Evidence 609, Jaime Rios's prior convictions should be excluded and defendants should not be allowed to use them for impeachment.

Federal Rule of Evidence 609 provides:

"(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

Since more than 10 years have passed since Jaime Rios's release from confinement on these cases, these convictions cannot be admitted for impeachment unless the "probative value, supported by specific facts and circumstances, substantially outweighs" their "prejudicial effect." In this case, the probative value of these convictions does not substantially outweigh their prejudicial effect and the convictions should be excluded.

The Seventh Circuit provides the following balancing test for comparing the prejudicial effect of a prior conviction under Rule 609: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and, (5) the centrality of the credibility issue. *U.S. v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Even if the convictions were less than ten years old, application of the *Montgomery* test would almost certainly preclude their admission.

First, the impeachment value of the prior crimes is low. The Seventh Circuit has found that crimes that involve dishonesty or fraud, have a higher impeachment value than other crimes. *Montgomery*, 390 F.3d at 1015 (finding the defendant's prior convictions, which did not speak to his truthfulness, did not have a high impeachment value and favored exclusion); *U.S. v. Nurudin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (finding a prior conviction did not involve dishonesty or fraud, so the first factor weighed in favor of exclusion); *U.S. v. Causey*, 9 F.3d 1341, 1344 (7th Cir. 1993) (stating crimes that do not involve dishonesty have a low

3

impeachment value and favor exclusion).

Neither of Jaime Rios's extant convictions, aggravated assault and unlawful possession of contraband in a penal institution, are crimes involving dishonesty or fraud. The first factor weighs heavily against exclusion.

The point in time of the conviction and Jaime Rios's subsequent history also weigh heavily against admission. The 1990 conviction is 35 years old. The 1995 conviction is 30 years old. Since his release from prison, Jaime Rios has no other convictions, or even arrests. He has led a peaceful, law-abiding life for 27 years.

With respect to the 1990 conviction, the similarity between the past crime and the conduct alleged as part of this lawsuit also weighs against admission. Aggravated assault, a crime of violence, is similar to the murder charge, for which Jaime Rios was exonerated. It would therefore be extremely prejudicial as it would suggest to the jury that Jaime Rios has a propensity for violence and is really guilty. And while he need not prove his innocence as part of this lawsuit, the jury's perception of his possible guilt will inevitably play a role in their deliberations.

Only the last two factors weigh in favor of admission. But particularly under the ten year rule, it would be impossible to show that their probative value *substantially* outweighs their prejudicial effect.

Even with respect to convictions within the ten year rule, district courts in this district have often excluded felony convictions of plaintiffs. See, e.g. *Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *2 (N.D. Ill. July 22, 2005)(excluding plaintiff's armed robbery conviction); *Earl v. Denny's, Inc.*, No. 01 C 5182, 2002 WL 31819021, at *3 (N.D. Ill. Dec. 13, 2002))(excluding plaintiff's aggravated criminal sexual assault conviction).

Therefore, this court should exclude evidence of Jaime Rios's prior criminal convictions for use as impeachment.

Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

By: Stephen L. Richards Attorney for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No: 6191946

5

**CERTIFICATE OF SERVICE**

Stephen L. Richards certifies that on September 24, 2025 he served **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE THE PROSECUTION FROM INTRODUCING JAIME RIOS'S PRIOR CONVICTIONS FOR IMPEACHMENT UNDER FEDERAL RULE OF EVIDENCE RULE 609**

through the ECF filing system.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946