IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS, ) | |
| ) | Case No. 22 CV 3973 |
| **Plaintiff,** ) | |
| ) | Judge Jeremy Daniel |
| vs. ) | |
| ) | |
| REYNALDO GUEVARA, MICHAEL MASON, ) | |
| ERNEST HALVORSEN, CITY OF CHICAGO, ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUCCESSIVE SUMMARY JUDGMENT AND MOTION FOR RECONSIDERATION

NOW COMES Defendants REYNALDO GUEVARA, and CITY OF CHICAGO, by and through their undersigned counsels, and moving this Court for leave to file a successive summary judgment under Fed. R. Civ. P. 56 and partial reconsideration of denial of summary judgment. In support thereof, Defendants state as follows:

1. Defendants Guevara and City of Chicago seek leave to file a motion for successive summary judgment and motion for reconsideration of this Court's prior summary judgment ruling based on an intervening change in the law (specifically, *Blackmon v. Jones*, 132 F.4th 522 (7th Cir. Mar. 20, 2025)). which now mandates that summary judgment be granted on certain claims which this Court previously denied.

2. On December 16, 2024, this Court ruled on the parties' Motions for Summary Judgment. *See* Dckt. No. 215; *see also Rios v. Guevara*, 2024 WL 5119954 (N.D.Ill., 2024). Defendants sought summary judgment, inter alia, on Plaintiff's claims that Defendants used unduly suggestive identification procedures with a witness named Luis Huertas ("Huertas"), specifically: Count VIII of Plaintiff's Complaint which alleged an independent claim for use of an unduly suggestive identification procedures and Count XI which asserted a *Brady*

1

claim premised on the alleged suppression of such allegedly unduly suggestive identification procedures. *See* Dckt. No. 181 at 15-16; Dckt. No. 177 at 12-19. As this Court may recall, Huertas played a central role in this case insofar as he was a direct eyewitness to Plaintiff murdering Luis Morales ("Morales") on June 27, 1989. *See* Dckt. No. 191 at ¶ 67; Dckt. No. 194 at ¶¶ 45, 46, 56. Since the day of the murder until the present day, Huertas has uniformly and adamantly stuck by the veracity of his identification of Plaintiff as Morales' murderer (a fact which Plaintiff has expressly admitted in this case). *Id.*

3. In support of their claims, Defendants argued that the use of unduly suggestive identification tactics cannot form the basis for subsequent monetary damage claims under Section 1983 or, at minimum, that Defendants were entitled to Qualified Immunity on such claims. Dckt. No. 181 at 15-16; Dckt. No. 177 at 12-19 *citing Vega v. Tekoh*, 597 U.S. 134, 150 (2022), *Coleman v. City of Peoria*, 925 F.3d 336, 347 (7th Cir. 2019), *Holloway v. City of Milwaukee*, 43 F.4th 760, 766 (7th Cir. 2022), *Ezell v. City of Chicago*, 2024 WL 278829 (N.D. Ill. 2024).

4. Moreover, Defendants argued, again among other things, that the issue of whether such claims are legally cognizable was, at the time, being considered by the Seventh Circuit in the case *Blackmon v. Jones, et. al.*. Dckt. No. 177 at 12 *citing Blackmon v. Jones, et al.*, 23-3288. This Court acknowledged that this issue was currently on appeal but rejected these arguments because "the Court is bound by precedent allowing plaintiffs to recover for flawed identification techniques which undermine their right to a fair trial." *See Rios v. Guevara*, 2024 WL 5119954, at *12 (N.D. Ill. 2024) *citing Alexander v. City of S. Bend*, 433 F.3d 550, 555 (7th Cir. 2006). This Court also rejected Defendants' claims of Qualified Immunity. *Id.*

5. On March 20, 2025, the Seventh Circuit issued its opinion in *Blackmon v. Jones*, 132 F.4th 522 (7th Cir. 2025).

6. For the reasons set forth in the attached brief, *Blackmon* mandates summary judgment now be entered in Defendant Guevara and City's favor on Counts II, VIII, IX, and XIII of Plaintiff's Complaint. *See* Ex. 1.

7. Motions for reconsideration are properly considered for, among other things, "correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015). A party may also use a motion for reconsideration to alert the court to "a significant change in the law or facts." *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), *aff'd*, 832 F.3d 770 (7th Cir. 2016); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

8. Moreover, Rule 56(a) expressly allows for partial motions for summary judgment on limited issues or discrete parts of a case, and the Rule does not prohibit successive motions. *Collins Engineers, Inc. v. Travelers Property Casualty Company of America*, 2024 WL 4333117, at *8 (N.D. Ill., 2024); Fed. R. Civ. P 56(a). Rule 56 does not preclude the filing of successive motions for summary judgment. *Id.* Such motions may be filed for reasons including "an intervening change in controlling law." *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("[T]he district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist."). Reasons to permit a successive motion may include: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice."); *see also Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *Hollingshead v. Wexford Health Sources, Inc.*, 2025 WL 2054358,

at *1 (C.D. Ill. 2025); *Hollingshead v. Wexford Health Sources, Inc.*, 2025 WL 2054358, at *1 (C.D. Ill. 2025).

9. Moreover, pursuant to this Court's standing order, "[n]o party may file more than one motion for summary judgment during the pendency of the case without prior leave of the Court." *See* https://www.ilnd.uscourts.gov/judge_display.php?LastName=Daniel.

10. Given that the basis for this motion is an intervening change in the law, granting leave would be in the interests of justice. Indeed, allowing claims in this case that are barred by intervening law to proceed to trial would obviously taint any adverse verdict against Defendants.

11. Insofar as trial will proceed as scheduled on certain other claims and given that trial is still nearly four months away, no party will be prejudiced by granting leave.

WHEREFORE Defendants pray this Court grant them leave to file the attached motion and for whatever other relief this Court deems fit.

    Respectfully submitted,

    BORKAN & SCAHILL, LTD.

By:   /s/ Timothy P. Scahill
    *Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312)580-1030
*Attorneys for Reynaldo Guevara*

By: /s/ Eileen E. Rosen
    Special Assistant Corporation Counsel
    for Defendant City of Chicago

Eileen E. Rosen

4

Catherine M. Barber  
Theresa Berousek Carney  
Austin G. Rahe  
ROCK FUSCO & CONNELLY, LLC  
333 West Wacker Dr., 19th Floor  
Chicago, IL 60606  
(312) 494-1000  
erosen@rfclaw.com