**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAIME RIOS

      Plaintiff,

           vs.                        Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO


      Defendants.                  JURY TRIAL DEMANDED


           Defendants.

**RESPONSE TO DEFENDANTS' MOTION TO FILE A SUCCESSIVE MOTON FOR**
**SUMMARY JUDGMENT AND TO RECONSIDER**

      Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following response to the motion to file a successive motion for summary judgement and to reconsider filed on behalf of defendants Reynaldo Guevara and the City of Chicago. In support thereof, Jaime Rios states as follows:

1. Defendant Guevara has moved for leave to file a successive motion for summary judgment and to reconsider this court's denial of their motion for summary judgment with respect to Counts II, VIII, IX, and XIII of the Second Amended Complaint.

2. Jaime Rios acknowledges that with respect to Count VIII of the Second Amended Complaint, it is problematic whether the jury could be instructed on this claim

1

consistent with *Blackmon v. Jones*, 132 F.4th 522 (7th Cir. 2025) and that, if nothing changes, Guevara might be entitled to move for a Rule 50 judgment as a matter of law at the close of plaintiff's case or after the close of all evidence with respect to Count VIII.

3. However, with respect to Counts II, IX, and XIII of the Second Amended Complaint, there is no basis for either a motion for reconsideration or for the grant of leave to file a successive motion for summary judgment.

4. Any argument that *Blackmon* has some impact on these claims has been waived by the failure to raise such arguments in the initial motion for summary judgment.

5. In addition, with respect to all of the claims, the unexplained failure to file these two motions in the six months since *Blackmon* was decided militates against entertaining these claims at this late date, and on the eve of trial.

6. Finally, defendants' arguments with respect to these claims are simply a rehash of prior arguments which have been rejected by this court, have nothing to do with *Blackmon*, and are in any case without merit.

7. Although Federal Rule of Civil Procedure ("Rule") 54(b) permits the Court to exercise its inherent authority to reconsider its interlocutory orders, see *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir.2007) ("nonfinal orders are generally modifiable"), motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. See *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987); *Zurich Capital Mkt., Inc. v. Coglianese*, 383

F.Supp.2d 1041, 1045 (N.D.Ill.2005). Unless the court has "patently misunderstood" a party, or has made a decision "outside the adversarial issues" presented to the court by the parties, or has made an "error not of reasoning but of apprehension," a motion to reconsider should ordinarily be denied. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) And although a controlling or significant change in the law or facts since the submission of the issue to the court would be a further basis for a motion to reconsider, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191. Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir.1996); see also *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir.2010).

8. Similarly, leave to file a successive motion for summary judgment is generally permitted in the discretion of the court only "if good reasons exist." *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).

9. With respect to Counts II, IX, and XIII of the Second Amended Complaint, Guevara never moved for summary judgment based upon *Vega v. Tokah*, 597 U.S. 134, 150 (2022), the case upon which *Blackmon* relies. Nor, for that matter, did Guevara assert qualified immunity as to any of those claims.

10. In his motion of summary judgment, Guevara only cited *Vega v. Tokah*, 597 U.S. 134, 150 (2022) and the pending appeal in *Blackmon* with respect to Count VIII of the complaint, involving the suggestive identification procedure. (Dkt # 177, at 12-13).

11. In his arguments with respect to Count II (fabrication of confidential informants) (Dkt # 177, at 3-10) Count IX (*Brady* violation for suppression of the suggestive

identification procedure and the coercion of the witness)(Dkt # 177, at 14-16) and Count XIII (malicious prosecution) (Dkt # 177, at 30), Guevara made no mention of *Vega* or *Blackmon* at all.

12. As to the substantive arguments made as to Counts II, IX, and XIII in the proposed successive motion for summary judgment, Jaime Rios will not respond to these in detail until and unless the motion for leave to file the successive petition is granted.

13. But as a general matter, it can be observed that most of these arguments are simply a rehash of the arguments made in the original motion for summary judgment, interlaced with attempts to relate these claims to *Blackmon*. These arguments include claims that Luis Huertas's affidavit is a "sham affidavit," that Rios has somehow conceded that Huertas's identification of him is accurate (a rather surprising concession in light of Rios's sworn trial and deposition testimony to the contrary, as well as the award of a certificate of innocence) and, in general, that Rios is guilty.

14. These are arguments for a jury, not for the court on summary judgment. And they ignore the elephant in the room – Guevara's consistent invocation of the fifth amendment, which renders his defense to the Second Amended Complaint tenuous at best.

Defendant Guevara's motion for leave and motion to reconsider should be denied.

Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

By: Stephen L. Richards Attorney for Plaintiff

4

53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No:
6191946

## <u>CERTIFICATE OF SERVICE</u>

Stephen L. Richards certifies that on  October 22, 2025  he served  **RESPONSE TO
DEFENDANTS' MOTION TO FILE A SUCCESSIVE MOTON FOR SUMMARY
JUDGMENT AND TO RECONSIDER**

through the ECF filing system.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946

6