**2015 WL 10571178 (Ill.Cir.Ct.) (Trial Order)**
Circuit Court of Illinois.
County Department, Law Division
Cook County

Jermaine DURDIN, Plaintiff,

v.

CITY OF CHICAGO, Chicago Police Officer Sandoval #19663, Chicago Police Officer Mendoza #8843, Chicago Police Officer Rolewicz #21322, and Chicago Police Officer Malinowski #20858, Defendants.

No. 2013L001468.
November 30, 2015.

**Order**

Larry Axelrood, Judge.

**\*1** Note: Original document is handwritten. PDF image of the original document may be available.

This matter comes before the court on Defendants, Officer Sandoval, Officer Mendoza, Officer Rolewicz and Officer Malinowski ("Defendant officers") and the City of Chicago's motion for summary judgment pursuant to 735 ILCS 5/2-1005 of the Illinois Code of Civil Procedure.

*Factual Background*

On February 8, 2013, Plaintiff filed a one count complaint against defendants for **malicious prosecution**. Plaintiffs complaint arises from his arrest on June 10, 2010 and subsequent prosecution for armed robbery. Plaintiff alleges that defendant officers used improper and **suggestive identification** procedures which led the victims, brothers Angel and Julian Gomez, to make tainted identifications of Plaintiff which resulted in his arrest and prosecution.

Defendants now move for summary judgment pursuant to 735 ILCS 5/2-1005 arguing that Plaintiff cannot provide evidence to support a claim for malicious prosecution because

(1) the Gomez brothers' identification of the Plaintiff as the perpetrator during a photo array and lineup was sufficiently reliable as a matter of law to establish probable cause to arrest and charge plaintiff and (2) Plaintiff's cannot establish malice on the part of the Defendants.

*Analysis*

Summary judgment is appropriate only where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005, *Williams v. Manchester,* 228 Ill. 2d 404, 417 (2008). The purpose of summary judgment is not to try a question of fact, but to determine if one exists. *Perfection Corp. v. Lochinvar,* 349 Ill. App. 3d 738, 744 (2004). Summary judgment is

a drastic measure and should be allowed only when a moving party's right to it is clear and free from doubt *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). In determining whether a genuine issue of material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. *Williams*, 228 Ill. 2d at 417. If the material facts are disputed, or where reasonable persons might draw different inferences from the undisputed facts, summary judgment cannot be granted. *Adams v. N. Ill. Gas Co.*, 211 Ill. 2d 32, 43 (2004).

Under Illinois law, plaintiff must prove five elements to state a cause of action for malicious prosecution: (1) the commencement or continuation of an original criminal proceeding by the defendant; (2) termination of the prosecution in favor of the plaintiff in a manner indicative of innocence; (3) the absence of probable cause for such a proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Swick v. Liautand*, 169 Ill.2d 504 (1996).

Here, Defendants argue that Plaintiff cannot present a genuine issue of material fact regarding two elements of malicious prosecution (1) the absence of probable cause and (2) malice.

**\*2** Probable cause is an absolute defense to malicious prosecution. *Porter v. City of Chicago,* 332 Ill. Dec. 376 (1st Dist. 2009). Probable cause is a "state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged". *Fabiano v. City of Palos Hills*, 336 Ill.App.3d 635 (2002). The state of mind of the one commencing the prosecution, rather than the actual facts of the case, the guilt or innocence of the accused, is at issue. *Reynolds v. Menard, Inc.*, 365 Ill.App.3d 812, 820 (1st. Dist. 2006).

Defendants assert that Plaintiff fails to show the absence of probable cause. Defendants argue that there was probable cause because the Gomez brothers positively identified Plaintiff in a photo array and line-up before Plaintiff was charged with armed robbery. However, after reviewing the record the Court finds that there is a question of fact as to whether the photo arrays and line-up were sufficient to establish probable cause. Further, the Court finds there is a question of fact as to whether the array and lineup were unduly suggestive.

Next, Defendants argue that Plaintiff fails to show malice on the part of the Defendant officers. The element of malice in a malicious prosecution claim is proved by showing improper motives. *Reynolds v. Menard, Inc.*, 850 N.E.2d 834, 840 (2006). Malice, as an element of the cause of action for malicious prosecution is ordinarily a question of fact. *Frye v. O'Neill*, 166 Ill.App.3d 963, 977 (1988).

Here, the Court finds that because there is a question of fact as to whether there was probable cause, it follows that there is question of fact as to whether there was malice. Here, Defendants started the photo array with a picture of Plaintiff which was larger than the other photos shown to the Gomez brothers, Plaintiff was one of the two suspects in the array who had lighter skin, Defendants suggested that the suspect's photo was in the array, and Defendants arrested Plaintiff knowing that he looked different from the photo in the array. Therefore, the Court finds that there remains a question of fact as to malice. Further, the Court finds that Defendant, Malinowski and Chicago are not entitled to judgment.

Based on the foregoing, Defendant's motion for summary judgment pursuant to 735 ILCS 5/2-1005 is denied.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.