**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAIME RIOS


       Plaintiff,


          vs.                    Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO



       Defendants.              JURY TRIAL DEMANDED



          Defendants.


**MOTION IN LIMINE TO CALL REYNALDO GUEVARA AS PLAINTIFF'S WITNESS**
**AND TO ASK HIM QUESTIONS ABOUT THE ALLEGATIONS IN THE COMPLAINT**
**AS WELL AS HIS MISCONDUCT IN OTHER CASES, EVEN IF HE AGAIN ASSERTS**
**THE FIFTH AMENDMENT**

    Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M.

Richards submits the following motion in limine to call Reynaldo Guevara as plaintiff's witness

and to ask him questions about the allegations in the complaint, even if he again asserts the fifth

amendment.   In support thereof, Jaime Rios states as follows:

**INTRODUCTION**

    Reynaldo Guevara has been deposed in this case, and has asserted the fifth amendment in

response to virtually every question which was posed to him. (See Exhibit A). His assertion of the

fifth amendment is consistent with his prior assertions  in other cases involving his misconduct,

1

since he last testified in a post-conviction case on July 29, 2013.     .

Jaime Rios anticipates that Reynaldo Guevara, as he has in other cases, will attempt to avoid being called as a witness by plaintiff and having to assert the fifth amendment or answer questions in front of the jury. This attempt should be firmly rejected.

The general rule, of course, is that a plaintiff may call a defendant as a witness even though plaintiff knows that defendant may take the fifth. *Kaye v. Newhall*, 356 Mass. 300, 305, 249 N.E.2d 583, 586 (1969).

Jaime Rios anticipates that Reynaldo Guevara will argue, as he has in other cases: (1) evidence of his invocation of the fifth amendment should be excluded because he is subject to punitive damages in multiple cases  and would therefore suffer too high a cost from having to invoke, (2) evidence of his invocation should be presented by  instruction rather than live testimony and/or by prescreened questions, (3) independent evidence supporting each negative inference must be introduced before the questions can be asked, and (4) Jaime Rios should be barred from asking Guevara questions about matters which were adjudicated against Jaime Rios on summary judgment. All of these arguments should be rejected.

## ADMISSIBILITY OF THE INVOCATION

As this court has already held, Guevara's invocation of the fifth amendment is admissible evidence. (Dkt # 215, 24-25).

"The Fifth Amendment provides that no person 'shall be compelled in any criminal case to be a witness against himself.'" Its protections "privilege[] [individuals] not to answer official questions put to [them] in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77, (1973) (quoting U.S. Const. Amend. V).  "To be privileged by the Fifth Amendment to refuse

to answer a question, the answer one would give if one did answer it (and answer it truthfully) must have some tendency to subject the person being asked the question to criminal liability." *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 663–64 (7th Cir. 2002). In civil cases, "[t]he general rule is that an adverse inference may be drawn from" a person's invocation of their Fifth Amendment privilege. 295 F.3d at 663. Courts abide by this rule "to protect the integrity and truth-seeking function of the judicial system" and to ensure that undue prejudice does not result to the adverse party. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640 (9th Cir. 2012).

With respect to Guevara's invocations of the fifth amendment, the following should be noted.

First, to the extent that Guevara's invocation is based upon a fear that he might be prosecuted for felony offenses committed against Jaime Rios, Cristino Garcia, or the forty plus people whose wrongful convictions he engineered over the years, this fear is not well-founded. The statute of limitations in Illinois requires that, unless specifically provided for elsewhere, a defendant be prosecuted for any felony offense within three years of the commission of that offense. 720 ILCS 5/3–5(b) (West 2002). Guevara could admit these acts without any fear of criminal prosecution.

Therefore, Guevara can only be afraid that if he answered questions about those acts, and then lied, he would be subject to prosecution for perjury. In other words, if forced to answer, he is planning to lie. This is precisely what happened to the notorious Jon Burge, who could not be prosecuted for his multiple crimes against criminal defendants because the statute of limitations had passed and who was only convicted when he chose to testify and to deny his crimes and was thereafter convicted of perjury and sent to federal prison. That is what Guevara is afraid of, and he

is right to be afraid.

Under these circumstances, it is particularly important that the jury learn Guevara's position as to these accusations and draw the appropriate inference from his invocation of the fifth amendment should he again choose to invoke.

In other litigation, Guevara has taken the position that because he is facing multiple punitive damages awards he will suffer the equivalent of a prison sentence and therefore should not have to invoke his fifth amendment privilege in response to questioning. (*Johnson v. Guevara*, 1:20-cv-04156, Dkt # 402, 23-26).

Jaime Rios is unable to respond to this argument because he has no idea of what it means. Apparently if you violate the rights of a large enough number of plaintiffs, you can choose not to give information in any one of these cases and enjoy immunity from having to assert the fifth amendment. This is ridiculous.

As Guevara acknowledged in the *Johnson* case he can always attempt to reduce punitive damages by testifying as to his financial condition and can tell the jury that he is facing punitive damages in multiple other cases. (*Johnson v. Guevara*, 1:20-cv-04156, Dkt # 402, 23-26). Nothing stops him from testifying, for that matter, and telling the jury what he knows about these allegations. But letting him get off scot-free merely because he has, by his own actions, become the poster child for police misconduct, makes no sense whatsoever.

In previous litigation, Guevara argued, in the alternative, that his invocation should be presented by some other method – any other method – in lieu of live testimony. His suggestions included instruction by the court instead of live testimony or a limited set of questions prescreened by court. All of these suggestions should be rejected. [1]

---

[1] As a preliminary matter, it should be noted that Guevara was deposed in this case and took the fifth in response to every question. (See Exhibit A). This deposition was not recorded on videotape. Even if it had been recorded,

With respect to this issue, Jaime Rios acknowledges that this court has discretion to control the manner and mode of examination of witnesses, see *Jimenez v. City of Chicago*, 877 F. Supp. 2d 649, 672 (N.D. Ill. 2012), *aff'd*, 732 F.3d 710 (7th Cir. 2013), and there might exist, in another case, unusual circumstances which would justify some restriction on a live invocation. But no such circumstances are present here.

With respect to the general rule, the case of *Hillmann v. City of Chicago*, 834 F.3d 787, 793 (7th Cir. 2016) is dispositive.

In *Hillman*, two potential witnesses invoked their fifth amendment privilege and refused to testify in deposition, citing potential criminal exposure in connection with a political-patronage scandal involving the Department of Streets and Sanitation. The defendant's motion in limine to preclude their testimony and any reference to their Fifth Amendment invocation was granted. The original trial judge excused the two witnesses from testifying, and ruled that the issue could not be raised in front of the jury.  834 F.3d at 792.

After a second judge granted a new trial because of this error, the Seventh Circuit affirmed the grant, saying:

> "Chief Judge Castillo concluded that a new trial was warranted because Judge Hibbler should not have wholly excused Sullivan and Drumgould from testifying based on blanket assertions of their Fifth Amendment privilege against self-incrimination. That ruling correctly understands how the privilege works in this situation; in a civil case, the jury is permitted to hear evidence of a witness's invocation of the privilege and may draw an adverse inference from it."

 834 F.3d at  793.

Although *Hillman* dealt with a total exclusion of the invocation, the vast majority of judges in this district have applied it to reject preclusion of live testimony or restrictions upon live

---

presentation to the jury of a video would have been problematic because defense counsel also objected to every question, and these objections would have had to be redacted from the tape if it were played for the jury.

testimony. See, e.g., *Jimenez v. City of Chicago*, 877 F. Supp. 2d 649, 671 (N.D. Ill. 2012), *aff'd*, 732 F.3d 710 (7th Cir. 2013)(trial court did not abuse its discretion by allowing plaintiff to call witness who was suspect in murder for live invocation of the fifth and rejecting contention that plaintiff should be required to stipulate to the invocation); *Rivera v. Guevara*, No. 12-CV-04428, 2018 WL 11468922, at *1-2 (N.D. Ill. May 29, 2018)(denying motion in limine to require plaintiff to submit questions to Guevara in advance of live examination); *Ramirez v. City of Chicago*, No. 05C317, 2009 WL 3852378, at *5 (N.D. Ill. Nov. 17, 2009)(denying motion in limine to bar "any adverse inference or any reference to invocation" by defendant police officer); *Robinson v. City of Harvey*, No. 99 C 3696, 2004 WL 2033714, at *7 (N.D. Ill. Aug. 13, 2004), *on reconsideration*, No. 99 C 3696, 2004 WL 2392009 (N.D. Ill. Oct. 22, 2004), *aff'd*, 489 F.3d 864 (7th Cir. 2007)(in context of fee petition, noting that defendant police officer had asserted the fifth amendment in response to all questions); *Logan v. Burge*, No. 1:09-cv-05471, Dkt. 423 at 8-9 (denying motion in limine to preclude plaintiff from calling Jon Burge for live invocation of the fifth amendment and rejecting argument that invocation could be admitted by stipulation).

As many of these courts have recognized, requiring the plaintiff to stipulate would violate the general principle that a party in a civil case cannot be forced to stipulate "in lieu of proving a point at trial." *Jimenez*, 877 F. Supp. 2d at 672. The same principle generally applies in criminal cases, of course, and the one exception, *Old Chief v. United States*, 519 U.S. 172 (1997) is obviously distinguishable. In that case, the stipulation required -- that defendant had been previously convicted without giving the name of the conviction --- was both sufficient to meet the prosecution's burden and necessary to avoid prejudice.

Here, no similar consideration applies. Trials in the Anglo-American tradition are dramas. Juries respond to real people giving live testimony. Every trial lawyer knows that stipulations are

often ignored or misunderstood. Jaime Rios has the right to decide how he is going to present each piece of evidence in his case.

Moreover, Guevara's demeanor and manner while invoking the fifth is important. "A witness's answer could range from 'I refuse to answer on the ground that my answer may tend to incriminate me' to the more mundane 'On the advice of counsel, I decline to answer.'" *Evans v. City of Chicago*, 513 F.3d 735, 740 (7th Cir. 2008) As  Exhibit A shows, Guevara invoked the fifth in a routine, dismissive manner, often barking out just  the phrases: "Take the fifth," or "fifth." And with live testimony,  there is always the possibility that Guevara will come to his senses and answer questions.

Preselected questions are also unnecessary and inappropriate. As the district observed in *Rivera,* No. 12-CV-04428, 2018 WL 11468922, at *2 (N.D. Ill. May 29, 2018):

> "Worrying that Rivera's counsel will manufacture adverse inferences by asking questions for which there is no independent evidentiary basis at trial, Guevara suggests that plaintiff be required to submit a list of questions in advance. That seems counterproductive. After reviewing Guevara's deposition at summary judgment, the court is convinced that the parties have a good idea of what Guevara will be asked. Guevara argues that fronting the questions will simplify his testimony by eliminating potentially lengthy objections at trial. If the conduct of this litigation so far is any guide, the more likely outcome will be double litigation of the objections, once before trial and again at the trial where defendants will argue that the pretrial ruling should be reconsidered in light of the testimony at trial."

Based on prior submissions in other cases,  it is expected that Guevara will argue that *Evans v. City of Chicago*, 513 F.3d 735, 740 (7th Cir. 2008) supports a bar on live testimony. But a careful examination of *Evans* shows only that under unusual and " rather unique" circumstances, 513 F.3d  at 741, a bar on live invocation might be justifiable.

In *Evans*, seven officers were sued – six at first asserted the fifth, but eventually relented and testified. The one exception, officer Dignan, was allowed to present his invocation by court

instruction rather than by live testimony. The Seventh Circuit affirmed this exercise of discretion, but on narrow grounds:

> "The situation presented here was rather unique. Evans candidly admits that he was "pleased" when Detective Dignan accepted his offer to rid himself of the punitive damage claim against him in exchange for a promise to continue to assert his Fifth Amendment privilege. Given this rather unusual scenario, it would be difficult to conclude that Judge Coar abused his discretion by not embracing this situation for its maximum effect."

*Evans*, 513 F.3d at 741.

In other words, with six officers waiving their fifth amendment rights at the last minute, and over plaintiff's objection, plaintiff had a strong strategic reason for encouraging the last remaining defendant to continue to assert the fifth amendment. Plaintiff was even willing to forgo punitive damages in order to secure the live invocation.

In this case, Jaime Rios is not waiving his right to seek punitive damages. Quite the contrary. Guevara belongs in prison for what he has done. Since that remedy is not available, punitive damages are more than appropriate.

And Jaime Rios is not encouraging Guevara to assert the fifth. Jaime Rios would prefer that Guevara waive the fifth and agree to answer questions. If he waives tomorrow, Jaime Rios will seek a quick redeposition but will not otherwise object.

Lastly, it is expected that Guevara will argue, as he has in previous litigation, that he cannot be asked questions unless and until there is some independent proof other than his invocation, to support the inference suggested by the question and the invocation.

The short answer to this argument is that no case supports the proposition that a plaintiff cannot meet his burden of proof based upon a defendant's invocation alone.

There is case law supporting the proposition that judgment on the pleadings, *National*

*Acceptance v. Bathalter*, 705 F.2d 924, 932 (7th Cir. 1983), or summary judgment against a non-moving party, cannot be granted based solely upon the invocation of the fifth amendment. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 391 (7th Cir. 1995). But no case applies this proposition to a judgment at trial.

Even if such a rule existed, it cannot and should not be applied to prevent Jaime Rios from presenting his proof in the order and in the manner he chooses. Jaime Rios intends to call Reynaldo Guevara as his first or one of his first witnesses. Jaime Rios believes there will be independent evidence to support all of the questions he asked Guevara at his deposition and will ask at trial. But unless and until Guevara identifies any question which cannot be supported by independent evidence, any motion in limine which interferes with the manner in which Jaime Rios presents the invocation should be denied.

This court should therefore grant this motion in limine to allow Jaime Rios to elicit Guevara's live invocation.

Respectfully submitted,

/s/ Stephen L. Richards
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946

## <u>CERTIFICATE OF SERVICE</u>

Stephen L. Richards certifies that on  November 6, 2025  he filed the  **MOTION IN LIMINE TO CALL REYNALDO GUEVARA AS PLAINTIFF'S WITNESS AND TO ASK HIM QUESTIONS ABOUT THE ALLEGATIONS IN THE COMPLAINT AS WELL AS HIS MISCONDUCT IN OTHER CASES, EVEN IF HE AGAIN ASSERTS THE FIFTH AMENDMENT**

through the ECF filing system.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946