**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAIME RIOS


      Plaintiff,


      vs.                       Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO



      Defendants.                JURY TRIAL DEMANDED



      Defendants.

**<u>PRETRIAL ORDER</u>**

Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards, and Defendants Michael Mason, Joann Halvorsen, as Special Representative for Ernest Halvorsen, deceased, Reynaldo Guevara, and the City of Chicago, through their attorneys, jointly submit the following pretrial order:

**STATEMENT OF THE CASE**

This is a case alleging that Jaime Rios's civil rights were violated by defendants Reynaldo Guevara, Michael Mason, and Ernest Halvorsen.

Reynaldo Guevara and Michael Mason are former Chicago police officers. Ernest Halvorsen is a deceased Chicago police officer. He is represented by his widow, Joann Halvorsen.

Jaime Rios claims that he was wrongfully convicted in 1990 of a murder and that his

conviction was caused by the actions of defendants. He claims that Reynaldo Guevara coerced his confession, fabricated evidence, suppressed exculpatory evidence, and maliciously prosecuted him. He claims that Michael Mason and Ernest Halvorsen coerced his confession and acted in concert with Reynaldo Guevara. All of the defendants deny all of the allegations.

This is an action for money damages. Jaime Rios is seeking damages for the time he spent in custody, for pain and suffering and for lost wages. Defendants deny that Jaime Rios is entitled to damages.

## STIPULATIONS

No punitive damages are being sought against Ernest Halvorsen, deceased, or his Special Representative, JoAnn Halvorsen. (see Dkt # 24-1)

## PLAINTIFF'S WITNESS LIST

Will Call

1. Jaime Rios

2. Cristino Garcia

3. Benjamin Carrero

4. Lamont Burr

5. Karen Shields

6. Dr. Melissa Russano, expert

7. Dr. Geoffrey Loftus, expert

8. Jose Maysonet

9. Jose E. Melendez

10. Adrian Mejia

11. Evelyn Diaz

12. Gloria Ortiz Bordoy

13. William Dorsch

14. Gabriel Solache

15. Arturo Reyes

16. Reynaldo Guevara

    May Call

17. Rosa Bello

18. Daniel Rodriguez

19. Francisco Vincente

20. Natalie McFall

21. Michael Mason

22. Samantha Hudson

23. Dean James

24. Mario J. Flores

25. Javier Torres

26. Luis Huertas

27. Heather Kukowski

28. Iris Mendez

29. Linda R. Lang

Plaintiff reserves the right to supplement this list with surrebuttal witnesses

**DEFENDANTS' WITNESS LIST**

Will Call

Michael Mason

Ernest Halvorsen (deceased, by prior sworn testimony)

Steven Gawrys

Barbara Riley

Janet Lupa

Daniel Noon (deceased, by prior sworn testimony)

Luis Huertas

Richard Curley

Anthony Carballo

John Wixted, expert

John Schafer, expert

May Call

Jaime Rios

Reynaldo Guevara, defendant (unavailable, through prior testimony)

Carol Rogala

Aubrey O'Quinn

Kip Owen

Kay Hanlon

William Johnston

Robert Boris

Frank Vukonich

Bernard Brennan

Edwin Reyes

Edwin Pacheco

Frank Marek

Donald M. Flannery (deceased, by prior sworn testimony)

Cristino Garcia

Karen Shields

Christa Bowden

Benjamin Carrero

Record Keeper – Chicago Police Department

Record Keeper – Cook County Department of Corrections

Record Keeper – Cermak Health Services

Record Keeper – Illinois Department of Corrections

Record Keeper – Cook County Public Defender's Office

Record Keeper – Cook County State's Attorney's Office

All court reporters who transcribed deposition testimony

## **Impeachment Witness For Plaintiff's Putative Fed. R. Evid. 404(b) Witnesses[1]**

Defendants reserve the right to call as impeachment/rebuttal witnesses any and all witnesses disclosed in the following cases: *Maysonet v. Guevara, et al., Alfredo Gonzalez v. Guevara, DeLeon-Reyes v. Guevara, Solache v. Guevara, Juan Johnson v. Guevara, People v. Jose Maysonet, Jr., People v. Alfredo Gonzalez, People v. Justino Cruz, People v. Adriana Mejia, People v. DeLeon Reyes, People v. Solache, People v. Juan Johnson, People v. Jose E. Melendez*; *People v. Alfredo Gonzalez*; *People v. Nelson Rivera, People v. Santos Flores, People v. David Rivera*, *People v. Luis Serrano.*

This may include, but shall not be limited to, the following witnesses:

---

[1] Defendants have sought to exclude any and all witnesses and other evidence of alleged "other bad acts" of Defendants under Fed. R. Evid. 404(b). However, in the event any such evidence is allowed, Defendants disclose these witnesses as impeachment/rebuttal witnesses.

*Witnesses Relating To Jose Maysonet, Jr.*

ASA Frank DiFranco

ASA Jennifer Borowitz

Cook County Court Reporter Joseph Szybist

Alfredo Gonzalez

Cook County Court Reporter Janet Lupa

Justino Cruz

ASA Perkaus

Detective Schak

Sgt. Roland Paulnitsky

Det. Fernando Montilla

Det. Edward Mingey

Rosa Bello

Judge Loretta Hall Morgan


*Witnesses Relating to Solache/Reyes/Mejia*

Edwin Dickinson

Robert Rutherford

Daniel Trevino

Edward Mingey

Robert Biebel

Rosauro Mejia

Guadalupe Mejia

Alfredo Aranda

Rosa Aranda

Jorge Soto

Officer Juan Solis

Officer Wade Golab

Detective William Kernan

Detective Joe Mohan

Det. Kevin McDonald

Assistant Cook County State's Attorney Karin Wehrle

Assistant Cook County State's Attorney Kristin Piper

Assistant Cook County State's Attorney Heather Brualdi

Officer Jorge Cerda

Officer Lilia Flores

CPD Officer Saul Basurto

ASA  David Navarro

ASA Andrew Varga

Assistant Public Defender Thomas Verdun

ASA Eric Sussman

Illinois State Police forensic scientist Barbara Wilson

Assistant Public Defender Viola Rouse

Assistant Public Defender Naomi Bank

Assistant Public Defenders Thomas Verdun

Assistant Public Defender Deana Binstock

ASA Arthur Hill

ASA Mercedes Luque Rosales

Elizabeth Boedeker, an ISP forensic biologist

*Witnesses Relating to Jose E Melendez*

Jorge Mulero

Jack Smeeton

Police personnel involved in investigation of Jose E. Melendez

Trial and Felony Review ASAs for prosecution of Jose E. Melendez

Any and all witnesses disclosed in *People v. Jose E. Melendez*


*Witnesses Relating To Evelyn Diaz*

Any and all witnesses disclosed in *People v. Luis Serrano.*

Trial and Felony Review Assistant State's Attorneys for prosecution of Luis Serrano

Police personnel involved in investigation of Luis Serrano


*Witnesses Relating To Gloria Ortiz Bordoy*

Any and all witnesses disclosed in *People v. Nelson Rivera, People v. Santos Flores, and People v. David Rivera.*

Trial and Felony Review Assistant State's Attorneys for prosecution of Nelson Rivera, Santos Flores, and David Rivera.

Police personnel involved in investigation of Nelson Rivera, Santos Flores, and David Rivera

*Witnesses Relating To William Dorsch*

Edward Mingey

Celeste Stack

Bill Johnston

Steve Gawrys

Defendants reserve their right to supplement this list with additional /impeachment/rebuttal witnesses for any 404(b) witness permitted by the Court.

**PLAINTIFF'S EXHIBIT LIST**

1. Opening  Statement Powerpoint (Demonstrative)

2. Opening Closing Argument Powerpoint (Demonstrative)

3. Rebuttal Closing Argument Powerpoint (Demonstrative)

4. 1989 Chicago White Pages (Demonstrative)

5. 1989 Chicago Yellow Pages or Yellow Book  (Demonstrative)

6. Indian Chief Ring (Demonstrative)

7. Prison Photographs (Demonstrative)

8. Melissa Russano Powerpoint (Demonstrative)

9. Geoffrey Loftus's Hand-Drawn Chart  (Demonstrative)

10. Common Law Record, People v. Rios

11. Report of Proceeding, People v. Rios

12. Photograph of Reynaldo Guevara

13. Booking photograph of Jaime Rios

14. Deposition of Reynaldo Garcia, Transcript

15. Deposition of Reynaldo Garcia, Video

16. Deposition of Jaime Rios, Transcript

17. Deposition of Jaime Rios, Video

18. Jaime Rios Court Reported Statement

19.  Jaime Rios tax returns (Group Exhibit)

20. Mason Supplementary Report (June 28, 1989)

21. Mason Supplementary Report (July 7, 1989)

22. Mason GPR Huertas  (July 7, 1989)

23. Halvorsen Motion to Suppress Transcript

24. Michael Mason Trial Transcript

25. Mason GPR Samantha Hudson (July 7, 1989)

26. John A. Enault Supplementary Report (July 10, 1989)

27. Mason Supplementary Report (July 29, 1989)

28. Photographs of Jose "Macho" Melendez

29. Mason GPR (Jaime Rios)

30. Mason Supplementary Report Cleared/Open (July 7, 1989)

31. Mason Arrest Report Carrero (July 9, 1989)

32. Halvorsen Trial Testimony

33. Guevara Motion Testimony

34. Guevara Trial Testimony

35. Mason Complaint for Search Warrant Carrero

36. Michael Mason Trial Testimony

37. Mason Supplementary Report (June 28, 1989)

38. Guevara Rios Arrest Report (July 7, 1989)

39. Order Granting Certificate of Innocence.

40. Transcript of Court Order Granting Certificate of Innocence

41. Second Amended Complaint

42. Reynaldo Guevara Answer to Second Amended Complaint

43. Michael Mason Answer to Second Amended Complaint

44. Estate of Ernest Halverson Answer to Second Amended Complaint

45. Reynaldo Guevara Answers to Interrogatories

46. Michael Mason Answers to Interrogatories

47. Estate of Ernest Halvorsen Answer to Interrogatories

48. Cristino Garcia Deposition Video

49. Cristino Garcia Deposition Transcript

50. Cristino Garcia Affidavit

51. Benjamin Carrero Deposition Video

52. Benjamin Carrero Deposition Transcript

53. Benjamin Carrero Affidavit

54. Lamont Burr Deposition Video

55. Lamont Burr Deposition Transcript

56. Karen Shields Deposition Video

57. Karen Shields Deposition Transcript

58. Jose Maysonet Deposition Video

59. Jose Maysonet Deposition Transcript

60. Timothy Duane Rankins Deposition Transcript

61. Jose E. Melendez Deposition Transcript

62. Dr. Melissa Russano Resume

63. Dr. Melissa Russano Report

64. Dr. Melissa Russano Deposition Video

65. Dr. Melissa Russano Deposition Transcript

66. Dr. Gerald Loftus Deposition Video

67. Dr. Gerald Loftus Deposition Transcript

68. Adrian Mejia Deposition Video

69. Adrian Mejia Deposition Transcript

70. Evelyn Diaz Deposition Transcript

71. Gloria Ortiz Bordoy Deposition Transcript

72. William Dorsch Motion Testimony

73. Gabriel Solache Deposition Video

74. Gabriel Solache Deposition Transcript

75. Rosa Bello Deposition Transcript

76. Daniel Rodriguez Deposition Transcript

77. Francisco Rodriguez Deposition Transcript

78. Natalie McFall Deposition Transcript

79. Samantha Hudson Trial Testimony

80. Javier Torres Trial Testimony

81. Luis Huertas Trial Testimony

82. Luis Huertas Affidavit

83. Luis Huertas Deposition Video

84. Luis Huertas Deposition Transcript

## DEFENDANTS' EXHIBIT LIST

1. Map of area surrounding 1316 N. Western and 1440 N. Leavitt; North to North Ave, South to Augusta, West to Rockwell, and East to Wicker Park Ave. (demonstrative)

2. Opening Statement presentation – PowerPoint and/or hard copy (demonstrative)

3. Closing Argument presentation – PowerPoint and/or hard copy (demonstrative)

4. Chronology of Rios photos (demonstrative)

5. Court-reported statement of Jaime Rios taken 7/7/1989

6. Polaroid photograph of Jaime Rios taken at statement 7/7/1989

7. Individual photos of Jaime Rios from 7/7/1989 line-up

8. Cook County Jail intake photograph of Jaime Rios 7/8/1989

9. Photos of Rios taken June 6, 1989 and April 2, 1986

10. Cermak Health Services History and Physical Examination for Jaime Rios 7/8/1989

11. Plaintiff's Answers to Defendant Guevara's Interrogatories

12. Plaintiff's Answers to Defendant Mason's Interrogatories

13. Plaintiff's Second Amended Complaint

14. Jaime Rios pre-trial motion testimony 2/9/1990

15. Jaime Rios pre-trial motion testimony 2/26/1990

16. Jaime Rios criminal trial testimony 11/30/1990

17. Jaime Rios pre-sentence investigation report, Case No. 89 CR 16525

18. Jaime Rios guilty plea transcript, Case No. 89 CR 14056, 9/6/1990

19. Certified Copy of Conviction, *People v. Jaime Rios*, Case No. 89 CR 14056 (Cook County)

20.     Certified Order and Judgment on Sentence, *People v. Jaime Rios*, Case No. 95 CF 127, 7/12/1995 (Livingston County)

21.     Transcript of Plea Agreement, *People v. Jaime Rios*, Case No. 95 CF 127, 7/11/1995 (Livingston County)

22.     Jaime Rios IDOC Inmate Telephone Number List Request

23.     Jaime Rios IDOC visitor logs and phone visitor approvals

24.     Jaime Rios CPD criminal history (impeachment/refresh recollection)

25.     Text message exchange between Jaime Rios and Lamont Burr

26.     CPD negative envelopes and photos from scene, morgue, Rios line-up and search at 1419 Wicker Park Ave.   (JGS_RIOS 6996-7026)

27.     Benjamin Carrero Grand Jury Testimony, 7/10/1989 (impeachment/ refresh recollection)

28.     Benjamin Carrero Trial Testimony, 11/30/1990

29.     Benjamin Carrero post-conviction testimony, 4/18/2022 (impeachment/refresh recollection)

30.     CPD photos of search conducted at 1419 Wicker Park Avenue, 7/9/1989

31.     Benjamin Carrero affidavit, 5/22/202 (impeachment/refresh recollection)

32.     Benjamin Carrero United Airlines reservation for post-conviction testimony appearance

33.     Benjamin Carrero text message exchange with plaintiff's attorney S. Richards

34.     Cristino Garcia affidavit, 11/14/202 (impeachment/refresh recollection)

35.     Cristino Garcia CPD mug shot, 7/29/89

36.     Affidavits of Officer Aubrey O'Quinn

37.     Luis Huertas affidavit, 5/19/2020 (impeachment/refresh recollection)

38.     Luis Huertas trial testimony, 11/29/1990

39.     Exhibits identified/marked by Luis Huertas during criminal trial testimony, People's Exs. 2 -11

40.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 2/9/1990 Motion to Quash Arrest and Suppress Evidence

41.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 2/26/1990 Motion to Quash Arrest and Suppress Evidence

42.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 3/30/1990 Motion to Suppress Statement

43.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 4/3/1990 Motion to Suppress Statement

44.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 11/28/1990 Trial – Motions in limine hearing, witness lists, jury selection

45.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 11/29/1990 Trial – opening statements and first day of testimony

46.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 11/30/1990 Trial – second day of testimony, closing arguments, verdict

47.     All exhibits used at criminal trial

48.     Transcript of Proceedings, *People v. Jaime Rios*, Case No. 89 CR 16525, 1/3/1991 Motion for new trial and sentencing hearing

49.     All exhibits used at sentencing hearing, including photos of bullet holes fired into car used during testimony of witness Edwin Reyes, People's Ex. 1-3

| | |
|---|---|
| 50(A) General Offense Case Report by C. Earnest and B. Watts, Jun 28, 1989 | CCPD 687-688 |
| 50(B) Supplementary Report by R. Boris and W. Johnston, Jun 28, 1989 | CCPD 539-40, 545-47 |
| 50(C) Stop Order (Jose Melendez) by W. Johnston and R. Boris, June 28, 1989 | CCPD 159 |
| 50(D) Supplementary Report by M. Mason and B. Brennan, June 28, 1989 | CCPDO 162-66 |
| 50(E) Supplementary Report (Lineup) by B. Brennan and M. Mason, June 28, 1989 | CCPDO 701-02 |
| 50(F) Supplementary Report (Cause of Death) by P. Angelo, June 29, 1989 | CCPDO 703, 692, 266 |
| 50(G) Supplementary Report (Gang Crimes North arrest) by S. Gawrys and R. Guevara, July 7, 1989 | CCPD 689-90 |
| 50(H) Supplementary Report (Cleared/Open) by M. Mason and E. Halvorsen, July 7, 1989 | CCPD 533, 535, 310 |
| 50(I) Arrest Report (J. Rios) by S. Gawrys and R. Guevara, July 7, 1989 | CCPD 238 |
| 50(J) Request to Hold Prisoner Past Regular Court Call by E. Halvorsen, July 7, 1989 | CCPD 173 |
| 50(K) Supplementary Report (Lineup) by M. Mason and E. Halvorsen, July 7, 1989 | CCPD 307-08 |
| 50(L) Felony 101 (J. Rios) by Kip Owen | CCPD 174 |
| 50(M) Search Warrant (Carrero) by M. Mason, July 9, 1989 | CCPD 222-23, 226 |
| 50(N) Search Warrant (Lopez) by M. Mason, July 9, 1989 | CCPD 674-75, 673 |
| 50(O) Search Warrant Data by M. Mason, July 9, 1989 | CCPD 287 |
| 50(P) Permission to Search by Theresa Carrero, July 9, 1989 | CCPD 177 |
| 50(Q) Arrest Report (I. Mendez) by R. Curley, July 9, 1989 | CCPD 351 |
| 50(R) Arrest Report (I. Mendez) by R. Curley, July 9, 1989 | CCPD 239 |
| 50(S) Arrest Report (B. Carrero) by M. Mason and R. Curley, July 9, 1989 | CCPD 348 |
| 50(T) Felony 101 (I. Mendez) by ASA Zick | CCPD 350 |
| 50(U) Hold Past Court Call (B. Carrero) by B. Brennan, July 10, 1989 | CCPD 352 |

| | |
|---|---|
| 50(V) Area 5 Request for Ballistics Comparison by R. Curley, July 9, 1989 | CCPD 350 |
| 50(W) Supplementary Report (Clear/Closed) by J. Enault and R. Curley, July 10, 1989 | CCPD 183-86 |
| 50(X) Supplementary Report (Lopez warrant) by B. Brennan, July 10, 1989 | CCPD 537 |
| 50(Y) Crim Hx of Christino Garcia, Jul 11, 1989 | CCPD 562 |
| 50(Z) CPD Daily Bulletin, July 25, 1989 | CCPD 571 |
| 50(AA) Arrest Report (C. Garcia) by A. O'Quinn and P. Mertes, July 28, 1989 | CCPD 188 |
| 50(BB) Supplementary Report (GCN) by A. O'Quinn and P. Mertes, July 28, 1989 | CCPD 189 |
| 50(CC) Request to Hold Past Court Call (Garcia) by J. Leonard, July 28, 1989 | CCPD 170 |
| 50(DD) Supplementary Report (Cleared Open) by M. Mason, July 29, 1989 | CCPD 555-56 |
| 50(EE) Supplementary Report (Lineup) by M. Mason, July 29, 1989 | CCPD 713-14 |
| 50(FF) Release of Person in Custody (Garcia) by M. Mason, July 29, 1989 | CCPD 194 |
| 50(GG) General Progress Reports by M. Mason, June 28, 1989 | CCPD 566-68, 563-65 |
| 50(HH) General Progress Reports by M. Mason, undated | CCPD 372 |
| 50(II) General Progress Report by M. Mason, July 9, 1989 | CCPD 569 |
| 50(JJ) Handwritten Notes | CCPD 655 |
| 50(KK) Arrest Information, Jose Melendez | CCPD 195 |
| 50(LL) Memo from A5 Commander J. Fruin, responding to subpoena, July 18, 1989 | CCPD 641-42 |
| 50(MM) Statement of Jamie Rios, July 7, 1989 | CCPD 210-220 |
| 50(NN) Arrest Report (J. Rios) by S. Gawrys and R. Guevara, July 7, 1989 | CCPD 270 |
| 50(OO) Criminal Hx of J. Rios | CCPD 573 |
| 50(PP) Criminal Hx of J. Rios (with notes) | CCPD 269 |
| 50(QQ) Criminal History of J. Melendez | CCPD 717-18 |
| 50(RR) Criminal Hx of L. Huertas | CCPD 478-79 |
| 50(SS) Criminal Hx of S. Hudson | CCPD 480 |
| 50(TT) Criminal Hx of C. Garcia | CCPD 572, 481 |
| 50(UU) Criminal Hx of B. Carrero | CCPD 482 |
| 50(VV) Criminal Hx of I. Mendez | CCPD 483 |
| 50(WW) Evidence Report (scene) by J. Moran and A. Klaeser, June 28, 1989 | CCPD 005 |

| | |
|---|---|
| 50(XX) General Offense Case Report by J. Guzman and D. Noon, June 6, 1989 | CCPD 733-34 |
| 50(YY) Request for Analysis by J. Moran, rec'd June 28, 1989 | CCPD 625 |
| 50(ZZ) Request for Analysis by A. Klaeser, rec'd June 29, 1989 | CCPD 247 |
| 50(AAA) Evidence Report (fingerprint card) by F. Thomas, June 29, 1989 | CCPD 250 |
| 50(BBB) Request for Analysis by F. Thomas, rec'd June 30, 1989 | CCPD 626 |
| 50(CCC) Fired Evidence Worksheet, June 28, 1989 | CCPD 627 |
| 50(DDD) Supplementary Report (Crime Lab Summary Findings) by V. Lomoro, July 6, 1989 | CCPD 570 |
| 50(EEE) Evidence Report (lineup photos) by M. Mason, July 7, 1989 | CCPD 245 |
| 50(FFF) Crime Scene Processing Report by J. Klusman, July 9, 1989 | CCPD 248 |
| 50(GGG) A5 Request for Ballistics Exam by R. Curley, July 9, 1989 | CCPD 624 |
| 50(HHH) Memo to Whom it May Concern (re: gun), by R. Curley, July 10, 1989 | CCPD 623 |
| 50(III) Request for Analysis (gun) by R. Curley | CCPD 246 |
| 50(JJJ) Firearms Receipt and Worksheet by V. Lomoro, July 11, 1989 | CCPD 628 |
| 50(KKK) Latent Fingerprint Exam Report by Harris, November 16, 1990 | CCPD 006 |
| 50(LLL) Property Inventory 639587 (.25 cal fired cases), June 28, 1989 | CCPD 720-21 |
| 50(MMM) Property Inventory No. 639588 (key ring and whistle), June 28, 1989 | CCPD 360 |
| 50(NNN) Property Inventory No. 639589 (vial), June 28, 1989 | CCPD 361 |
| 50(OOO) Property Inventory No. 658108 (vial-blood), June 29, 1989 | CCPD 661, 303 |
| 50(PPP) Property Inventory No. 658109 (sealed bullet envelope), June 29, 1989 | CCPD 662, 221 |
| 50(QQQ) Property Inventory No. 658113 (Morales clothing), June 29, 1989 | CCPD 663, 231 |
| 50(RRR) Property Inventory No. 653463 (gun), July 9, 1989, July 9, 1989 | CCPD 666 |
| 50(SSS) Memo to Records Director from J. Fruin re: Subpoena for Street Files, December 21, 1989 | CCPD 289 |
| 50(TTT) Carey Subpoena to CPD, December 16, 1989 | CCPD 290-91 |
| 50(UUU) Carey Subpoena to CPD, July 13, 1990 | CCPD 294-95 |

50(VVV) Medical Examiner Report of Postmortem by Yuksel Konakci, August
31, 1989     CCPD 574-80

50(WWW) Results of Toxicology Analysis by N. Chen, September 6, 1989     CCPD 581

50(XXX) Medical Examiner's Case Report by M. Mercier, June 28, 1989     CCPD 582
OME Notes by Buscemi, June 28, 1989     CCPD 583

50(YYY) OME Personal Effects Inventory by M. Freeman, June 28, 1989     CCPD 584

50(ZZZ) Death Certificate Worksheets     CCPD 585-86

50(AAAA) Note for ME to deliver remains by Morales's father     CCPD 587
50(BBBB) OME Clothing Inventory, June 28, 1989     CCPD 588
50(CCCC) OME Identification Form, June 29, 1989     CCPD 589
50(DDDD) Scene Photos     CCPD 611-618
50(EEEE) Lineup photos     CCPD 629-637
50(FFFF) Arrest report (J. Rios) by D. Noon, June 5, 1989     CCPD 732

51.     Cook County State's Attorney Felony Review folder for Morales murder

52.     ASA Barbara Riley pre-trial motion testimony, Case No. 89 CR 16525, 4/3/1990

53.     Motion to Suppress Statement

54.     ASA Barbara Riley trial testimony, Case No. 89 CR 16525, 11/30/1990

55.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 7/6/2020 (Rogala dep Ex. 2)

56.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 9/16/2020 (Rogala dep Ex. 3)

57.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 9/23/2020 (Rogala dep Ex. 4)

58.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 10/28/2020 (Rogala dep Ex. 5)

59.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 2/10/2021 (Rogala dep Ex. 6)

60.     Amended Motion to Vacate (Rogala dep. Ex. 7)

61.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 1/3/2022  (Rogala dep Ex. 8)

62.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 4/18/2022 (Rogala dep Ex. 9)

63.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 7/11/2022 (Rogala dep Ex. 10)

64.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 8/1/2022 (Rogala dep Ex. 11)

65.     Report of Proceedings, post-conviction *People v. Jaime Rios,* Case No. 89 CR 16525, 8/9/2022 (Rogala dep Ex. 12)

66.     Report of Proceedings, post-conviction *People v. Jaime Rios*, Case No. 89 CR 16525, 2/3/2023 (Rogala dep Ex. 13)

67.     Cook County State's Attorney Office blueback notes (Rogala dep. Ex. 14) (refresh recollection/impeachment)

68.     Cook County State's Attorney Office Post-Conviction file (Rogala dep. Ex. 15) (refresh recollection/impeachment)

69.     Cook County State's Attorney Office email exchange re:  post-conviction (Rogala dep. Ex. 16) (refresh recollection/impeachment)

70.     Cook County State's Attorney Office email exchange with J. Tepfer (Rogala dep. Ex. 17) (refresh recollection/impeachment)

71.    Cook County State's Attorney Office email exchange re: Solache-Reyes (Rogala dep. Ex. 18) (refresh recollection/impeachment)

72.    Cook County State's Attorney Office press release (Rogala dep. Ex. 19) (refresh recollection/impeachment)

73.    Cook County State's Attorney Office settlement with Solache and Reyes (Rogala dep. Ex. 20) (refresh recollection/impeachment)

74.    Email exchange between ASA C. Rogala and plaintiff's attorney S. Richards (CCSAO 3205-3297)

75.    Certified Copy of Conviction, *People v. Benjamin Carrero*, Case No. 10 CR 2205901

76.    Certified Copy of Conviction, *People v. Benjamin Carrero*, Case No. 93 CR 0356401

77.    Certified Copy of Conviction, *People v. Cristino Garcia*, Case No. 20 CR 296301

78.    Certified Copy of Conviction, *People v. Cristino Garcia*, Case No. 20 CR 257901

79.    Certified Copy of Conviction, *People v. Cristino Garcia*, Case No. 01 CR 1051401

80.    Certified Copy of Conviction, *People v. Cristino Garcia*, Case No. 93 CR 2748701

81.    Certified Copy of Conviction, *People v. Cristino Garcia*, Case No. 90 CR 2224601

82.    Certified Copy of Conviction, *People v. Lamont Burr*, Case No. 11 CR 2083601

83.    Certified Copy of Conviction, *People v. Lamont Burr*, Case No. 07 CR 0082701

84.    Certified Copy of Conviction, *People v. Lamont Burr*, Case No. 05 CR 1588201

85.    Certified Copy of Conviction, *People v. Lamont Burr*, Case No. 00 CR 2355201

86.    Certified Copy of Conviction, *People v. Lamont Burr*, Case No. 95 CR 2960801

87.    Certified Copy of Conviction, *People v. Lamont Burr*, Case No. 94 CR 2184001

88.    Certified Copy of Conviction, *People v. Kevin Choice* (Lamont Burr), Case No. 93 CR 1139601

89.     Certified Copy of Conviction, *People v. Kevin Choice* (Lamont Burr), Case No. 90 CR 1437501

90.     Certified Copy of Disposition for Iris Mendez, Case No. 89 CR 1696001

91.     Expert Report of John Wixted, Ph.D. (refresh recollection)

92.     Materials and scholarly articles relied upon by expert John Wixted, Ph.D. (refresh recollection)

93.     Expert Report of John Schafer, Ph.D. (refresh recollection)

94.     Materials and scholarly articles relied upon by expert John Schafer, Ph.D. (refresh recollection)

95.     Expert Report of Melissa Russano, Ph.D. (impeachment/refresh recollection)

96.     Materials and scholarly articles relied upon by expert Melissa Russano, Ph.D. (impeachment/refresh recollection)

97.     Expert Report of Geoffrey Loftus, Ph.D., December 2, 2023 (impeachment/refresh recollection)

98.     Expert Report of Geoffrey Loftus, Ph.D., June 21, 2022 (impeachment/refresh recollection)

99.     Materials and scholarly articles relied upon by expert Geoffrey Loftus, Ph.D. (impeachment/refresh recollection)

100.    Cook County State's Attorney's file for *People v. Jaime Rios*, Case No. 89 CR 16525

101.    Scene diagram of area of Morales murder (CCSAO 1079)

102.    State Answer to Discovery, filed 9/6/1989 (CCSAO 684-688)

103.    Rios Motion to Produce Informant, filed 12/18/1989 (CCSAO 656-657)

104.    Rios Motion to Produce Informants, filed 12/21/1989 (CCSAO 670-673)

105.    Rios Motion to Suppress Statements, filed 1/5/1990 (CCSAO 691-694)

106.    Rios Motion to Suppress Statements, filed 1/ 5/1990, paras. 3a and 3b stricken (CCSAO 646-649)

107.    State Motion for Pre-Trial Discovery (CCSAO 674-675)

108.    Rios Motion to Quash Arrest and Suppress Evidence, filed 1/5/1990 (CCSAO 658-661)

109.    Cook County Public Defender's file for People v. Jaime Rios, Case. No. 89 CR 16525

110.    State Answer to Discovery, filed 9/6/1989 (with notes) (CCPD 149-153)

111.    Rios Answer to Discovery, filed 4/12/1990 (CCPD 272-273)

112.    *People v. Rios,* Appellate opinion

113.    Motion to Suppress Identification Testimony (CCPD 274-276)

114.    Deposition Transcript of Lamont Burr with exhibits (and videotape) (impeachment/refresh recollection)

115.    Deposition Transcript of Anthony Carballo with exhibits (and videotape)

116.    Deposition Transcript of Benjamin Carrero with exhibits (and videotape) (impeachment/refresh recollection)

117.    Deposition Transcript of Cristino Garcia with exhibits (and videotape) (impeachment/refresh recollection)

118.    Deposition Transcript of Reynaldo Guevara with exhibits (and videotape)

119.    Deposition Transcript of Kay Hanlon with exhibits (and videotape)

120.    Deposition Transcript of Luis Huertas with exhibits

121.    Deposition Transcript of Janet Lupa with exhibits

122.    Deposition Transcript of Michael Mason with exhibits (refresh recollection)

123.    Deposition Transcript of Kip Owen with exhibits

124.     Deposition Transcript of Barbara Riley with exhibits (and videotape)

125.     Deposition Transcript of Jaime Rios with exhibits (and videotape)

(impeachment/refresh recollection)

126.     Deposition Transcript of Ricardo Rios with exhibits (impeachment/refresh recollection)

127.     Deposition Transcript of Carol Rogala with exhibits

128.     Deposition Transcript of Karen Shields with exhibits and all materials supplied to Shields

for her review (and videotape) (impeachment/refresh recollection)

129.     Deposition Transcript of Geoffrey Loftus, Ph.D. with exhibits (and videotape)

(impeachment/refresh recollection)

130.     Deposition Transcript of Melissa Russano, Ph.D. with exhibits (and videotape)

(impeachment/refresh recollection)

131.     Deposition Transcript of John Wixted, Ph.D. with exhibits (and videotape)

(refresh recollection)

132.     Deposition Transcript of John Schafer, Ph.D. with exhibits (and videotape)

(refresh recollection)

133.     Any exhibits listed by Plaintiff

Defendants may introduce any and all documents and materials produced in the following cases as impeachment/rebuttal materials: *Maysonet v. Guevara, et al., Alfredo Gonzalez v. Guevara, DeLeon-Reyes v. Guevara, Solache v. Guevara, Juan Johnson v. Guevara, People v. Jose Maysonet, Jr., People v. Alfredo Gonzalez, People v. Justino Cruz, People v. Adriana Mejia, People v. DeLeon Reyes, People v. Solache, People v. Juan Johnson, People v. Jose E. Melendez*, *People v. Alfredo Gonzalez*, *People v. Nelson Rivera, People v. Santos Flores, People v. David Rivera*, *People v. Luis Serrano.*

## DESIGNATIONS [2]

**Plaintiff's Designations**

1. Guevara Deposition

2. Luis Huertas Deposition

3. Javier Torres Trial Testimony

4. William Johnston Trial Testimony

5. Yuksel Konakci Trial Testimony

**Defendants' Designations**

1. Guevara Motion to Quash and Trial Testimony

2. Guevara Motion Testimony

3. Luis Huertas Trial Testimony

4. Daniel Noon Trial Testimony

5. Janet Lupa Deposition Testimony

6. Donald Flannery Trial Testimony

7. Ernest Halvorsen Motion to Quash and Motion to Suppress Testimony

8. Richard Curley Trial Testimony

9. Aubrey O'Quinn Trial Testimony

---

[2] The Designations will be submitted to the court as a separate filing depending on the court's direction.

## PLAINTIFF'S CASE SPECIFIC QUESTIONS FOR VOIR DIRE

1.  This case involves an allegation that one of more of the defendants, police officers, violated plaintiff Jaimie Rios's civil rights by illegally forcing him to make a confession, fabricating evidence, suppressing favorable evidence, and maliciously prosecuting him.

    (a) Do you have any feelings, ideas, or beliefs about civil rights lawsuits, one way or another?

    If so, please describe your feelings, ideas, or beliefs.

    Would those feelings, ideas, or beliefs, affect your ability to give either side a fair trial?

    (b) Do you have any feelings, ideas, or beliefs, about giving money to people who prove that their civil rights have been violated and seek money damages for the harm caused by the violations of those rights?

    If so, please describe your feelings, ideas, or beliefs.

    Would those feelings, ideas, or beliefs, affect your ability to give either side a fair trial?

    (c) Do you have any feelings, ideas, or beliefs about compensating people for time which they have spent in prison as the result of violations of their civil rights?

    If so, please describe your feelings, ideas, or beliefs.

    Would those feelings, ideas, or beliefs, affect your ability to give either side a fair trial?

    **Defendants' Objection: Argumentative; conditioning the jury as to liability**

**and damages irrespective of the evidence in the case.**

2.  Do you have any feelings, ideas,  beliefs about gangs or gang members, including the
Latin Kings or the Spanish Cobras, or have you had  experiences involving  gang
members?

    If so, please describe your feelings, ideas, beliefs, or experiences.

    Would those feelings, ideas, or experiences,  affect your ability to give either side a fair
trial?

3.  This case involves allegations that defendants, Chicago police officers, used physical
force and threats during interrogations  in an effort to make Jaime Rios and another
person, Cristino Garcia, make statements.

    Do you have any feelings, ideas, beliefs, about police officers who use force or threats
to get suspects to confess? Have you had any experiences involving such conduct?

    If so, describe those feelings, ideas, beliefs, or experiences.

    Would those feelings, ideas, or experiences,  affect your ability to give either side a fair
trial?

    **Defendants' Objection: Argumentative; conditioning the jury as to liability
    and damages irrespective of the evidence in the case.**

4.  Police officers, possibly including the defendants may testify at this trial. Would give
the testimony of a police officer witness more or less credibility  simply because the
witness was a police officer.

5.  Expert witnesses who are compensated for their time may testify at this trial.

    Do you have any feelings, ideas, beliefs, about expert witnesses who are compensated
for their time?

If so, describe those feelings, ideas, beliefs, or experiences?

Would those feelings, ideas, or experiences, affect your ability to give either side a fair trial?

6. This trial may take as long as three weeks. Is there any reason why, given the length of the trial, you cannot sit as a juror?

**Defendants' Objection: Unnecessary as this issue will be addressed by the Court**

7. What three words would you use to describe yourself?

8. Please tell me about what you like to do in your spare time, including books, movies, television, podcasts, and the internet.

9. Where do you get your news?

10. If after hearing all of the evidence in the case and listening to the judge's instructions, would you have any hesitation entering a verdict for money damages if you believed Jamie Rios had proved that the defendants were liable and that he was entitled to money damages for his injuries?

**Defendants' Objection: Argumentative; conditioning the jury as to liability**

11. Do you have any preset limit in your mind about the amount of money damages you would be willing to award?

**Defendants' Objection: Argumentative; conditioning the jury as to liability**

12. Do you have preset limit in your ming about the amount of damages you would be willing to award for 17 years in custody?

**Defendants' Objection: Argumentative; conditioning the jury as to liability and factually incorrect as to the amount of time in custody.**

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1. Is there anything about this case that you've heard so far that would make you not want to sit as a juror in this case?

    **Plaintiff's Objection: Vague. This question invites the jurors to make up specious reasons to get out of service and head for the exits.**

2. Do you belong to any organizations, clubs, or groups? If so, which ones?

3. Are you or any of your close friends or relatives employed by a law enforcement agency, such as a police department, a prison or jail, or a prosecutor's office? Please explain.

4. Do you have any negative or positive feelings about the City of Chicago Police Department in general?

**Plaintiff's Objection: Not relevant to qualifications. Police Department is not a party.**

5. Do you have any family, relatives or close friends who are attorneys, judges or court personnel? If yes, do you talk to them about their work?

6. Have you or any of your family, relatives or close friends ever been involved in a lawsuit either as a party or witness?

7. Do you believe that people who file lawsuits are entitled to some compensation regardless of the evidence that is presented in the case?

**Plaintiff's Objection: Indoctrinating**

8. If, after hearing all the evidence and the instructions of the judge, you found that the plaintiff failed to prove his case, would you have any hesitation in entering a verdict for the defendants and rejecting plaintiff's demand for money damages?

9. Have you or any of your family, relatives or close friends ever been the victim of a

crime?

10.  Have you or any of your family, relatives or close friends ever been: a) a witness in a police investigation; b) detained or questioned by a police officer; c) arrested or charged with violating a law; or d) convicted of a crime, jailed or imprisoned?

11. Do you have any beliefs about police officers that could affect your ability to be fair to all parties in this case?

**Plaintiff's Objection: Indoctrinating**

12.  Have you read, seen or heard anything in the news media (newspapers, television, internet or radio) or social media about this case or the incident or any of the parties in this case?

13.  Has publicity about alleged police misconduct in the past couple of years in any way affected your view of police officers in general? If so, how? As a result of such publicity, do you believe it would be difficult for you to be fair in a case where a police officer is accused by a person of misconduct?

**Plaintiff's Objection: Indoctrinating**

14. Have you or any of your family, relatives or close friends ever had a negative experience with a law enforcement officer or police department? If so, please describe. Do you believe that experience would cause you to favor or disfavor any party to this case?

15.  Are there any circumstances in your personal life which will prevent you from giving your full attention to this case or from serving for the entire estimated length of this trial?

**Objection: Vague. Will encourage members of the panel to make up excuses and head for the exits.**

16.  Are there any other facts or circumstances you believe the court or the parties to the case should know about your ability to serve as a fair and impartial juror in this case?

**Objection: Vague. Will encourage members of the panel to make up excuses and head for the exits.**

17.  Have you heard of the Fifth Amendment right not to testify or to remain silent in a court proceeding? Do you have any strong feelings about this?

**Objection: Indoctrinating and touching on a matter of law to be addressed by court.**

18.  Do you believe that a person invoking their Fifth Amendment right to remain silent necessarily means the person is guilty of something? Do you agree that a person may have a valid reason for invoking their Fifth Amendment Rights other than being guilty of doing something?

**Objection: Indoctrinating and touching on a matter of law to be addressed by court.**

19.  In this case, the person invoking the Fifth Amendment is a former police detective. Do you believe police officers should be held to a different standard when it comes to choosing to invoke their Fifth Amendment Rights not to testify in court? Please explain your thoughts on this.

**Objection: Indoctrinating and touching on a matter of law to be addressed by court.**

20.  There will be instructions in this case that will tell you that you may consider that a person's refusal to testify under the Fifth Amendment means that their testimony may

be unfavorable to them, but you are not required to do so. Is there anyone here who feels that they will have difficulty following that instruction in this case? Please explain?

**Objection: Indoctrinating and touching on a matter of law to be addressed by court.**

21. Is there anyone here who feels that they would not be the right juror for this case because of their views on the Fifth Amendment or the fact that one of the Defendants has chosen not to testify?

**Objection: Indoctrinating and touching on a matter of law to be addressed by court**

## JURY INSTRUCTIONS

### FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury Instruction No. 1

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.01

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

**NO INFERENCE FROM JUDGE'S QUESTIONS**


During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.


Plaintiff's Proposed Jury Instruction No. 2

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.02


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


**Defendants' Objections:** None

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, some of defendants are former police officers. One of the defendants is a municipal corporation.  All parties are equal before the law. All parties are  entitled to the same fair consideration.

Plaintiff's Proposed Jury  Instruction No. 3

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.03, modified.

_____ Given

_____ Rejected

_____ Withdrawn

____X____ Objected to


**Defendants' Objections:** This is instruction is not needed as the City of Chicago should not be listed as named defendant. (*See* Defendants MIL #26) Additionally, focusing on the fact that the defendants are former police officers serves no purpose other than to improperly focus the jury on that issue and possible inflame the jury against them.

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Jury Instruction No. 4

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.04, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition/depositions, transcript, and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Plaintiff's Proposed Jury Instruction No. 5

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.05, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Jury Instruction No. 6

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.06, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


**Defendants' Objections:** None

40

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Proposed Jury  Instruction No. 7

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.07, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Jury Instruction No. 8

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.08, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Jury Instruction No. 9

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.09, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning the individual misconduct of defendants Reynaldo Guevara, Michael Mason, and Ernest Halvorsen only in the case against each of those parties. You must not consider it against any other party.

Plaintiff's Proposed Jury Instruction No. 10

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.10, modified.

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

**Defendants' Objections:** Deviates from the model jury instruction to improperly focus on evidence of alleged misconduct against the individual defendants. Defendants proposed Instruction #1 is a clearer neutral statement.

**EVIDENCE LIMITED TO CERTAIN PARTIES**

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual Defendant only in the case against that individual Defendant. You must not consider it against any other co-Defendant.

**Defendants' Proposed Instruction No. 1**

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.10 (modified last sentence by replacing the word "party" to "co-Defendant").*

**Plaintiff's Objections:** Although the two instructions are virtually identical, Plaintiff's version is much more accurate and specific.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Jury  Instruction No. 11

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.11, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## FIFTH AMENDMENT – ADVERSE INFERENCE

When asked questions while testifying in this case and during his prior depositions under oath, Defendant Reynaldo Guevara asserted his Fifth Amendment right not to incriminate himself and to instead remain silent.

You may draw an inference against Defendant Reynaldo Guevara as a result of his decision to invoke his Fifth Amendment right instead of testifying, and you may assume that any response that he might have given to the questions asked of him would have been unfavorable to him and would have incriminated him.

Plaintiff's Proposed Jury Instruction No. 12

Source: *Baxter v. Palmigiano*, 425 U.S. 308 (1975*); Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 929 (7th Cir. 2001); *Evans v. City of Chicago*, 513 F.3d 735, 741 (7th Cir. 2008):

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

**Defendants' Objections:** This proposed instruction is objectionable and improper on numerous grounds. First, as set forth in Defendants' Motions in Limine Nos.7, 8, and 9, no adverse inference is appropriate under the facts of this case. Second, even assuming that such adverse inference is appropriate, Plaintiff omits a required part of such instruction, specifically, language that specifies that the jury is not required to accept such adverse inference. Thus, giving this instruction as written would violate Supreme Court precedent by insinuating that the adverse inference is mandatory rather than permissive. *See Evans v. City of Chicago*, 513 F.3d 735, 741 (7th Cir.2008) ("[N]egative inference against a witness who invokes the Fifth Amendment in a civil case is permissive."); *see also Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 983 F.2d 800, 802 (7th Cir.1993). Third, this instruction is incomplete insofar as it does not require Plaintiff to establish the existence of matters on which the adverse inference is sought and seemingly would permit the jury to make a factual finding based solely on the invocation itself. This would also violate well-established law. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)("[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…("[T]he defendant's silence be weighed in light of other evidence rather than leading directly and without more to the conclusion of guilt or liability…[A]lthough 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them', an analysis of that evidence is nonetheless required…");

*National Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924 (7th Cir. 1983)("We conclude that defendant's claim of privilege should not have been deemed an admission, and that plaintiff should have been put to its proof, either by way of evidentiary support for a motion for summary judgment or at trial."); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999)(adverse inference alone cannot be used to establish existence of fact); *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991)(same); *Wrice v. Burge*, 2020 WL 419419, *2 (N.D.Ill. 2020)(same); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Kluppelberg v. Burge*, 2017 WL 3142757, *4 (N.D. Ill. 2017)("When a defendant has invoked his Fifth Amendment right against self-incrimination, as Burge has consistently done during this case, adverse factual inferences may be drawn from the choice to remain silent. At the same time, a plaintiff may not rest solely on the defendant's assertion of privilege to establish liability based on refusal to answer a complaint or to testify at a disciplinary hearing if there is no other evidence supporting liability."). Fourth, this instruction omits language that instructs the jury that it may not apply any adverse inference of one party against another party. Fifth, Plaintiff adds language which seemingly implies that the only valid inference from a Fifth Amendment invocation is that a truthful answer would incriminate the individual. This is most certainly not an accurate statement of the purposes for which the Fifth Amendment may be invoked by a person. *See Ohio v. Reiner*, 532 U.S. 17, 21 (2001)("But we have never held, as the Supreme Court of Ohio did, that the privilege is unavailable to those who claim innocence. To the contrary, we have emphasized that one of the Fifth Amendment's "basic functions…is to protect innocent men ... 'who otherwise might be ensnared by ambiguous circumstances.'"); *Grunewald v. United States*, 353 U.S. 391, 421 (1957).

## ADVERSE INFERENCE

You heard a witness use the Constitutional rights guaranteed him under the Fifth Amendment in response to questions here at the trial. You may, but are not required to, draw an inference from this invocation of his Fifth Amendment privilege that truthful answers to the questions he was asked would have been unfavorable to him.

However, you may not draw any unfavorable inference from any witnesses' invocation of his Fifth Amendment rights alone. Rather, before you may draw any such unfavorable inference, the party seeking to have you draw such an unfavorable inference must also introduce other independent evidence establishing the truth of the matters for which such unfavorable inference is sought to be drawn. In other words, you may not draw any unfavorable inference based solely on a question asked by an attorney which elicits a Fifth Amendment invocation from a person or party. If no other independent evidence is admitted into evidence, you may not draw any unfavorable inference from any witnesses' invocation of his Fifth Amendment rights on such issue.

Finally, you may only draw an unfavorable inference from a person's invocation of Fifth Amendment rights against the party or person who invokes these rights. You may not draw any unfavorable inference against one party or person based on the invocation of Fifth Amendment rights by another person or party.

**Defendants' Proposed Instruction No. 2 (contingent on motion in limine rulings)**
_____  Given
_____  Rejected
_____  Withdrawn
\_\_\_X\_\_\_  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.19 (modified); Ruiz-Cortez v. City of Chicago,* 931 F.3d 592, 603 (7th Cir. 2019); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 834 (7th Cir. 2016); *Jimenez v. Bogucki et al.,* 09 CV 08081 (Jan. 23, 2012) (Kennelly, J.)(Dkt. No. 287 at 8); *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)("[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…("[T]he defendant's silence be weighed in light of other evidence rather than leading directly and without more to the conclusion of guilt or liability…[A]lthough 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them', an analysis of that evidence is nonetheless required…"); *National Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924 (7th Cir. 1983)("We conclude that defendant's claim of privilege should not have been deemed an admission, and that plaintiff should have been put to its proof, either by way of evidentiary support for a motion for summary judgment or at trial."); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999)(adverse inference alone cannot be used to establish existence of fact); *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991)(same); *Wrice v. Burge*, 2020 WL 419419, *2 (N.D.Ill. 2020)(same); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for

summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Kluppelberg v. Burge*, 2017 WL 3142757, *4 (N.D. Ill. 2017)("When a defendant has invoked his Fifth Amendment right against self-incrimination, as Burge has consistently done during this case, adverse factual inferences may be drawn from the choice to remain silent. At the same time, a plaintiff may not rest solely on the defendant's assertion of privilege to establish liability based on refusal to answer a complaint or to testify at a disciplinary hearing if there is no other evidence supporting liability.").

**Plaintiff's Objections:** This instruction is objectionable on a number of grounds. First, Reynaldo Guevara is a party, not merely a witness, and the reference to him as a "witness" is unnecessarily confusing to the jury. The characterization will be doubly confusing if Reynaldo Guevara's invocation is admitted by deposition designations rather than by sworn in person or zoom testimony. Second, for the reasons given in Jaime Rios's response to defendants' motion in limine no. 8, there is no precedent for holding that at trial, as opposed to a motion for summary judgment or judgment on the pleadings, plaintiff is required to produce independent evidence to support the adverse inference. Third, even if plaintiff was required to produce evidence to support the inference as to any particular fact, that would be a question for the court, not the jury. In connection with this instruction, it should be noted that Jaime Rios's current plan is to present most of the pertinent deposition designations individually, after independent evidence has been introduced supporting the relevant inferences.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Proposed Jury  Instruction No. 13

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.12.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness' age

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Jury  Instruction No. 14

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.13, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

52

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Jury Instruction No. 15

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.14, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


**Defendants' Objections:** None

## IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that individuals have been convicted of a crime. You may consider this evidence only in deciding whether such individual's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Plaintiff's Proposed Jury  Instruction No. 16

The William J. Bauer Pattern Civil  Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.15, modified.

_____ Given

_____ Rejected

_____ Withdrawn

____X____ Objected to

**Defendants' Objections:**   Defendants object to this instruction because the convictions can be considered for other purposes. *See* Defendants' response to Plaintiff's MIL #1.  Defendants have proposed an alternative instruction.

## IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that individuals have been convicted of a crime. You may consider this evidence in deciding whether such individual's testimony is truthful in whole, in part, or not at all.

With respect to Jamie Rios, you may consider this evidence and their prior interactions with police in deciding whether Jamie Rios was familiar with police and the process of being questioned at the time he was questioned about the Morales homicide.

Defendants' Proposed Jury Instruction No. 3

_____ Given

_____ Rejected

_____ Withdrawn

____X___ Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.15 (modified) *See* Defendants' response to Plaintiff's MIL #1

**Plaintiff's Objections:** Plaintiff objects to this instruction because it cites no source, does not conform to the pattern jury instruction and because there are no usable convictions with respect to the plaintiff. Plaintiff may have additional suggestions if any convictions are admitted for other purposes, depending upon the court's rulings.

## EVIDENCE OF OTHER ACTS BY DEFENDANT REYNALDO GUEVARA

You have heard testimony and evidence that defendant Reynaldo Guevara committed acts other than the ones alleged in the complaint. Before using this evidence, you must decide whether it is more likely than not that defendant Reynaldo Guevara took the actions that are not charged in the complaint. If you decide that he did, then you may consider that evidence to help you decide whether or not he was the person who committed the acts alleged by Jaime Rios with respect to Jaime Rios, Cristino Garcia, and Benjamin Carrero, his motive for committing those acts, his intent in committing those acts, his opportunity to commit those acts, as well as any preparation or plan to commit those acts. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because Reynaldo Guevara committed an act before or after the acts alleged in the complaint, he is more likely to have committed the acts alleged in the complaint. The reason is that Reynaldo Guevara is not on trial for these other acts. Rather, he is only on trial for violations of Jaime Rios's civil rights. Jaime Rios has the burden to prove by a preponderance the elements of the civil rights violations charged in the complaint. This burden cannot be met with an inference that Reynaldo Guevara is a person whose acts suggest bad character or a willingness or tendency to civil rights violations.

Plaintiff's Proposed Jury Instruction No. 17

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 3.11, modified.

_____ Given

_____ Rejected

_____ Withdrawn

____X___ Objected to

**Defendants' Objection**: Defendants objection to this instruction in its entirety. First, there is no basis for introducing any other alleged "bad acts" at trial in this case. *See* Def.'s Resp. Pl.'s Mot. Lim. Nos. 4-11. Second, this instruction improperly suggests non-parties have "allegations" in this case (Cristino Garcia, and Benjamin Carrero) to be determined. Third, this instruction is confusing, incomplete, and fails to define any of the material terms set forth therein. Fourth, this instruction is improperly taken from the criminal instructions and materially deviates from those pattern instructions. In the event any Rule 404(b) evidence is admitted, Defendants will submit an appropriately tailored instruction to such evidence.

## EVIDENCE OF OTHER ACTS BY DEFENDANT MICHAEL MASON

You have heard testimony and evidence that defendant Michael Mason committed acts other than the ones alleged in the complaint.  Before using this evidence, you must decide whether it is more likely than not that defendant Michael Mason committed or conspired with Reynaldo Guevara to take actions that are not charged in the complaint.  If you decide that he did, then you may consider that evidence to help you decide whether or not Michael Mason  was the person who committed the acts alleged by Jaime Rios or that he conspired with Reynaldo Guevara to commit those acts, or that he conspired with Reynaldo Guevara to commit the acts alleged by  Cristino Garcia, and Benjamin Carrero, his motive for committing those acts, his intent in committing those acts, his opportunity to commit those acts,  any preparation or plan to commit those acts, or any conspiracy with Reynaldo Guevara. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because Michael Mason committed an act before or after the acts alleged in the complaint, he is more likely to have committed the acts alleged  in the complaint.  The reason is that Micheal Mason  is not on trial for these other acts. Rather, he is only on trial for violations of Jaime Rios's civil rights. Jaime Rios has the burden to prove by a preponderance the elements of the civil rights violations charged in the indictment. This burden cannot be met with an inference that Michael Mason  is a person whose acts suggest bad character or a willingness or tendency to civil rights violations.

Plaintiff's Proposed Jury  Instruction No. 18

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 3.11, modified.

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_X\_\_\_ Objected to

**Defendants' Objection**: Defendants objection to this instruction in its entirety. First, there is no basis for introducing any other alleged "bad acts" at trial in this case. *See* Def.'s Resp. Pl.'s Mot. Lim. Nos. 4-11. Second, this instruction improperly suggests non-parties have "allegations" in this case (Cristino Garcia, and Benjamin Carrero) to be determined. Third, this instruction is confusing, incomplete, and fails to define any of the material terms set forth therein.  Fourth, this instruction is improperly taken from the criminal instructions and materially deviates from those

pattern instructions. In the event any Rule 404(b) evidence is admitted, Defendants will submit an appropriately tailored instruction to such evidence. Fifth, this instruction is not needed as Plaintiff has not moved to allow evidence of any Fed. R. Evid. 404(b) witnesses to testify about such matters against Defendant Mason.

### EVIDENCE OF OTHER ACTS BY DEFENDANT ERNEST HALVORSEN

You have heard testimony and evidence that defendant Ernest Halvorsen  committed acts other than the ones alleged in the complaint.  Before using this evidence, you must decide whether it is more likely than not that defendant Ernest Halvorsen  committed or conspired with Reynaldo Guevara to take actions that are not charged in the complaint.  If you decide that he did, then you may consider that evidence to help you decide whether or not Ernest Halvorsen  was the person who committed the acts alleged by Jaime Rios or that he conspired with Reynaldo Guevara to commit those acts, or that he conspired with Reynaldo Guevara to commit the acts alleged by Cristino Garcia, and Benjamin Carrero, his motive for committing those acts, his intent in committing those acts, his opportunity to commit those acts,  any preparation or plan to commit those acts, or any conspiracy with Reynaldo Guevara. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because Ernest Halvorsen  committed an act before or after the acts alleged in the complaint, he is more likely to have committed the acts alleged  in the complaint.  The reason is that Ernest Halvorsen  is not on trial for these other acts. Rather, he is only on trial for violations of Jaime Rios's civil rights. Jaime Rios has the burden to prove by a preponderance the elements of the civil rights violations charged in the indictment. This burden cannot be met with an inference that Ernest Halvorsen   is a person whose acts suggest bad character or a willingness or tendency to civil rights violations.

Plaintiff's Proposed Jury  Instruction No. 19

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 3.11, modified.

_____ Given

_____ Rejected

_____ Withdrawn

____X____ Objected to

**Defendants' Objection**: Defendants objection to this instruction in its entirety. First, there is no basis for introducing any other alleged "bad acts" at trial in this case. *See* Def.'s Resp. Pl.'s Mot. Lim. Nos. 4-11. Second, this instruction improperly suggests non-parties have "allegations" in this case (Cristino Garcia, and Benjamin Carrero) to be determined. Third, this instruction is confusing, incomplete, and fails to define any of the material terms set forth therein.  Fourth, this instruction is improperly taken from the criminal instructions and materially deviates from those

pattern instructions. In the event any Rule 404(b) evidence is admitted, Defendants will submit an appropriately tailored instruction to such evidence. Fifth, this instruction is not needed as Plaintiff has not moved to allow evidence of any Fed. R. Evid. 404(b) witnesses to testify about such matters against Defendant Halvorsen.

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Proposed Jury Instruction No. 20

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.16, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Jury Instruction No. 21

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.17, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Jury  Instruction No. 21

The William J. Bauer Pattern Civil  Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.18, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## ADVERSE INFERENCE FROM MISSING PARTY

Defendant Reynaldo Guevara was mentioned at trial but did not testify and did not appear at trial. You may, but are not required to, assume that Reynaldo Guevara's testimony would have been unfavorable to Reynaldo Guevara.

Plaintiff's Proposed Jury Instruction No. 22

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.19, modified.

*Rainey v. Taylor*, 941 F.3d 243, 251 (7th Cir. 2019).

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_\_X\_\_\_ Objected to

**Defendants' Objections**: This instruction is wholly improper in every respect. Guevara has no obligation to "appear" at trial as a civil defendant. Plaintiff has numerous means to secure the testimony of Guevara including introducing his deposition testimony and moving to have Guevara testify remotely. The authority cited by Plaintiff is wholly inapposite and inapplicable. The *Rainey* case addressed a situation where a litigant failed to comply with court orders and discovery in general and was imposed as a sanction. Guevara has cooperated with every aspect of this case at every step and will cooperate in making himself available to testify in whatever means necessary short of physically traveling across the country so that Plaintiff can force him to invoke his Fifth Amendment Rights in person (i.e. appearing remotely, providing deposition designations,

stipulation, etc.). Guevara is not unavailable to provide testimony at trial at all and, thus, the rule does not apply in the first place. Indeed, the Seventh Circuit held as much several month ago. *See NHC LLC v. Centaur Construction Company Inc.*, 2025 WL 2717628, at *4 (7th Cir. 2025)(trial court properly refused missing witness instruction when witness was available to provide testimony via deposition; "Nuñez's willingness to provide deposition testimony when called by Defendants further undermines Defendants' position, as a missing witness instruction requires the evidence to 'reflect the [proponent's] inability to present that same testimony.'"); *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836, 844 (7th Cir. 1984)(same and holding that the trial court's decision not to give missing witness instruction was proper because the party "relied upon and quoted extensively from the depositions of missing witnesses.").

Moreover, because Guevara has asserted his Fifth Amendment Rights across the board to all questions, the entirety of Guevara's testimony is cumulative and, thus, the missing witness instruction does not apply. *See NHC LLC*, 2025 WL 2717628, at *4 (testimony that would have been cumulative of evidence already in record not subject to missing witness instruction); *U.S. v. Toma*, 1997 WL 665867, at *2 (N.D.Ill.,1997)(" Defendant was not entitled to a missing witness instruction regarding Laviva Ali. She had expressed her intention to invoke her Fifth Amendment right not to testify."). Again, the substance of Guevara's testimony will be identical whether presented as a stipulation, live, or remote. Plaintiff is not deprived of presenting this testimony in any way.

## ADVERSE INFERENCE

You heard a witness use the Constitutional rights guaranteed him under the Fifth Amendment in response to questions here at the trial. You may, but are not required to, draw an inference from this invocation of his Fifth Amendment privilege that truthful answers to the questions he was asked would have been unfavorable to him.

However, you may not draw any unfavorable inference from any witnesses' invocation of his Fifth Amendment rights alone. Rather, before you may draw any such unfavorable inference, the party seeking to have you draw such an unfavorable inference must also introduce other independent evidence establishing the truth of the matters for which such unfavorable inference is sought to be drawn. In other words, you may not draw any unfavorable inference based solely on a question asked by an attorney which elicits a Fifth Amendment invocation from a person or party. If no other independent evidence is admitted into evidence, you may not draw any unfavorable inference from any witnesses' invocation of his Fifth Amendment rights on such issue.

Finally, you may only draw an unfavorable inference from a person's invocation of Fifth Amendment rights against the party or person who invokes these rights. You may not draw any unfavorable inference against one party or person based on the invocation of Fifth Amendment rights by another person or party.

**Defendants' Proposed Instruction No. 4 (contingent on motion in limine rulings)**

*Source: Seventh Circuit Pattern Jury Instruction 1.19 (modified); Ruiz-Cortez v. City of Chicago,* 931 F.3d 592, 603 (7th Cir. 2019); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc*., 831 F.3d 815, 834 (7th Cir. 2016); *Jimenez v. Bogucki et al.,* 09 CV 08081 (Jan. 23, 2012) (Kennelly, J.)(Dkt. No. 287 at 8); *See LaSalle Bank Lake View v. Seguban,* 54 F.3d 387, 390 (7th Cir. 1995)("[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…("[T]he defendant's silence be weighed in light of other evidence rather than leading directly and without more to the conclusion of guilt or liability…[A]lthough 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them', an analysis of that evidence is nonetheless required…"); *National Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924 (7th Cir. 1983)("We conclude that defendant's claim of privilege should not have been deemed an admission, and that plaintiff should have been put to its proof, either by way of evidentiary support for a motion for summary judgment or at trial."); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999)(adverse inference alone cannot be used to establish existence of fact); *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991)(same); *Wrice v. Burge*, 2020 WL 419419, *2 (N.D.Ill. 2020)(same); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district

court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Kluppelberg v. Burge*, 2017 WL 3142757, *4 (N.D. Ill. 2017)("When a defendant has invoked his Fifth Amendment right against self-incrimination, as Burge has consistently done during this case, adverse factual inferences may be drawn from the choice to remain silent. At the same time, a plaintiff may not rest solely on the defendant's assertion of privilege to establish liability based on refusal to answer a complaint or to testify at a disciplinary hearing if there is no other evidence supporting liability.").

_____ Given

_____ Rejected

_____ Withdrawn

__X_____ Objected to

**Plaintiff's Objections:** This instruction is objectionable on a number of grounds. First, Reynaldo Guevara is a party, not merely a witness, and the reference to him as a "witness" is unnecessarily confusing to the jury. The characterization will be doubly confusing if Reynaldo Guevara's invocation is admitted by deposition designations rather than by sworn in person or zoom testimony. Second, for the reasons given in Jaime Rios's response to defendants' motion in limine no. 8, there is no precedent for holding that at trial, as opposed to a motion for summary judgment or judgment on the pleadings, plaintiff is required to produce independent evidence to support the adverse inference. Third, even if plaintiff was required to produce evidence to support the inference as to any particular fact, that would be a question for the court, not the jury. In connection with this instruction, it should be noted that Jaime Rios's current plan is to present most of the pertinent deposition designations individually, after independent evidence has been introduced supporting the relevant inferences.

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Jury Instruction No. 23

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.21, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


**Defendants' Objections:** None

## SUMMARIES

The parties agree that the summary of the trial record accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

Plaintiff's Proposed Jury Instruction No. 24

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.23, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None, if needed.

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of _____, which was taken on _____ is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Defendants' Proposed Instruction No. 5**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.08*

**Plaintiff's Objections:** None

## DEMONSTRATIVE EXHIBITS

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Jury Instruction No. 25

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 1.24, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None, if needed. At this time, Defendants have not seen any of the of demonstrative exhibits Plaintiff may seek to use and reserves the right to object to use of those demonstrative exhibits.

## CERTIFICATE OF INNOCENCE

You have heard evidence that Plaintiff was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case. The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law. These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

Plaintiff's Proposed Jury Instruction No. 27

Source: *Harris v. City of Chi.*, No. 14 C 4391, at *8 (N.D. Ill. May 11, 2018)

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_\_X\_\_\_ Objected to

**Defendants' Objection:** *See* Def.'s Resp. Pl.'s Mot. Lim. No. 2. In the event the Certificate of Innocence is admitted, Defendants agree to this instruction.

## MULTIPLE CLAIMS; MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Plaintiff's Proposed Jury Instruction No. 28

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 27, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.


Plaintiff's Proposed Jury  Instruction No. 29

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 27, modified.


_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

**Defendants' Proposed Instruction No. 6**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.31*

**Plaintiff's Objections:** None

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form, and you will all sign it..

Plaintiff's Proposed Jury Instruction No. 30

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 32, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Plaintiff's Proposed Jury Instruction No. 31

The William J. Bauer Pattern Civil Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 33, modified.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

**Defendants' Objections:** None

## ISSUES

The Plaintiff in this case is Jamie Rios. I will refer to him as the Plaintiff. The Defendants in this case are: Reynaldo Guevara, Michael Mason, and Ernest Halvorsen, deceased, who are former Chicago police officers. I will refer to them as the Defendants.

Plaintiff brings the following claims:

First, Defendants Guevara, Mason, and Halvorsen violated his rights under the Fifth Amendment by coercing him to confess to a murder of Luis Morales;

Second, Defendant Guevara violated his rights under the Fourteenth Amendment by fabricating evidence that was used against him at his criminal trial;

Third, Defendant Guevara violated his rights under the Fourteenth Amendment by suppressing material exculpatory evidence; and

Fourth, Defendant Guevara maliciously prosecuted Plaintiff.

Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.

**Defendants' Proposed Instruction No. 7**

_____ Given

_____ Rejected

_____ Withdrawn

____X__ Objected to


**Plaintiff's Objections:** This instruction is unnecessary, so long as each claim is separately defined. In addition, there is no "Third" or "Fifth" and no separation of the two different claims for suppression of material exculpatory evidence and the two different claims for fabrication of evidence.

## CLAIM ONE: COERCED CONFESSION

Plaintiff claims that Defendants Reynaldo Guevara, Michael Mason, and Erenest Halvorsen violated his constitutional right to due process by coercing him to confess to the charged crime. To succeed on this claim, Plaintiff must prove each of the following two things by a preponderance of evidence:

1. One or more of the Defendants coerced Plaintiff to make self-incriminating statements; and

2. The self-incriminating statement was used against Plaintiff in the criminal trial.

   A statement is coerced if it is the result of physical or psychological abuse or the threat of physical or psychological violence.

   If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

   If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Instruction No. 32

Source: *Payne v. Arkansas*, 356 U.S. 560 (1958); *Arizona v. Fulminante*, 499 U.S. 279 (1991); *Wrice v. Byrne*, 488 F. Supp. 3d 646, 654 (N.D. Ill. 2020)

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

**Defendants' Response:** Defendants object to this instruction as it is an incomplete statement of the law. *See* Defendants' proposed alternative instructions.

## CLAIM I: FIFTH AMENDMENT: CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHT AGAINST COMPELLED SELF-INCRIMNIATION

Plaintiff claims that the Defendants violated his constitutional right against self-incrimination by coercing him to confess.

To succeed on this claim, Plaintiff must prove each of the following by a preponderance of the evidence:

1.  That the Plaintiff made incriminating statements;

2.  That such incriminating statements were not made by the Plaintiff voluntarily, but rather were made involuntarily and as a result of improper coercion by the Defendant you are considering;

3.  The incriminating statements were used against Plaintiff during his criminal case;

4.  These acts proximately caused damages to the Plaintiff.

If you find that Plaintiff has proven these propositions as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and not consider the question of damages as to that Defendant on this claim.


Defendants P**roposed Instruction No. 8**
_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_\_ Objected to

*Source:* Given in *Deon Patrick v. City of Chicago et al.*, 14 CV 3658 (April. 12, 2017) (Guzman, J.) (Dkt. No. 369 at 30).

**Plaintiff's Objections:** This instruction is improper, incomplete, and confusing. First, the use of the terms involuntarily and involuntarily  in the same sentence is confusing. Second, the requirement that plaintiff prove that the statements were both involuntary *and* produced as the result of "improper coercion," does not accurately state the law, since a statement produced by improper coercion is, by definition, involuntary. Third, the requirement that the statement proximately caused damages is also inaccurate and confusing since there is no issue in this case

that the admission of the statement could be considered harmless error and the jury is supposed to consider damages separately, and not as an element of the claim.

## VOLUNTARINESS OF A STATEMENT – DEFINED

A statement is not voluntary if it is the result of improper police coercion that overcomes the Defendant's free will.

A statement is not involuntary merely because a person in police custody has made incriminating statements to a law enforcement officer implicating himself or others in criminal activity.

In determining whether a statement was voluntary you should take into consideration all the circumstances surrounding the giving of the confession. However, moral or psychological pressures emanating from sources other than improper police coercion do not render a statement involuntary.

A statement that is a product of mental infirmity, physical illness or intoxication in the absence of improper police coercion is not involuntary.

In seeking a statement from a person in custody, police officers are legally permitted to confront such person with evidence of guilt, engage in accusatory questioning, play on a suspect's ignorance, anxieties, fears and uncertainties, make false and/or misleading statements to such person about evidence of the person's guilt, pose as a "false friend," make statements to such person regarding the potential legal consequences of the crime being investigated, and provide promises to bring a person's cooperation to the attention of prosecutors. Accordingly, use of such tactics to obtain an incriminating statement do not render such incriminating statement involuntary.

## Defendants' Proposed Instruction No. 9

*Source*: *Colorado v. Connelly,* 479 U.S. 157, 163–64 (1986)("While each confession case has turned on its own set of factors justifying the conclusion that police conduct was oppressive, all have contained a substantial element of coercive police conduct. Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal Defendant of due process of law…. We hold that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment… The sole concern of the Fifth Amendment, on which Miranda was based, is governmental coercion. Indeed, the Fifth Amendment privilege is not concerned 'with moral and psychological pressures to confess emanating from sources other than official coercion.' The voluntariness of a waiver of this privilege has always depended on the absence of police overreaching, not on "free choice" in any broader sense of the word."); *Dassey v. Dittmann*, 877 F.3d 297, 303 (7th Cir. 2017)("[A] a person arguing his confession was involuntary must show that the police engaged in coercive practices."); *Dassey*, 877 F.3d at 304 ("In several cases, the Court has held that officers may deceive suspects through appeals to a suspect's conscience, by posing as a false friend, and by other means of trickery and bluff."); *Lawrence v. Farley*, 14 F.3d 604 (7th Cir. 1993)(" Lawrence has neither alleged nor shown coercive police conduct at the time of his confession. In the absence of such a showing, Lawrence's

intoxication will not negate the voluntariness of his confession."); *United States v. Walker*, 272 F.3d 407, 413 (7th Cir. 2001)(" The key point here, however, is that a suspect's physical pain or drug use does not make a confession involuntary as a matter of law."); *United States v. Rutledge*, 900 F.2d 1127, 1129 (7th Cir. 1990)("The police are allowed to play on a suspect's ignorance, his anxieties, his fears, and his uncertainties; they just are not allowed to magnify those fears, uncertainties, and so forth to the point where rational decision becomes impossible."); *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994)("If all that was meant in deeming a confession coerced were that the efforts of the police had caused the Defendant to confess, in the (inadequate) sense that he would not have done so had it not been for those efforts, the concept of "coerced confession" would at least be free from ambiguity. But the concept is more limited. Custodial interrogation is permitted even though inherently coercive and doubtless responsible for many a confession, and in addition the courts allow interrogators in these already coercive custodial settings considerable latitude in playing on the guilt and fears of the person interrogated in order to extract a confession that he will shortly regret having given."); *United States v. Montgomery*, 555 F.3d 623, 632 (7th Cir. 2009)("Even if Heiser had told Montgomery that the other passengers implicated him, there is no rule finding such conduct necessarily coercive. In fact, precedent holds that a police officer may "actively mislead" a suspect prior to obtaining a statement or confession so long as a rational decision remains possible."); *United States v. Sturdivant*, 796 F.3d 690, 697 (7th Cir. 2015)("'We have repeatedly held that a law-enforcement agent may actively mislead a Defendant in order to obtain a confession, so long as a rational decision remains possible.' We have also held that 'a lie that relates to the suspect's connection to the crime is the least likely to render a confession involuntary.'"); *United States v. Kontny*, 238 F.3d 815, 817 (7th Cir.2001) (trickery does not render confession inadmissible absent threats or promises by government agents) quoting *United States v. Byram*, 145 F.3d 405, 408 (1st Cir.1998) ("trickery is not automatically coercion. Indeed, the police commonly engage in such ruses as suggesting to a suspect that a confederate has just confessed or that police have or will secure physical evidence against the suspect. While the line between ruse and coercion is sometimes blurred, confessions procured by deceits have been held voluntary in a number of situations"); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)("Harris objects that he was threatened with false and misleading evidence, but even if this is the case, it is well settled that police may use small deceptions while interrogating witnesses."); *Ray v. Duckworth*, 881 F.2d 512, 518 (7th Cir.1989)("There is clearly no merit to Ray's claim that he was robbed of his free will by the mounting pressures of the incriminating evidence the police had gathered. An interrogating officer's act of merely informing the accused of the nature of the evidence implicating him, without more, does not constitute coercive police conduct."); *United States ex rel. Hall v. Director, Dep't of Corrections*, 578 F.2d 194 (7th Cir.1978) (no ipso facto coercion when police told a suspect, wrongly, that co-Defendants had implicated him as the ringleader); *United States v. Hocking*, 860 F.2d 769, 775 (7th Cir.1988) (accusatory questioning not in itself coercive); *United States v. Braxton*, 112 F.3d 777, 782 (4th Cir.1997) (truthful statements about sentence suspect faces do not render statement involuntary); *United States v. Schaeuble*, No. 08-CR-148, 2008 WL 4810079, at *8 (E.D. Wis. Oct. 30, 2008)("Courts have generally held that the following practices are insufficiently coercive to constitute a Fifth Amendment violation: (1) promises of leniency; (2) confrontation of the accused with other evidence of guilt; and, (3) an interrogator's false or misleading statements."); *United States v. Villalpando*, 588 F.3d 1124, 1130 (7th Cir. 2009)("[P]romises to seek favorable consideration from the prosecutor do not undermine the voluntariness of a confession."); *United States v. Charles*, 476 F.3d 492, 497 (7th Cir.2007)(same); *U.S. v. Walker*, 272 F.3d 407, 412–13

(7th Cir. 2001)("[A] suspect's physical pain or drug use does not make a confession involuntary as a matter of law."); *United States v. Chrismon*, 965 F.2d 1465, 1469 (7th Cir.1992) (stating that "a defendant's intoxication ...—without some showing of coercion by the government—will not negate voluntariness").

_____ Given
_____ Rejected
_____ Withdrawn
\_\_X\_\_\_\_ Objected to


**Plaintiff's Objections:** This instruction is confusing and inaccurate, and injects into the jury's deliberations considerations which are not based upon any evidence in this case. *Connelly* stands for the principle that, absent, police conduct of some kind, a suspect's mental or physical conditions, unknown to the police, cannot form the basis for a finding that a confession is involuntary. This principle is utterly inapplicable here, where Jaime Rios is making no such claim. Instead, Jaime Rios claims that his statement was coerced by the illegal use of physical force and an illegal threat to take his children away from him. Similarly, there is no evidence in this case that Mason, Halvorsen, or Guevara, confronted such person with evidence of guilt, engaged in accusatory questioning, played on a suspect's ignorance, anxieties, fears and uncertainties, made false and/or misleading statements to such person about evidence of the person's guilt, posed as a "false friend," or made statements to such person regarding the potential legal consequences of the crime being investigated, and or provided promises to bring a person's cooperation to the attention of prosecutors. Instead, Mason claims that Jaime Rios confessed voluntarily, with virtually no questioning and Halvorsen and Guevara provide no information at all. Some of the considerations mentioned in this instruction may relate to the evidence of Dr. Melissa Russano, but her testimony goes to the reliability of the statements with respect to guilt or innocence, and not to whether they were unconstitutionally coerced.

**CLAIM TWO: FAIR TRIAL: FABRICATION OF EVIDENCE (CONFIDENTIAL INFORMANTS)**

Plaintiff claims that Defendant Reynaldo Guevara  violated his right to a fair trial by fabricating evidence that was used against Plaintiff in the criminal case, to wit: evidence that confidential informants had implicated Plaintiff and Cristino Garcia in the murder of Luis Morales.  To succeed on this claim, Plaintiff must prove each of the following three  things by a preponderance of the evidence:

1.      Defendant Reynaldo Guevara knowingly fabricated evidence that was introduced against Plaintiff at his criminal trial and in his criminal case.

2.      The evidence was material.

3.      Plaintiff was damaged as a result.

Evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had not been fabricated.  It is sufficient if the fabrication of  the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 33

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

__X___ Objected to

**Defendants Objection:** *See* Defendants' proposed alternate instructions. Moreover, Plaintiff improperly attempts to use testimonial evidence as evidence of fabrication. This Court has ruled this is not proper and not a claim in this case. *See* Dckt. No. 243.

**CLAIM THREE: FAIR TRIAL: FABRICATION OF EVIDENCE (BENJAMIN CARRERO)**

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by fabricating evidence that was used against Plaintiff in the criminal case, to wit: evidence that Plaintiff gave a gun to Benjamin Carrero and made a statement implicating himself in a murder. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant Reynaldo Guevara knowingly fabricated evidence that was introduced against Plaintiff at his criminal trial and in his criminal case.

2. The evidence was material.

3. Plaintiff was damaged as a result.

Evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had not been fabricated. It is sufficient if the fabrication of the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 34

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

__X___ Objected to

**Defendants Objection**: *See* Defendants' proposed alternate instructions. Moreover, Plaintiff

improperly attempts to use testimonial evidence as evidence of fabrication. This Court has ruled this is not proper and not a claim in this case. *See* Dckt. No. 243.

## CLAIM FOUR: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE (CRISTINO GARCIA ALIBI)

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by failing to disclose exculpatory evidence, to wit: evidence of Cristino Garcia's alibi, that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant knowingly concealed exculpatory evidence, and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

Exculpatory evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had been disclosed. It is sufficient if the failure to disclose the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 35

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

__X___ Objected to

**Defendants Objections**: *See* Defendants' proposed alternate instructions.

## CLAIM FIVE: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE (PHYSICAL ASSAULT OF CRISTINO GARCIA)

Plaintiff claims that Defendant Reynaldo Guevara violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence, to wit: evidence that Reynaldo Guevara physically assaulted Cristino Garcia and attempted to get Cristino Garcia to falsely implicate Plaintiff, that was material to Plaintiff's defense in the criminal case. To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. Defendant knowingly concealed exculpatory evidence and/or impeachment evidence and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

A reasonable probability does not require Plaintiff to show that it was more likely than not that the result of the criminal proceeding would have been different if the evidence had been disclosed. It is sufficient if the failure to disclose the evidence undermines confidence in the verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 36

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.14, modified

_____ Given

_____ Rejected

_____ Withdrawn

___X__ Objected to

**Defendants Objections**: *See* Defendants' proposed alternate instructions.

**CLAIM II: FAIR TRIAL: CONCEALMENT OF EXCULPATORY EVIDENCE/
FABRICATION OF EVIDENCE.**

Plaintiff claims that Defendant Guevara violated his right to a fair trial by failing to disclose exculpatory evidence that was material to Plaintiff's defense in the criminal case and by fabricating evidence that was used against Plaintiff in the criminal case. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  That Defendant Guevara knowingly concealed from the prosecutor exculpatory evidence, and the evidence was not otherwise available to Plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial and/or knowingly fabricated evidence that was introduced against Plaintiff at his criminal trial.

2.  The evidence was material.

3.  Plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

Exculpatory and fabricated evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed.

Evidence which would not have been admissible in an underlying criminal proceeding cannot be "material."

For the purposes of Plaintiff's fabrication of evidence claim, you may not base your verdict, in whole or in part, on any alleged fabrication of testimony at trial by any Defendant.

For the purposes of Plaintiff's fabrication of evidence claim, the evidence allegedly fabricated must also have been introduced as evidence at Plaintiff's criminal trial. Evidence that has not been introduced at Plaintiff's criminal trial, even if fabricated, cannot be, in whole or in part, the basis of your verdict on Plaintiff's fabrication of evidence claim.

For the purposes of Plaintiff's suppression of evidence claim, evidence known to any prosecutor cannot form the basis, in whole or in part, of your verdict.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide Defendant Guevara, and you will not consider the question of damages.

**Defendants' Proposed Instruction No. 10**

*Source: Seventh Circuit Pattern Jury Instruction 7.14* (modified to provide for multiple Defendants and the claim in this case and to account for *Brady* jurisprudence at time of the plaintiff's criminal trial and to account for lack of legal viability of false testimony as a basis for evidence fabrication and role of prosecutor/police in *Brady*); *United States v. Silva*, 71 F.3d 667, 670 (7th Cir.1995) ("[E]vidence that would not have been admissible at trial is immaterial because it could not have affected the trial's outcome."); *United States v. Salem*, 578 F.3d 682, 686 (7th Cir.2009) ("Of course ... only admissible evidence can be material, for only admissible evidence could possibly lead to a different verdict."); *Jardine v. Dittmann*, 658 F.3d 772, 777 (7th Cir.2011) ("Logically, inadmissible evidence is immaterial under this rule."); *see also* Dckt. No. 243 at 3-4 (Due Process claim cannot be premised upon false testimony); *Patrick v. City of Chi.*, 974 F.3d 824, 835 (7th Cir. 2020); *Moran v. Calumet City*, 54 F.4th 483, 499 (7th Cir. 2022)("Because the evidence we assume was fabricated—the police report and the detectives' pretrial testimony—was not introduced at the trial, it could not have influenced the jury's verdict."); *Brown v. City of Chi.*, 633 F. Supp. 3d 1122, 1160 (N.D. Ill. 2022)("The Seventh Circuit rejected this standard, clarifying that fabricated evidence must be 'used against [plaintiff] in his criminal trial.'…No reasonable jury could find that the unintroduced and unreferenced statements of Harper and Ford were "used" against him at trial, so Defendants are entitled to summary judgment on this claim."); *Moran v. Calumet City*, 54 F.4th 483 (7th Cir. 2022) (information known to prosecution cannot be basis for *Brady* claim); *Carvajal v. Dominguez*, 542 F.3d 561 (7th Cir. 2008)(same); *Beaman v. Freesmeyer*, 776 F.3d 500, 512 (7th Cir. 2015); *Whitlock v. Brueggemann*, 682 F.3d 567, 583 (7th Cir. 2012); *Giglio v. U.S.*, 405 U.S. 150, 154 (1972); *Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir. 1984)(information know to any prosecutor is attributed to state).

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_X\_\_ Objected to

**Plaintiff's Objections:** This instruction is confusing, incomplete, and inaccurate. First, the instruction combines four separate claims: the two separate claims for suppression of exculpatory evidence and the two separate claims for fabrication of evidence. Second, there is no evidence that any of the suppressed or fabricated material could not have been admitted into evidence. Therefore, that statement injects an irrelevant issue into the case and into the jury's deliberations. Third, the statement that the fabrication must not be based upon the "fabrication of evidence at trial by any defendant," is incomplete and inaccurate. Although the defendants are immune from fabrication claims based solely upon their testimony, they are not immune from claims based upon evidence which was introduced through other witnesses, such the testimony of Benjamin Carrero at trial and at the grand jury (Dkt # 27-28), as well as the pretrial fabrications of the confidential informant

94

information. (Dkt # 215, 24-26, Dkt # 243, 3-4). Fourth, the statement that "evidence known to any prosecutor cannot form the basis, in whole or in part, of your verdict," directly contradicts this court's ruling that the police may not "take shelter behind a prosecutor who is conspiring with them to fabricate false evidence against innocent suspects." (Dkt # 215, 19).

## CLAIM SIX:  MALICIOUS PROSECUTION

Plaintiff claims that Defendant Reynaldo Guevara maliciously prosecuted him. To succeed on this claim, Plaintiff must prove each of the following five  things by a preponderance of the evidence:

1. Defendant Guevara commenced or continued the criminal proceeding against Plaintiff;
2. Defendant did not have probable cause to commence or continue the criminal proceeding;
3. Defendant acted with malice;
4. The criminal proceeding against Plaintiff terminated in Plaintiff's favor;
5. The criminal proceeding resulted in damages.


Probable cause means a state of facts that would lead a person of ordinary care and prudence to believe or entertain an honest and sound suspicion that the accused committed the offense charged.

Malice means that the defendant commenced or continued the prosecution for any motive other than that of bringing a guilty party to justice.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

Plaintiff's Instruction No. 37

*Williams v. City of Chi.*, 733 F.3d 749, 759 (7th Cir. 2013)

_____ Given

_____ Rejected

_____ Withdrawn

___X__ Objected to


**Defendants' Objections:** This instruction is incomplete and fails to define material terms. See Defendants' proposed alternate instruction.

## CLAIM VI: MALICIOUS PROSECUTION

Plaintiff claims that Defendant Guevara maliciously prosecuted him. To succeed on this claim, he must prove the following items by a preponderance of the evidence:

1.    That Defendant Guevara proximately caused the commencement or continuation of an original criminal or judicial proceeding against Plaintiff;

2.    That Defendant Guevara lacked probable cause for doing so;

3.    That Defendant Guevara acted with malice;

4.    [The criminal proceeding against Plaintiff was terminated in favor of Plaintiff and in a manner indicative of innocence];

5.    Plaintiff suffered harm as a proximate result.

If you find that Plaintiff has proven these propositions as to Defendant Guevara you are considering, then you should find in favor of Plaintiff on this claim and against Defendant Guevara and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against Defendant Guevara you are considering, then you should find for Defendant Guevara and not consider the question of damages as to this claim.

**Defendants' Proposed Instruction No. 11**

*Source: Beaman v. Freesmeyer*, 2019 IL App (4th) 160527, ¶ 86-89. Defendants have bracketed the favorable termination element for reasons set forth in Defendants' Motion in Limine No. 2. Specifically, in the event that this Court deems Plaintiff's Certificate of Innocent admissible over objection of Defendants, Defendants would consider stipulating to the favorable termination element so long as: (1) the Certificate of Innocence is barred; and (2) the favorable termination element is simply removed from the jury's consideration (rather than the jury being informed of the stipulation) per the practice advocated in the Seventh Circuit Pattern Jury Instructions. See e.g. Sev. Cir. Patt. Jur. Instr. at 6.01 at comment e (advocating for elimination of prima facie elements if not contested); Sev. Cir. Patt. Jur. Instr. 6.02 at comment e (same); Sev. Cir. Patt. Jur. Instr. 6.03 at comment e (same); Sev. Cir. Patt. Jur. Instr. 7.09 at comment c (same); Sev. Cir. Patt. Jur. Instr. 7.11 at comment e (same); Sev. Cir. Patt. Jur. Instr. 7.15 at comment e (same); Sev. Cir. Patt. Jur.

Instr. 7.16 at comment e (same); Sev. Cir. Patt. Jur. Instr. 7.17 at comment h (same); Sev. Cir. Patt. Jur. Instr. 7.18 at comment e (same); Sev. Cir. Patt. Jur. Instr. 7.19 at comment g (same); Sev. Cir. Patt. Jur. Instr. 7.21 at comment g (same); Sev. Cir. Patt. Jur. Instr. 7.22 at comment b (same); Sev. Cir. Patt. Jur. Instr. 8.02 at comment b (same); Sev. Cir. Patt. Jur. Instr. 7.06 at comment b (advocating for elimination of "seizure" element if not contested); Sev. Cir. Patt. Jur. Instr. 12.2.1 ("Any elements that are undisputed may be eliminated."); Sev. Cir. Patt. Jur. Instr. 13.1.2 at comment 3 ("If a particular element or elements is undisputed or resolved as a matter of law, it may be eliminated.").


_____ Given
_____ Rejected
_____ Withdrawn
____X____ Objected to

**Plaintiff's Objections:** This instruction essentially duplicates Plaintiff's instruction No. 37 but is less accurate and does not include definitions of terms.

## PROXIMATELY CAUSING THE COMMENCEMENT OR CONTINUATION OF A CRIMINAL PROCEEDING

Criminal charges for murder are originally commenced and continued by prosecution through trial by prosecutors from the Cook County State's Attorney's Office not members of the Chicago Police Department. In this endeavor, prosecutors are presumed to exercise independent judgment in deciding whether or not to charge a person with murder and whether or not to continue prosecuting such charges thereafter. It is not enough for a Plaintiff seeking relief for malicious prosecution to establish an officer acted in bad faith or performed a wrongful act. Rather, in order to establish that a police officer has proximately caused or continued a criminal proceeding, you must first find that such police officer acted in manner which overcame this presumption of prosecutorial independence by improperly exerting pressure on prosecutors, knowingly providing misinformation to him or her, concealing exculpatory evidence, or otherwise engaging in wrongful or bad faith conduct instrumental in the initiation of the prosecution. Performing a biased investigation or failing to disclose information known to prosecutors prior to or during the criminal trial does not suffice to overcome the presumption of prosecutorial independence.

**Defendants' Proposed Instruction No. 12**

_____ Given
_____ Rejected
_____ Withdrawn
___X___ Objected to

*Source: Beaman v. Freesmeyer*, 2019 IL App (4th) 160527, ¶¶ 86-89, 98.

**Plaintiff's Objections:** This instruction is argumentative, overly elaborate, comments upon trial evidence and includes great gobs of judicial commentary which will interfere with the jury's deliberations.

## PROBABLE CAUSE DEFINED (MALICIOUS PROSECUTION)

Probable cause is defined as a state of facts, in the prosecutor's mind, that would lead a person of ordinary caution and prudence to believe or entertain an honest and strong suspicion the person arrested is guilty of the offense for which he was charged.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right.

A reasonable ground for belief of the guilt of the accused may be based on information from other persons as well as on personal knowledge. It is not necessary to verify the correctness of each item of information so obtained; it is sufficient to act with reasonable prudence and caution.

The inquiry focuses on the state of mind of the individual Defendant and the facts known to him at the time – not the actual facts of the case or the guilt or innocence of the accused. Neither the fact that Plaintiff was convicted, nor the fact that Plaintiff's criminal charges were vacated means by itself that the officers had or lacked probable cause.

**Defendants' Proposed Instruction No. 13**

*Source: Beaman v. Freesmeyer*, 2019 IL App (4th) 160527, ¶ 77; *Deon Patrick v. City of Chicago et al.*, 14 CV 3658 (April. 12, 2017) (Guzman, J.) (Dkt. No. 369 at 36); Seventh Circuit Pattern Jury Instruction 7.06 (modified); *Jordan v. City of Chicago et al.*, 08 CV 6902 (Mar. 15, 2012) (St. Eve, J.) (Dkt. No. 149 at 28) (modified to include "the fact that Plaintiff's conviction was subsequently vacated and that he received a certificate of innocence does not, by itself, mean that the officers lack probable cause to charge Plaintiff with murder."); *Kluppelberg v. Burge*, 84 F.Supp.3d 741, 747 (N.D.Ill. 2015) (noting that the jury may be instructed that the certificate of innocence is not conclusive of Plaintiff's innocence but merely evidence to be weighed along with all the evidence in the case.)

_____ Given
_____ Rejected
_____ Withdrawn
___X____ Objected to

**Plaintiff's Objections:** This instruction duplicates, without improving upon, the definition of probable cause in Plaintiff's instruction No. 37. The issue of the certificate of innocence is covered by Plaintiff's instruction No. 27.

## MALICIOUS PROSECUTION-MALICE DEFINED

For the purposes of Plaintiff's malicious prosecution claim, Illinois law defines malice as the intent, without justification or excuse, to commit a wrongful act. In order to find malice, you must find that the criminal proceeding commenced against Plaintiff was commenced or continued by Defendant(s) for the purpose of injuring Plaintiff or for some purpose other than to prove that Plaintiff committed a criminal offense.

A Defendant commences or continues a criminal proceeding with malice if the Defendant commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the starting of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been clearly proved. Malice may not be inferred where probable cause exists.

**Defendants' Proposed Instruction No. 14**

Source: Given in *Fuery v. City of Chicago et al.*, 07 CV 05428 (Dec. 16, 2015) (Ellis J.) (Dkt. No. 425 at 40); *Daniels v. City of Chicago et al.*, 08 CV 6832 (Feb. 15, 2013) (St. Eve J.) (Dkt. No. 252 at 33) (modified). *See Aguirre v. City of Chicago*, 2008 WL 943783 (Ill.App.1st Dist. May 1, 2008); *Turner v. City of Chicago*, 91 Ill.App.3d 931, 937 (1st Dist. 1980)

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_\_X\_\_ Objected to

**Plaintiff's Objections:** This instruction duplicates, without improving upon, the definition of malice in Plaintiff's instruction No. 37.

101

## ELEMENTS OF CRIMINAL CHARGES BROUGHT AGAINST PLAINTIFF

Plaintiff was charged with the offense of first degree murder in his criminal case.

A person commits the offense of first degree murder when he, or one for whose conduct he is legally responsible, kills an individual without lawful justification if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or he knows that such acts will cause death to that individual; or he knows that such acts create a strong probability of death or great bodily harm to that individual.

A person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of that offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of an offense. The word "conduct" includes any criminal act done in furtherance of the planned and intended act.

A person who is legally responsible for the conduct of another may be convicted of the offense committed by the other person even though the other person, who it is claimed committed the offense, is not amenable to justice or has not been prosecuted.

**Defendants' Proposed Instruction No. 15**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:* Jury Instructions from Plaintiff's underlying criminal case. *See* PFP000043-62.

**Plaintiff's Objections:** Plaintiff has no objection to this instruction, so long as the jury is also instructed that Plaintiff has no obligation to prove his innocence of the criminal charges.

## GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that Defendants Guevara, Mason and Halvorsen were personally involved in the conduct that Plaintiff complains about. You may not hold the Defendants liable for what other individuals did or did not do.

**Defendants' Proposed Instruction No. 16**

_____ Given

_____ Rejected

_____ Withdrawn

__X____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.02.*


**Plaintiff's Objections:** This instruction is confusing because it implies that the jury must find all defendants liable, which is not true. In addition, it conflicts with this court's ruling that Plaintiff may introduce evidence of conspiracy. (Dkt # 215, 32-33).

## INTENT REQUIREMENT

As to Plaintiff's Constitutional claims, not every injury inflicted by an official is a deprivation of a person's constitutional rights. If an injury results because of an accident, or because an individual was negligent, or if the injury occurred through reasonable conduct of the official, no constitutional deprivation has occurred.

In other words, you must find that a Defendant intentionally caused the injury to Plaintiff and not because of mistake, accident or other innocent reason.

**Defendants' Proposed Instruction No. 17**

_____ Given

_____ Rejected

_____ Withdrawn

\_\_\_X\_\_\_ Objected to

*Source: Parratt v. Taylor, 451 U.S. 527 (1981); Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991); Archie v. City of Racine, 847 F.2d 1211, 1218-19 (7th Cir. 1988)(en banc).*

**Plaintiff's Objections:** This instruction is unnecessary and confusing because there is no dispute that all defendants acted under color of law and there is no claim of affirmative defense as to qualified immunity, accident, or an "innocent reason" for Defendants' actions.

## PROXIMATE CAUSE

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary cause of events, produced the Plaintiff's injury.

**Defendants' Proposed Instruction No. 18**

_____ Given

_____ Rejected

_____ Withdrawn

___X___ Objected to

Source: I.P.I. 15.01 Proximate Cause--Definition (Short Form)

**Plaintiff's Objections:** This instruction is unnecessary and confusing because there is no proximate cause requirement in plaintiff's instructions and no dispute as to proximate cause.

## INTERVENING CAUSATION

Defendants are not liable for any acts or failures to act if such acts or failure to act was broken by an intervening cause. An intervening cause is an independent event which breaks the connection between the defendant's act and the plaintiff's injury. An intervening cause breaks the chain of events so that the defendant's original act or failure to act is not a cause of the plaintiff's injury. For example, Defendants are not liable for any acts or failure to act of prosecutors in offering, disclosing, or relying on evidence at a criminal trial unless absent pressure or influence exerted by a Defendant, or knowing misstatements made by the Defendant to the prosecutor.

**Defendants' Proposed Instruction No. 19**

_____ Given

_____ Rejected

_____ Withdrawn

____X__ Objected to

Source: _Rehberg v. Paulk, 566 U.S. 356, 372 (2012)(Blackmon v. Jones, 132 F.4th 522, 525 (7th Cir. 2025)("A prosecutor's use of evidence at trial is a weak ground of liability for police officers. The people who make the decisions—prosecutors and judges—are outside police officers' control and cannot be liable. A prosecutor has absolute immunity for acts during trial. The judge too has absolute immunity. The three defendant officers had absolute immunity for their testimony. These immunities create a temptation to drop liability on the head of someone who might be ordered to pay damages: an officer in his capacity as an investigator. But since an investigating officer is not responsible for the decisions of the prosecutor and the judge, without which there could not have been a problem under the Due Process Clause, it is hard to see why damages would be appropriate."); Simon v. Northwestern University, 175 F.Supp.3d 973, 982 (N.D. Ill., 2016) citing Randall v. Lemke, 311 Ill. App. 3d 848, 851 (Ill. App. Ct. 2000); Szczesniak v. CJC Auto Parts, Inc., 2014 IL App (2d) 130636, ¶ 13 (2d. Dist. 2014)(investigation into criminal conduct which occurred after alleged false statements to police broke chain of causation and defeated malicious prosecution claim); Beck v. City of Chicago, 2020 WL 7353405, at *7 (N.D. Ill. 2020); see also Roggow v. Mineral Processing Corp., Needmore Processing Div., 894 F.2d 246, 249 (7th Cir. 1990); Mesman v. Crane Pro Services, 2006 WL 8453050, at *7 (N.D. Ind., 2006)_

**Plaintiff's Objections:** This instruction is unnecessary and confusing because there is no factual basis for the claim that actions by prosecutors constituted an independent intervening cause which broke the causal chain leading from defendant's civil rights violations to Jaime Rios's injuries.

## ISSUES DECIDED BEFORE TRIAL

During the course of this case prior to this trial, certain facts and issues were determined and are not in dispute. These matters have been conclusively established by the Court and are no longer open for your consideration.

You must accept the following facts and issues as true and treat them as proven:

(1) Luis Huertas "saw Plaintiff shoot Luis Morales" and "had a direct view of Plaintiff's face in a well-lit area immediately before the incident and…never lost sight of him at any point in between."

(2) Prior to the lineup involving Plaintiff, Luis Huertas was shown photographs of gang members to see if he could make an identification of the shooter. Plaintiff was not among these photos and Huertas did not identify anyone from these photographs. The first time Huertas identified Plaintiff was at the lineup.

(3) At the lineup, Huertas entered the lineup room, immediately noticed Plaintiff, and told Defendant Mason that Plaintiff was the shooter of Morales.

(4) Defendant Mason thereafter told Huertas to take his time and make sure he had the right guy so Huertas took his time, looked at all lineup participants again, and again identified Plaintiff as Morales' shooter.

(5) No one told Huertas who to pick in the lineup or photos he reviewed.

(6) Huertas was not coerced by anyone to identify Plaintiff.

(7) The State called Huertas to testify at Rios' criminal trial.

(8) Huertas testified that he positively identified Rios in a lineup at Area 5 on July 7, 1989.

(9) Huertas was extensively cross examined at trial by Plaintiff's criminal defense attorney relating to the veracity and reliability of his identification of Rios as the shooter of Morales.

(10) When Huertas testified at trial, he told the truth.

(11) Huertas is certain to this day that Plaintiff is the person he saw shoot Morales.

(12) Huertas' testimony at Plaintiff's criminal trial that he saw Plaintiff shoot Morales was truthful.

(13) Plaintiff does not have a legal claim based on any allegedly suggestive or unreliable identification of him as the alleged perpetrator of the murder of Luis Morales;

(14) Defendants Mason and Halvorsen had probable cause to arrest, detain, and prosecute Plaintiff for the murder of Luis Morales;

These facts and issues are not in dispute. You must now treat these facts and issues as having been proved for the purpose of this case. You may not disregard or re-evaluate these facts or issues during your deliberations. Your job is to decide the remaining issues in the case based on the evidence and the law as I instruct you.

**Defendants' Proposed Instruction No. 20_**

*Source: Sev. Cir. Patt. Jur. Instr. No. 2.05 (modified); Sev. Cir. Patt. Jur. Instr. No. 2.05 (modified); Def.'s Mot. Lim. No. 2 (citing cases) Fed. R. Civ. P. 56(g)("If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case."); Johnson v. Guevara, 2025 WL 903813 (N.D.Ill. 2025); Arizona v. California, 460 U.S. 605, 618 (1983)(* law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); Ewing v. 1645 W. Farragut LLC, 90 F.4th 876, 889 (7th Cir. 2024)(in case where partial summary judgment was entered prior to trial, trial court properly gave instruction before party testified instructing jury on matters established via summary judgment); Bradley Corporation v. Lawler Manufacturing Co., Inc., 2023 WL 348321, at *2 (S.D.Ind. 2023)("Lawler seeks to have excluded any testimony or attorney argument regarding the Court's prior summary judgment rulings. Rather, Lawler argues, the Court should address these rulings in jury instructions as they are law of the case and shape the issues that remain to be decided at trial…[T]o the extent that a specific ruling is relevant to the jury's consideration of an issue at trial, the Court will instruct the jury on the law of the case."); Padilla v. City of Chicago, 2013 WL 6354169, at *6 (N.D.Ill. 2013)(indicating that jury instructions regarding issues already determined on summary judgment was appropriate in Section 1983 case); U.S. v. Groth, 1993 WL 388661, at *2 (N.D.Ill. 1993)(holding that instruction on previous determination that neither entrapment nor coercion defenses were valid was appropriate when losing party had attempted to introduce issues and argument touching on these same issues at trial; "This court properly concluded that neither entrapment nor coercion was available. That legal determination was part of the law of the case and, given the allusions to entrapment and coercion throughout the trial, the jury was properly instructed that these were not to be issues in their deliberations. The court agrees with the observation of the government that it is somewhat ironic that Groth should argue as she does in her motion that the record supported an entrapment defense, but that even if one was inappropriate, there should have been silence on this topic. In fact, the very allusions to entrapment and coercion which Groth cites as justifying the instruction in her favor are precisely the reasons why the instructions were appropriate."); see also Dkt. No. 194 at ¶ 11 (admitting that "Huertas had a direct view of Plaintiff's face in a well-lit area immediately before the incident and saw him shoot Morales shortly thereafter and never lost sight of him at any point in between."); Dkt. No. 191 at ¶ 67; Dkt. No. 194 at ¶¶ 17-18, 43-47; Dkt. No. 191 at ¶ 63; Dkt. No. 194 at ¶ 56.*

_____ Given

_____ Rejected
_____ Withdrawn
___X__ Objected to

**Plaintiff's Objections:** For the reasons given in plaintiff's responses to defendants' motions in limine no. 2 (Dkt # 250, 2-3), no. 3 (Dkt # 250, 3-4), and no. 9  (Dkt # 250, 12), this instruction should be refused. Among other things, the instruction deals with matters which were *not* decided at summary judgment, such as Plaintiff's guilt or innocence of the charged murder. To be specific:

(1) Luis Huertas "saw Plaintiff shoot Luis Morales" and "had a direct view of Plaintiff's face in a well-lit area immediately before the incident and…never lost sight of him at any point in between."

This issue was not adjudicated at summary judgment.

(2) Prior to the lineup involving Plaintiff, Luis Huertas was shown photographs of gang members to see if he could make an identification of the shooter. Plaintiff was not among these photos and Huertas did not identify anyone from these photographs. The first time Huertas identified Plaintiff was at the lineup.

The last fact is contradicted by the court's finding that there is a genuine factual dispute as to whether, prior to the lineup, Guevara showed Luis Huertas photographs which included Rios and told him to pick out Rio.

(3) At the lineup, Huertas entered the lineup room, immediately noticed Plaintiff, and told Defendant Mason that Plaintiff was the shooter of Morales.

This fact is contradicted in part by Huertas's deposition testimony, where he claims he was threatened by officer  Noon. (He was probably confusing Noon with Guevara).

(4) Defendant Mason thereafter told Huertas to take his time and make sure he had the right guy so Huertas took his time, looked at all lineup participants again, and again identified Plaintiff as Morales' shooter.

This fact is contradicted in part by Huertas's deposition testimony, where he claims he was threatened by detective Noon. (He was probably confusing Noon with Guevara).

(5) No one told Huertas who to pick in the lineup or photos he reviewed.

This fact is contradicted by the court's finding that there is a genuine factual dispute as to whether, prior to the lineup, Guevara showed Luis Huertas photographs which included Rios and told him to pick out Rios, as well as by Huertas's deposition testimony, where he claims he was threatened by officer  Noon. (He was probably confusing Noon with Guevara).

(6) Huertas was not coerced by anyone to identify Plaintiff.

This fact is contradicted by the court's finding that there is a genuine factual dispute as to whether, prior to the lineup, Guevara showed Luis Huertas photographs which included Rios and told him to pick out Rios, as well as by Huertas's deposition testimony, where he claims he was threatened by officer Noon. (He was probably confusing Noon with Guevara).

(7) The State called Huertas to testify at Rios' criminal trial.

This fact is not in dispute, but so what? The jury will learn of this fact from the evidence and does not need to be specifically instructed.

(8) Huertas testified that he positively identified Rios in a lineup at Area 5 on July 7, 1989.

This fact may be disputed, based upon Huertas's deposition testimony

(9) Huertas was extensively cross examined at trial by Plaintiff's criminal defense attorney relating to the veracity and reliability of his identification of Rios as the shooter of Morales.

If the deposition designations from Huertas's trial testimony are admitted, the jurors can judge for themselves as to the extent of the cross-examination.

(10)    When Huertas testified at trial, he told the truth.
    This issue was not adjudicated at summary judgment.

(11)    Huertas is certain to this day that Plaintiff is the person he saw shoot Morales.

This issue was not adjudicated at summary judgment.

(12) Huertas' testimony at Plaintiff's criminal trial that he saw Plaintiff shoot Morales was truthful.

This issue was not adjudicated at summary judgment

(13) Plaintiff does not have a legal claim based on any allegedly suggestive or unreliable identification of him as the alleged perpetrator of the murder of Luis Morales;

As this court has ruled, the facts of the identification remain relevant to probable cause.

(14) Defendants Mason and Halvorsen had probable cause to arrest, detain, and prosecute Plaintiff for the murder of Luis Morales;

This is no longer an issue in the case. There is no need to instruct the jury on a claim which is not being made.

## NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for a Defendant on the question of liability, then you should not consider the question of damages.

**Defendants' Proposed Instruction No. 21**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: _Seventh Circuit Pattern Jury Instruction 1.31._

**Plaintiff's Objections:** None.

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the defendants' violations of his constitutional rights.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The wages, salary, profits, earning capacity that Plaintiff has lost and the present value of the wages, salary, profits, earning capacity that Plaintiff is reasonably certain to lose in the future.

When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.


Plaintiff's Proposed Jury Instruction No. 38

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.26, modified


\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_X\_\_\_ Objected to


**Defendants' Objections:** Plaintiff has no evidence to support section b. Defendants' proposed instruction is more accurate and complete.

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on his claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of such claims. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental and emotional pain and suffering or loss of a normal life that Plaintiff has experienced and is reasonably certain to sustain in the future. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

**Defendants' Proposed Instruction No. 22**
_____ Given
_____ Rejected
_____ Withdrawn
____X__ Objected to
*Source: Seventh Circuit Pattern Jury Instruction 7.26*

**Plaintiff's Objections:** Plaintiff's Instruction No. 38 is more accurate and complete. In addition, plaintiff will be making a claim for lost wages, which will be supported by tax documents which were tendered in discovery.

## MITIGATION OF DAMAGES

If you find in favor of Plaintiff on his claims, you are to consider that an injured person must exercise ordinary care to mitigate his damages. Damages caused by a failure to exercise such care cannot be recovered.

**Defendants' Proposed Instruction No. 23**

_____ Given
_____ Rejected
_____ Withdrawn
____X__ Objected to

Source: *Illinois Pattern Jury Instructions 33.01 (modified)*; *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985).

**Plaintiff's Objections:** There is no factual basis for the claim that Plaintiff could have mitigated damages in some way. Plaintiff testified at trial and made the same factual claims he is making now. Other than sawing through the bars of his cell and absconding from jail or prison, Plaintiff was powerless to mitigate the damages he suffered when he was wrongfully convicted and imprisoned.

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiff's Proposed Jury Instruction No. 39

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) , No. 7.28, modified

_____ Given
_____ Rejected
_____ Withdrawn
__X__ Objected to

**Defendants' Objections:** Defendants' proposed instruction is a more accurate and complete.

## DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against the particular Defendant you have found liable. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a particular Defendant. You may assess punitive damages only if you find that a particular Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Defendants' Proposed Instruction No. 24**
_____ Given
_____ Rejected
_____ Withdrawn
_____ _ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.28 (modified first sentence from "against Defendant" to "particular Defendant" that is being considered).*

**Plaintiff's Objections:** Plaintiff's Instruction No. 39 is more accurate and complete.

## GUILT OR INNOCENCE NOT RELEVANT TO LIABILITY

With respect to the issues of whether defendants violated plaintiff's civil rights, you are not to consider the issue of whether Jaime Rios was or is factually guilty or innocent of the Morales murder. You may consider that issue only with respect to damages. In determining factual guilt or innocence relevant to damages, you may consider any evidence, including evidence which was not available at the time of Jaime Rios's trial.

In addition, you may consider the weight and the quality of the evidence against Jaime Rios on the issues of whether exculpatory or fabricated evidence was material, and whether there was a reasonable probability of a different outcome absent the constitutional violations alleged.

Plaintiff's Proposed Instruction No. 40

*Par. v. City of Elkhart, Ind.*, 702 F.3d 997, 1001 (7th Cir. 2012).

_____ Given
_____ Rejected
_____ Withdrawn
___X___ Objected to

**Defendants' Objections:** This instruction wholly misstates the law. No such instruction was given in *Parish* nor in any other reversed conviction case that Defendants are aware (of which many have been collectively tried in this District by Defendants' counsel and others). *See Parish v. Elkhart,* 07 CV 452 (N.D. Ind.), Dckt. No. 191. While it is true that innocence/guilt is relevant to damages, this is most certainly not the *only* basis for relevance. Among other things, Plaintiff has the burden to prove that his criminal case was disposed of *based on innocence* and not some other reason. *See Swick v. Liautaud*, 169 Ill.2d 504, 512 (Ill., 1996). The jury not only can consider Plaintiff's guilt/innocence, they must do so. This evidence is also relevant to the *prima facie* elements of his Due Process claims insofar as the jury must determine whether the outcome of the criminal trial would have been different in the absence of alleged unconstitutional conduct. Guilt is a central consideration on this element. This evidence is also relevant to the veracity and motives of the testimony of Plaintiff and his witnesses (e.g. if he is guilty, he by definition is testifying falsely). Finally, Plaintiff's putative "false confession" expert, Melissa Russano, repeatedly premises her opinions on the alleged innocence of Plaintiff. *See* Dckt.No. 246-1.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAIME RIOS


      Plaintiff,

          vs.                    Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO



      Defendants.


**PLAINTIFF'S PROPOSED VERDICT FORM**

**CLAIM ONE: COERCED CONFESSION**

*As to Reynaldo Guevara*

    1.  Do you find for the plaintiff or the defendant? Check one:


       _____ Plaintiff      _____ Defendant


*As to Michael Mason*

    1.  Do you find for the plaintiff or the defendant? Check one:


       _____ Plaintiff      _____ Defendant


*As to Ernest Halvorsen*

    1.  Do you find for the plaintiff or the defendant? Check one:

_____ Plaintiff        _____ Defendant

## CLAIM TWO: FAIR TRIAL: FABRICATION OF EVIDENCE (CONFIDENTIAL INFORMANTS)

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff        _____ Defendant

## CLAIM THREE: FAIR TRIAL: FABRICATION OF EVIDENCE (BENJAMIN CARRERO)

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff        _____ Defendant

## CLAIM FOUR: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE (CRISTINO GARCIA ALIBI)

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff        _____ Defendant

## CLAIM FIVE: FAIR TRIAL: FAILURE TO DISCLOSE EXCULPATORY EVIDENCE (PHYSICAL ASSAULT OF CRISTINO GARCIA)

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff        _____ Defendant

**CLAIM SIX: MALICIOUS PROSECUTION**

1. Do you find for the plaintiff or the defendant? Check one:

   _____ Plaintiff       _____ Defendant

**COMPENSATORY DAMAGES:**

Do you award compensatory damages to plaintiff?

_____ Yes _____ No

If your answer to this question is yes, what amount of compensatory damages do you award?

**_____**

**PUNITIVE DAMAGES**

*Reynaldo Guevara*

1. Do you award punitive damages to plaintiff based upon Reynaldo Guevara's conduct?

   _____ Yes _____ No

2. If your answer is yes, what amount of punitive damages do you award?

   $_____

*Michael Mason*

1. Do you award punitive damages to plaintiff based upon Michael Mason's conduct?

   _____ Yes _____ No

2. If your answer is yes, what amount of punitive damages do you award?

   $_____

**Defendants' Objections**: The law only allows for a single line for damages for all claims not separate lines for each claim. *See Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 640 (7th Cir. 2011)(reversible error for court to use numerous damages lines on verdict form for different defendants and different claims; only one line and one recovery should be used). This proposed verdict form also has the City of Chicago on the caption, which will only confuse the jury as no claims are directed against the City in the verdict form. It only serves to prejudicially imply that any damages will be paid by the municipal corporation. (*See* Defendants MIL#26 (Dkt.# 248) Additionally, this verdict form does not clearly indicate which defendant the jury is making a finding for or against for most of the counts.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JAIME RIOS


       Plaintiff,


       vs.                  Case No. 1:22-cv-03973

REYNALDO GUEVARA,
MICHAEL MASON , and
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED



       Defendants.

**DEFENDANTS' PROPOSED VERDICT FORM**


**PART I: LIABILITY**

    We, the jury, find as follows on the claims of the Plaintiff, Jaime Rios against the Defendants, Reynaldo Guevara, Michael Mason, and Ernest Halvorsen, (place an X on the appropriate line for each Defendant and each count):

   **1. First Claim –Coerced Confession**

Name of Defendant         For Plaintiff          For Defendant

Reynaldo Guevara       _____   _____


Michael Mason         _____   _____


Ernest Halvorsen        _____   _____

   **2. Second Claim – Fabrication of Evidence**

Name of Defendant         For Plaintiff          For Defendant

Reynaldo Guevara       _____   _____

**3. Third Claim – Suppression of Evidence**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Reynaldo Guevara | _____ | _____ |

**4. Fourth Claim – Malicious Prosecution**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Reynaldo Guevara | _____ | _____ |

## **PART II: DAMAGES**

To be assessed if and only if you find for Plaintiff against at least one Defendant on at least one Claim:

We, the jury, award the Plaintiff, Jamie Rios, compensatory damages in the amount of $_____. (If you found against Plaintiff on all of his claims, fill in the number "0").

To be assessed if an only if you find for the Plaintiff and against the particular Defendant.

Do you award Plaintiff punitive damages, and if so, in what amount? (As to each Defendant below, either (1) place an "X" on the YES line and fill in the amount or (2) place an "X" on the NO line. You must place an "X" on the NO line if you found against Plaintiff on all of his claims.

|  | Yes | If Yes, Amount | No |
|---|---|---|---|
| Reynaldo Guevara | _____ | _____ | _____ |
| Michael Mason | _____ | _____ | _____ |

## **PART III JURORS' SIGNATURES**

Date: _____

_____        _____
Foreperson                                                      Juror

_____        _____
Juror                                                                Juror

_____        _____
Juror                                                                Juror

_____        _____
Juror                                                                Juror

_____        _____
Juror                                                                Juror


Source: Verdict Form given, *Andersen v. City of Chicago, et al*, No. 16-cv-1963, Dkt. No. 564 (N.D. Ill., Kendall, V.) (modified for the claims at issue in this case)


_____Given
_____Rejected
_____Withdrawn
___X___ Objected to


**Plaintiff's Objections:** The verdict form is inaccurate and confusing because it merges the two counts for fabrication into one count and the two counts for suppression of exculpatory evidence into one count.

## AGREED MOTIONS IN LIMINE

### AGREED MOTION IN LIMINE #1

Non-party witnesses will be barred from the courtroom at all times during the trial when they are not testifying. A non-party witness who testifies and remains in the courtroom following that testimony may not testify in rebuttal.

### AGREED MOTION IN LIMINE #2

Defendants may not wear uniforms during trial.

### AGREED MOTION IN LIMINE #3

Plaintiff will be barred from presenting evidence that a judgment against an individual will be paid by insurance or via a statutory or a contractual indemnification obligation, unless the Defendants present evidence of a financial inability to pay a judgment of punitive damages. If Defendants present such evidence , then Plaintiff will be permitted to  offer a jury instruction that a judgment for compensatory damages would be paid by the City of Chicago but that punitive damages are the responsibility of the Defendant.

### AGREED MOTION IN LIMINE #4

Any witness who is a present or former judge may not be referred to by the title "Judge," or "Your Honor," or by any other similar title.

### AGREED MOTION IN LIMINE # 5

The parties will be barred from arguing or presenting evidence of prior settlement offers or negotiations.

### AGREED MOTION IN LIMINE #6

The parties shall be barred from arguing or presenting evidence that any party or witness has been paid a statutory witness fee to appear at trial.

### AGREED MOTION IN LIMINE #7

The parties will be required to show one another demonstrative aids before they are first shown to the jury.

### AGREED MOTION IN LIMINE # 8

The parties agree that Jaime Rios may not raise a new category of damages or a specific damages amount for the first time in rebuttal closing argument.

### AGREED MOTION IN LIMINE # 9

The parties agree that if Plaintiff intends to make any "unit-of-time" or per diem argument to suggest to the jury a specific sum per day for non-economic damages that he will provide notice to the Court and Defendants before closing argument.

### AGREED MOTION IN LIMINE # 10

No attorney, party, or witness may appeal to jurors' own personal financial interests in any way during trial or argument, and Defendants will not appeal to the jurors' interests as taxpayers during trial or argument.

Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

 By: Stephen L. Richards Attorney
for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No:
6191946


By:      /s/ Timothy P. Scahill
         *Special Assistant Corporation Counsel*

              Timothy P. Scahill
              Graham Miller
              Drew Wycoff
              Special Assistants Corporation
              Counsel
              Borkan & Scahill, Ltd.
              20 South Clark Street
              Suite 1700
              Chicago, IL 60603
              (312)580-1030
              *Attorneys for Reynaldo Guevara*

By:      /s/ Josh M. Engquist
         *Special Assistant Corporation Counsel*

              James G. Sotos
              Josh M. Engquist
              Jeffrey R. Kivetz
              Joseph M. Polick
              Caroline P. Golden
              Special Assistants Corporation
              Counsel

The Sotos Law Firm, P.C.
141 W. Jackson Blvd. #1240A
Chicago, IL 60604
(630) 735-3300
*Attorneys for Michael Mason and Joann Halvorsen, as special representative for Ernest Halvorsen, deceased.*


By:     /s/ Eileen E. Rosen
*Special Assistant Corporation Counsel*

Eileen E. Rosen
Catherin M. Barber
Theresa B. Carney
Special Assistants Corporation Counsel
Rock Fusco & Connelly
333 W. Wacker Dr., 19th Floor
Chicago, IL 60606
(312) 494-1000
*Attorneys for City of Chicago*