**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAIME RIOS


      Plaintiff,


          vs.                          Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO



      Defendants.                   JURY TRIAL DEMANDED



      Defendants.

**MOTION TO ALLOW THE TESTIMONY OF REYNALDO GUEVARA BY**
**REMOTE TRANSMISSION WITH HIS CONSENT, OR IN THE ALTERNATIVE TO**
**ALLOW SERVICE OF A SUBPOENA FOR HIS TESTIMONY BY REMOTE**
**TRANSMISSION, OR,  IN THE ALTERNATIVE, FOR AN ORDER OF COURT THAT**
**REYNALDO GUEVARA TESTIFY BY REMOTE TRANSMISSION OR IN OPEN**
**COURT  OR HAVE A DEFAULT JUDGMENT ENTERED AGAINST HIM**


      Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M.

Richards respectfully files this motion to allow to allow the testimony of Reynaldo Guevara by

remote transmission with his consent, or in the alternative to allow service of a subpoena for his

testimony by remote transmission, or,  in the alternative, for an order of court that Reynaldo

Guevara testify by remote transmission or in open court or have a default judgment entered

against him. In support thereof, Plaintiff states as follows:

1. This case is set for jury trial on February 2, 2026.

2. On December 4, 2025, during a hearing on the parties' joint motion to file excess pages with respect to motions in limine, counsel for defendant Reynaldo Guevara announced for the first time that Reynaldo Guevara was not going to attend the trial and was not planning to testify.

3. In connection with this announcement counsel stated that Reynaldo Guevara is 81 years old and retired and that travel to Chicago to attend his own trial and/or to testify would be burdensome to him.

4. In subsequent pleadings, Reynaldo Guevara has indicated that he may be willing to testify by remote appearance.

5. If Reynaldo Guevara in fact consents to testify by remote appearance, Jaime Rios moves to allow for his testimony by remote appearance under Federal Rule of Civil Procedure Rule 43.

6. Under Federal Rule of Civil Procedure Rule 43: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

7. Courts have found good cause under Rule 43 to permit witnesses to testify from remote locations where the witnesses were unable to attend for reasons of physical distance, illness, custody, or immigration status. See, e.g., *Lopez v. Miller*, 915 F. Supp. 2d 373, 396 n.9 (E.D.N.Y. 2013) (allowing video-conference testimony from witness who could not legally enter the United States); *Angamarca v. Da Ciro, Inc*., 303 F.R.D. 445, 447 (S.D.N.Y. 2012) (noting that "[t]he legal infeasibility of attending a deposition or trial in person because of one's immigration status rises to the level of compelling circumstances"); see also *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) (finding that district court judge was "well within his discretion" in allowing video testimony by nonparty inmate witness); Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("the most persuasive showings of good cause and compelling circumstances are

likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.").

8. While normally Reynaldo Guevara's advanced age, standing alone, might not constitute good cause, the unique circumstances of this case, particularly given that all parties may agree, support good cause and compelling circumstances.

9. Reynaldo Guevara is currently facing 40 lawsuits based upon his misconduct.

10. If all 40 lawsuits go to trial, Reynaldo Guevara may have to make 40 separate trips to Chicago before the end of his life.

11. Even considering Guevara's appalling record of misconduct, this seems to be an extreme imposition if it can be avoided.

12. In the absence of Guevara's consent, this court has the power to compel his testimony, either by remote appearance or by requiring him to appear for testimony.

13. Although there is a split of authority on this issue, there is precedent for the position that under Rule 43(a), when read in conjunction with Fed. R. Civ. P. 45, a district court has the authority to compel a witness to testify by remote appearance.

14. Under Federal Rule of Civil Procedure Rule 45 compliance with a subpoena for a trial, hearing or deposition is restricted to "within 100 miles of where the person resides, is employed, or regularly conducts business in person, " Fed. R. Civ. P. 45(c)(1)(A).

15. Some courts have read Rule 43(a) and Rule 45 in tandem to require witnesses who are outside the Court's Rule 45 subpoena power to provide testimony remotely via contemporaneous transmission. See *Black Card LLC v. Visa USA Inc*., No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wyo. Dec. 2, 2020) (citing *In re Xarelto (Rivaroxaban) Prod. Liab. Litig*., No. MDL 2592, 2017 WL 2311719, at *2 (E.D. La. May 26, 2017); *Mullins v. Ethicon, Inc*., No. 2:12-cv-02952, 2015 WL

8275744, at *2 (S.D.W. Va. Dec. 7, 2015)); see also, e.g., *United States v. $110,000 in United States Currency*, No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) (concluding that "Rule 45(c) does not limit the reach of a subpoena to only those residing within 100 miles of the pending litigation" but "[i]nstead Rule 45(c)'s geographic limits were crafted to protect third parties from the undue burden of traveling more than 100 miles to provide testimony or produce documents in a proceeding to which they are not a party").

16. This reading of Rule 43(a) and Rule 45 is persuasive. The purpose of Rule 45 is to spare witnesses, such as Reynaldo Guevara, the inconvenience of travelling more than 100 miles from their homes in order to give testimony in federal court. A witness who is compelled only to travel 100 miles from his residence to the nearest federal court or a location within 100 miles of his home, is spared that inconvenience. And the court still has the authority, under Rule 43(a) to restrict testimony by remote appearance to cases, like this one, involving good cause and compelling circumstances.

17. It should be noted that defendants have not hesitated, in this case, to depose witnesses, such as Benjamin Carrero and Luis Huertas, who were beyond the jurisdiction of this court.

18. Lastly, since Reynaldo Guevara is not merely a witness, but also a party, this court has the inherent authority to order him to attend trial and testify or face a sanction such as a default judgment.

19. As the practice commentary to Rule 45 states:

> Among the parties themselves, there is the general assumption that each will appear at the trial, which relieves Rule 45 of any special concern about that. If it should for any reason become necessary to have a party appear at the trial who it turns out will not appear voluntarily—including a person who is in the control of a party, which sweeps the corporation under this category as well— the court has all the leverage it needs to compel the party's appearance. If the court directs the attendance of the party, disobedience can be compelled with something the seeking party would enjoy even more than the invoking of the contempt penalty: a default judgment against the recalcitrant party. Hence Rule 45 shows little tension when a party is involved.

*2 David D. Siegel, Practice Commentaries, C45–16 (contained in 28 U.S.C.A. Federal Rules of Civil Procedure Rules 38–49 (2008)).

20. A district court in the Seventh Circuit has applied this commentary to opine that where witnesses were corporate designees of plaintiff, plaintiff could be compelled by threat of default judgment or other sanctions to produce those witnesses at trial, even though they resided beyond the district court's 100 mile radius subpoena power. *Square D Co. v. Breakers Unlimited, Inc*., No. 1:07-CV-806-WTL-JMS, 2009 WL 1702078, at *2 (S.D. Ind. June 11, 2009).

21. As the court in *Square D Co*. noted, whether the court should exercise such a power might depend upon other factors, such as the importance of the party's testimony or whether the reading of a deposition might be an adequate substitute. *Square D Co.*, 2009 WL 1702078, at *2.

22. In this case, the reading of Reynaldo Guevara's deposition testimony, or even the playing of his videotaped deposition, is not an adequate substitute for his live testimony, either by appearance, or remotely.

23. Even though Guevara took the fifth at his deposition, additional discovery has come forward since his deposition in this case, which will prompt additional questions. In addition, evidence may be elicited at trial which may also be the basis of additional questions.

24. Therefore, this court has the power to order Guevara's appearance, in person or by remote appearance. But to spare him, Jaime Rios is willing to accept his appearance by remote transmission as a reasonable substitute.

WHEREFORE, PLAINTIFF moves to allow the testimony of Reynaldo Guevara by remote transmission with his consent, or in the alternative to allow service of a subpoena for his testimony by remote transmission, or, in the alternative, for an order of court that Reynaldo Guevara testify by remote transmission or in open court or have a default judgment entered against

him.

Respectfully Submitted,

/s/ Stephen L. Richards
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946

## CERTIFICATE OF SERVICE

Stephen L. Richards certifies that on January 18,  2026 he served  **the MOTION TO ALLOW THE
TESTIMONY OF REYNALDO GUEVARA BY REMOTE TRANSMISSION WITH HIS CONSENT,
OR IN THE ALTERNATIVE TO ALLOW SERVICE OF A SUBPOENA FOR HIS TESTIMONY BY
REMOTE TRANSMISSION, OR,  IN THE ALTERNATIVE, FOR AN ORDER OF COURT THAT
REYNALDO GUEVARA TESTIFY BY REMOTE TRANSMISSION OR IN OPEN COURT  OR
HAVE A DEFAULT JUDGMENT ENTERED AGAINST HIM**

through the ECF filing system.


*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946