IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME RIOS, | ) | |
| | ) | **Case No. 22 CV 3973** |
| Plaintiff, | ) | |
| | ) | **Judge Jeremy Daniel** |
| vs. | ) | |
| | ) | |
| REYNALDO GUEVARA, MICHAEL MASON, | ) | |
| ERNEST HALVORSEN, CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO ALLOW REMOTE
TESTIMONY OF WILLIAM DORSCH**

Plaintiff has filed a motion seeking to have a putative Fed. R. Evid. 404(b) witness, William Dorsch, testify at trial in this case remotely from Bulgaria. *See* Dckt. No. 261. This Motion should be denied.

**I.     Dorsch Should Not Be Allowed To Testify At All.**

First, Plaintiff sidesteps the most important issue which is whether Dorsch can testify at all in this case. Dorsch is not a fact or damages witness relating to the underlying investigation or prosecution; rather, Plaintiff seeks to have Dorsch provide testimony about another unrelated incident of alleged misconduct of Defendant Guevara.

The inadmissibility of the testimony of Mr. Dorsch was addressed by Defendants at length in their response to Plaintiff's Motion in Limine 10. *See* Dckt. No. 253 at 29-45. In a nutshell, Plaintiff seeks to have Mr. Dorsch (a former Chicago Police Officer and later paid investigator working for various innocence projects representing persons allegedly framed by police officers), testify about an alleged prior incident (Dorsch cannot remember when) where Dorsch claims that Defendant Guevara engaged in unduly suggestive identification tactics in another murder

investigation by suggesting to a witness which subject should be selected in a photo array. *See* Dckt. No. 249 at 38-39.

Dorsch's claims are, to put it mildly, thin. In the prior testimony of Mr. Dorsch proffered by Plaintiff in his Motions in Limine, Dorsch was unable to provide the names or other identifying information of the witnesses whom Defendant Guevara supposedly engaged in such tactics with, the date (or even year) that it occurred, the name of the victim, the name of the perpetrator who was allegedly identified by the witnesses (despite this person actually being charged with murder), the location of the murder, the name of the assistant state's attorney assigned to felony review on the case (or even whether it was a man or a woman, black or white, young or old), the Records Division number for the case, or any other identifying information that might allow Defendant Guevara (or this Court or a jury) to determine whether Dorsch is telling the truth. *See* Dckt. No. 249-11 at 93:8-94:9, 98:6-99:18, 100:7-15, 101:5-7, 101:23-102:1, 114:19-24, 116:8-116:11, 118:19-24, 138:7-139:3, 147:17-148:14.

Dorsch also failed to prepare any police report relating to the incident documenting what he supposedly witnessed. *Id.* at 145:4-10, 147:10-16. Making matters even worse, despite claiming he was concerned about the conduct of Defendant Guevara at the time, Dorsch *himself* proceeded to seek to have the person whom the witnesses identified charged by the Cook County State's Attorney's Office (despite claiming he immediately recognized the impropriety of Defendant Guevara's conduct) and, according to him, did not mention to CCSAO that Defendant Guevara had allegedly engaged in any such misconduct. *Id.* at 120:18-122:5, 122:15-19, 124:7-125:15, 130:21-132:3, 145:20-146:7.

Dorsch also claimed to have reported this incident to superiors but then could not name a single person who he reported the incident. *Id.* at 130:21-132:3. Dorsch then backtracked and admitted he had not reported he incident at all. *Id.* at 142:13-143:4, 145:11-19. Despite Dorsch

peddling this alleged anecdote for a number of years, no one from either the defense side or plaintiff's side has ever been able to find any independent corroboration that this incident ever occurred at all (much less occurred as described by Dorsch) which is especially alarming given the breadth of cases currently pending in this District against Defendant Guevara. And, Plaintiff's counsel in this case has not substantiated this alleged incident with a single police report or other corroborating witness.

Dorsch's inability to give even a scintilla of corroborating evidence to substantiate his allegations is reason enough to preclude him from testifying under Rule 404(b). If Dorsch is indeed being truthful (which appears suspect for the reasons set forth above), there would be a wealth of potential corroborating (or impeaching) evidence and witnesses on the matter (i.e. criminal court files, state's attorneys' files, police reports, court transcripts, witness statements, etc.). Simply stated, allowing Dorsch to testify to an almost absurdly vague anecdote about Defendant Guevara's misconduct without giving Defendants any ability to rebut this incident with the other evidence and witnesses to rebut it would be highly prejudicial.

Admission of evidence under Rule 404(b) requires that the evidence of such acts be "sufficient to support a jury finding that the defendant committed the similar act." *United States v. Gomez*, 763 F.3d 845, 854 (7th Cir. 2014)(explaining that other-act evidence may not be admitted unless the evidence is sufficient for the jury to find by a preponderance of the evidence that the other act was committed); *Kaufman v. City of Chicago*, 2021 WL 1885985, at *6 (N.D.Ill., 2021)("Memories fade over time and putting witnesses on the stand to discuss unsubstantiated events from many years ago will lead to 'distracting and time consuming mini-trials regarding the merits of these other allegations.'"); *Patterson v. City of Chicago*, 2017 WL 770991, at *4 (N.D. Ill. 2017) (unsubstantiated allegations insufficient for admissibility under Rule 404(b)); *Jones v. Police Officer Omarlo Phillips*, 2017 WL 1292376, at *1 (E.D.Wis., 2017)("[E]vidence of prior conduct is narrowly

circumscribed under the Federal Rules of Evidence. *See* Fed. R. Evid. 404 (b). And for good reason. Hearsay statements of unsubstantiated reports of misconduct are not sufficiently reliable to be presented to a jury."). Dorsch's proffered testimony is not even close to satisfying this standard.

Moreover, as explained in Defendant's response to Plaintiff's Motion in Limine No. 10, the substance of Dorsch's testimony is quite obviously propensity evidence barred by *Gomez*. *See* Dckt. No. 253 at 29-45. Plaintiff clearly seeks to have Dorsch testify about suggestive identification techniques employed in another case to show that Defendant Guevara likely used them in this case as well. *Id.* This is literally the definition of a forbidden propensity-laden line of reasoning. *Id.*

Plaintiff also fails to accept the fact that his claims of unduly suggestive identification tactics has been entirely excised from this case. *See* Dckt. No. 243. Thus, even were there some conceivable propensity-free chain of reasoning to admit Dorsch's testimony (which there is not), these claims are no longer at issue in this case.

Simply stated, there is no basis for Dorsch to testify in this case whether live or remote. This motion should be denied for these reasons alone.

## II.     Plaintiff Has Not Satisfied Rule 43.

Beyond the substantive infirmities underlying the admission of any testimony by Dorsch, Plaintiff has not shown good cause to allow him to testify remotely (or even at all).

As Plaintiff concedes, remote testimony is the exception, not the rule. *See* Dckt. No. 261. The Advisory Committee Note to the 1996 Amendment to Rule 43 emphasizes that contemporaneous transmission of testimony from a different location is permitted "only on showing good cause in compelling circumstances." Fed. R. Civ. P. 43 (Adv. Comm. Note 1996). The Committee Note acknowledges that "the very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." *Id.* This is because "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.* As a result,

4

"[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.*

As the Seventh Circuit has observed:

[A] jury trial conducted by videoconference is not the same as a trial where the witnesses testify in the same room as the jury. Videoconference proceedings have their shortcomings. "[V]irtual reality is rarely a substitute for actual presence and ... even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005).

More importantly, however, good cause for providing remote testimony is only shown when inability to attend live is both "unexpected" and a product of unsuccessful attempts to secure testimony in another permissible fashion under the Rules of Civil Procedure. *See Securities and Exchange Commission v. Yang*, 2014 WL 1303457, at *5–6 (N.D.Ill. 2014)(denying remote testimony when proponent failed to show unsuccessful attempts to secure live or deposition testimony and knew witnesses resided out of country). For example, in *Yang*, Judge Kennelly denied a request for leave of a witness who resided internationally to provide remote testimony because the proponent failed to show attempts to secure live testimony were unsuccessful, failed to show that the unavailability was "unexpected" because the party knew the witness resided out of the country, and failed to secure deposition testimony of the otherwise unavailable witness while fact discovery was open. *Id.* The Court explained:

Undue expense associated with international travel may, in some circumstances, qualify as good cause, *see Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 480 (D.Md.2010), but in *Lopez*, the parties seeking to testify remotely established that they were impecunious and thus could not reasonably be expected to travel to the United States to testify. Defendants have made no attempt to make such a showing here.

The Court also notes that assuming there are, in fact, insurmountable obstacles obtaining a visa to travel to the United States or that travel is prohibitively expensive for one or more of these witnesses, all of that certainly was known, or at least knowable with due diligence, while discovery was proceeding. Hu's deposition was taken, and her deposition testimony can be offered at trial—as it can for any witness who, for whatever reason, is unable to appear or beyond the subpoena power. As to Fan and He, because the circumstances that constitute the purported obstacles to their appearance were known or knowable, defendants

could have taken the steps necessary to obtain their testimony via deposition while fact discovery was still open. As the advisory committee notes to Rule 43(a) state, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial *for unexpected reasons*," and "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Fed.R.Civ.P. 43, 1996 advisory committee notes (emphasis added).

The Court acknowledges the potential importance of the testimony of the two witnesses who reside in China whose depositions were not taken, but the importance of their testimony was no doubt known to defendants long ago (and Fan's non-appearance as a defendant likewise was known long ago). This ought to have spurred defendants to take the appropriate steps to take and preserve their testimony far sooner than the eve of trial. *Id.* (emphasis in original).

Here, Plaintiff cannot satisfy these standards.

First, Plaintiff's proffering of Dorsch as a witness in this case on these topics has been plagued by deficient and evasive disclosures for nearly the entirety of this case and should be barred for these reasons alone. Plaintiff first disclosed Mr. Dorsch as a witness in this case in his Fed. R. Civ. P. 26(a) disclosures on November 28, 2022. This disclosure consisted entirely of the following information:

> William Dorsch
>
> William Dorsch will testify as to his interactions with defendant Guevara as detailed in
>
> in his testimony. *See* Ex. A at 3.

Plaintiff did not reference what testimony he was referring, the substance of that testimony, or any contact information for Dorsch. Indeed, the first time Plaintiff explained specifically what the actual testimony was he sought to elicit from Dorsch appears to have been in his Motions in Limine filed on the eve of trial. *See* Dckt. No. 249 at 38-39. Prior to that, the description of what specifically Dorsch was actually being offered to testify about was shrouded in vague references to prior testimony without even referencing what specific testimony (or case) Plaintiff was referring. *Id.*

The purpose of Rule 26(a)(1) is not only to avoid surprise but also to allow parties to prepare their trial strategy. *See, e.g., Meridian Fin. Advisers, Ltd., v. Pence*, 2010 WL 2772840, at *8 (S.D.

Ind. 2010). The purpose of the Rule 26(a)(1) disclosure requirements "is to prevent trial by ambush[.]" *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 1996 WL 680243, at *8 (N.D. Ill. 1996). Boilerplate language in Rule 26(a) disclosures is insufficient to permit a party to proceed *See Ablan v. Bank of Am. Corp.*, 2014 WL 13114347, at *2 (N.D. Ill. 2014)(finding that boilerplate language in a Rule 26 (a)(1) disclosure was insufficient to put the opposing party about a new category of damages); *Tamas v. Family Video Movie Club, Inc.*, 304 F.R.D. 543, 546 (N.D. Ill. 2015)(If party is unwilling to conduct a reasonable inquiry in advance of making Rule 26(a)(1) disclosures, that party cannot defeat the purposes of Rule 26(a)(1) simply by providing a laundry list of undifferentiated witnesses). Simply referring to generalized testimony from some other case is not remotely sufficient under Rule 26(a). *Logan v. Burge*, 2010 WL 4074150, at *6–7 (N.D.Ill. 2010)("We agree with the City that Plaintiff cannot simply refer to discovery from another case as a substitute for his Rule 26(a)(1) obligations in this case. Although there are clearly overlapping issues and witnesses, the Evans case is completely separate from this case and we do not find that Plaintiff's reference to a number of pleadings in a separate case satisfies Rule 26(a)(1).").

Rule 26(a) also requires a party to provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i); *Gonzalez v. Olson*, 2015 WL 3671641, at *8 (N.D. Ill. 2015). Rule 26(a) requires a party to amend or supplement its disclosures if the party learns its disclosures are "incomplete or incorrect and if the additional corrective information has not been otherwise made known to the other parties during the discovery process in writing." *Se-Kure Controls, Inc., v. Vanguard*, 2007 WL 781253, at *6 (N.D. Ill. 2007); *see also Adams v. City of Chi.*, 2013 WL 12324659, at *2-4 (N.D. Ill. 2013) (granting motion in limine to bar

seven of plaintiff's 404(b) witnesses where plaintiff failed to provide accurate contact information and further failed to supplement with the witnesses' addresses).

Plaintiff has not even shown that Dorsch should be allowed to testify at all because of his repeated violations of Rule 26 and, thus, this Court need not even reach whether Rule 43 applies or not.

Second, as early as December 2022, Plaintiff appears to have known that Mr. Dorsch resided outside of the country. *See* Ex. B at ¶ 13 (listing Dorsch's last known location as being in Greece). Thus, Plaintiff appears to have known for years that Dorsch resided outside of the country. Yet, for reasons not explained by Plaintiff, Plaintiff did not attempt to secure Dorsch's testimony via deposition under Fed. R. Civ. P. 30 and no deposition was ever taken in this case of Dorsch. Dorsch's unavailability was not unexpected and, thus, Rule 43 is not satisfied.

Third, Plaintiff does not even appear to have attempted to secure the live testimony of Dorsch. According to correspondence provided by Plaintiff's counsel, the sum total of the communications on this topic appear to consist of an e-mail sent to Dorsch which states as follows:

> Detective Dorsch:
> I represent Jaime Rios, in the case of Rios v. Guevara, whose trial is set for February 2, 2026. We have named you as a witness as to your encounter with Reynaldo Guevara. I realize you may be abroad and I believe I can arrange to have you testify by zoom. Please let me know your thoughts as soon as possible. *See* Ex. C.

In other words, Plaintiff's counsel appears to have just assumed that he could arrange to have him testify remotely despite never even attempting to secure the consent of this Court under Rule 43. *Id.* Again, as held by Judge Kennelly in *Yang*, this casual assumption that a Court will "rubber stamp" disfavored remote testimony without any showing of good cause or compelling circumstances is simply not sufficient under Rule 43.

Finally, given the exceedingly inflammatory and thinly-supported allegations of Dorsch, it would be highly prejudicial to allow Dorsch to avoid the in-person observations of the jury in this

case by appearing remotely from an entirely different country. Remote testimony also creates numerous complications with displaying documentary exhibits, transmission delays, unreliable internet signals, etc. The presumption of live testimony exists for a reason and Plaintiff has simply not satisfied the requisite standards.

For all the reasons set forth above and as set forth in response to Plaintiff's Motion in Limine No. 10, Plaintiff's Motion to Present Remote Testimony Of Willaim Dorsch should be denied.

WHEREFORE Defendants pray this Court deny Plaintiff's Motion To Allow The Testimony Of William Dorsch By Remote Transmission and for whatever other relief this Court deems fit.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By:    /s/ Timothy P. Scahill
        *Special Assistant Corporation Counsel*

        Steven B. Borkan
        Timothy P. Scahill
        Special Assistants Corporation Counsel
        Borkan & Scahill, Ltd.
        20 South Clark Street
        Suite 1700
        Chicago, IL 60603
        (312)580-1030
        *Attorneys for Reynaldo Guevara*