UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS,<br>        Plaintiff,<br><br>  v.<br><br>REYNALDO GUEVARA *et al.*,<br>        Defendants. | No. 22-cv-03973<br><br>Judge Jeremy C. Daniel |

## ORDER

This order memorializes and expands on some of the rulings the Court made at the final pretrial conference on January 22, 2026. The parties must file their proposal concerning peremptory strikes on or before January 28, 2026. The parties shall exchange any exhibits they intend to show during opening arguments on or before January 28, 2026, and file any objections to opening exhibits on or before January 30, 2026. The parties shall file any designations, whether from a deposition or court transcript, on or before January 28, 2026. A party will not be able to affirmatively introduce designations at trial that it has not identified by this deadline. The parties shall file any objections or counter-designations on or before January 30, 2026. The plaintiff shall disclose his anticipated questions for defendant Guevara on or before January 30, 2026. The Court anticipates issuing a written order concerning its 404(b) rulings by January 28, 2026. The Court also anticipates distributing its draft jury instructions, verdict form, and voir dire questions by July 29, 2026.

With respect to pending motions: the Court granted the defendants' motion for leave to file a successive motion for summary judgment (R. 226); the plaintiff's motion to admit Dr. Russano's testimony [244, 246] is granted in part and denied in part; the plaintiff's motion to admit Dr. Loftus's testimony [245] is granted in part and denied in part; the plaintiff's motion to preclude Dr. Schafer's testimony [247] is denied; the defendant's motions in limine [248] are granted in part and denied in part; the plaintiff's motions in limine [249] are granted in part and denied in part; the plaintiff's motion to allow William Dorsch to testify remotely [261] is denied as moot; the plaintiff's motion to allow defendant Guevara to testify remotely [262] is granted.

## STATEMENT

<u>Time limits</u>. Each side will have up to 30 hours to present their respective cases. The clock will run when a party examines a witness or presents argument. The clock will not run during jury selection or for any matter addressed outside of the jury's presence.

<u>Peremptory strikes</u>. The Court instructed the parties to confer on the number of peremptory strikes each side should have. The Court further instructs the parties to consider the appropriate number of strikes per side, as the Court will consider the defendants as a single party under 28 U.S.C. § 1870.

Statement of the case. The Court will read the following statement of the case to prospective jurors prior to voir dire:

> The plaintiff, Jaime Rios, alleges that the defendants, Reynaldo Guevara, Michael Mason, and Ernest Halvorsen, violated the plaintiff's civil rights. The defendants are former Chicago police officers. Defendant Halvorsen is deceased. His widow, Joann Halvorsen represents him in this case. The plaintiff alleges that defendant Guevara coerced his confession, fabricated evidence, suppressed exculpatory evidence, and maliciously prosecuted him. The plaintiff further alleges that defendants Mason and Halvorsen coerced his confessions and acted in concert with defendant Guevara. The plaintiff further alleges that the defendants' actions led to the plaintiff's wrongful conviction for murder in 1990. The plaintiff seeks money damages for harms caused by the defendants' alleged conduct. The defendants deny all of these allegations and deny that the plaintiff is entitled to any damages.

Experts. Fed. R. Civ. P. 702 "provides that a qualified expert witness may offer an opinion only if the proponent demonstrates that: (a) the expert's scientific, technical, or other specialized knowledge will be helpful to the jury; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts." *Artis v. Santos*, 95 F.4th 518, 525 (7th Cir. 2024). District courts must ensure that "any proposed expert testimony is not only relevant, but reliable." *Id.* (quotations and citation omitted). To do so, district courts consider whether the proponent established that the witness would testify to valid scientific, technical, or other specialized knowledge and whether the testimony will assist the trier of fact. *See Robinson v. Davol Inc.*, 913 F.3d 690, 695 (7th Cir. 2019).

The plaintiff intends to call two experts at trial. The first is Dr. Melissa Russano, a professor of criminal justice who has a Ph.D. in Psychology. Dr. Russano offers opinions concerning interrogations and false confessions. Those opinions include her views on empirical research and articles published on those topics. From that research, Dr. Russano identifies factors associated with false confessions, the effect false confessions can have, and things one may consider when assessing whether a confession is false one. Dr. Russano then reviews materials specific to this case and concludes that "Mr. Rios's confession raises serious concerns about the extent to which fact-finders can confidently rely on his statement."

That last step is too far. "Expert testimony is unnecessary—and may even be properly excluded—if people of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *United States v. Dewitt*, 943 F.3d 1092, 1096 (7th Cir. 2019) (quotations and citations omitted). In her report, Dr. Russano repeatedly invades the province of the jury by making factual findings. For instance, she identifies "several details that were consistent with the objective evidence in the case," identifies "numerous inconsistencies between Mr. Rios' statement and the objective evidence in this case," and concludes that "there are a number of serious risk factors for false confessions present in this case."

2

Whether something is consistent or inconsistent, or even present, implicates findings that the jury in this case needs to—and is qualified to—make.

It does not take specialized knowledge to determine whether any of the factors associated with false confessions were present in the underlying criminal case. All one has to do, after learning what factors research suggests are relevant, is review the case materials. That is what Dr. Russano did; she reviewed the case file through the lens of research in the field of false confessions.

Nothing in Dr. Russano's report points to any methodology used to reach that opinion. Dr. Russano writes, "It is my opinion to a reasonable degree of scientific certainty in the field of psychology that the questioning conditions and techniques that Mr. Rios described could lead an innocent person (or one that lacks guilty knowledge) to provide a false statement in a homicide case." Contrary to her reference to "a reasonable degree of scientific certainty," that is not a scientific process that led her to that conclusion. She reviewed the case file, which is exactly what this jury will do. As such, Dr. Russano may not testify about the specifics of this case. Dr. Russano may testify about her research in the fields of interrogations and false confessions. This will provide the jury with context for false confessions. With that framework in place, the jury, to the extent it accepts Dr. Russano's testimony, will have what it needs to analyze the evidence.

The plaintiff also intends to call Geoffrey Loftus, a professor of psychology with a Ph.D. in psychology. Dr. Loftus offers opinions concerning the reliability of eyewitness testimony. As with Dr. Russano, Dr. Loftus may testify about his research in this area, but he cannot testify about the specifics of this case. In his report, Dr. Loftus concludes that, "Mr. Huertas viewed the shooter under poor lighting conditions," "Mr. Huertas had reason to be stressed," and "Mr. Huertas . . . would have had multiple things competing for his attention." "As gatekeeper, the district court must decide whether putative opinions are offered ipse dixit." *Turubchuk v. S. Illinois Asphalt Co., Inc.*, 958 F.3d 541, 554. There is no way for Dr. Loftus to know these things. Rather, he reviewed the record and made factual determinations based on the record and inferences he drew from the record. That is for the jury to do. Dr. Loftus may testify to what the research has shown to be relevant factors in assessing the reliability of eyewitness identification. He may not, however, share his thoughts on the record in this case.

The defendants intend to call one expert witness, Jack Schafer, as a rebuttal witness to Dr. Russano. Dr. Schafer is a former special agent with the Federal Bureau of Investigation and has a Ph.D. in psychology. The plaintiff's challenge Dr. Schafer's qualifications. Dr. Schafer holds a Ph.D. in psychology. The plaintiff fails to explain why someone with a doctorate in a field is not qualified to review the literature in that field. The plaintiff also claims that Dr. Schafer's experience as a special agent, which included interrogating individuals, does not qualify him as an expert in this case. The plaintiff offers no credible argument in this respect. The plaintiff's reference to *Harris v. City of Chicago*, No. 14 C 4391, 2017 WL 3142755, at *1-6 (N.D. Ill. July 25, 2017) ignores Dr. Schafer's education in psychology, which the proffered expert in *Harris* did not have. And the plaintiff's reference to Dr. Schafer's views being at odds with literature is a question of weight, not admissibility. Therefore, the defendants may call Dr. Schafer in rebuttal to Dr. Russano.

Certificate of Innocence. The Court grants the plaintiff's motion in limine No. 2 in part and denies it in part. The plaintiff seeks to admit his petition for a certificate of innocence, the certificate of

innocence, and the transcript of the hearing on the petition for a certificate of innocence. The plaintiff has a state law malicious prosecution claim against defendant Guevara. That claim requires proof that the underlying criminal case "was favorably terminated in a manner indicative of innocence." *See Patrick v. City of Chicago*, 974 F.3d 824, 832 (7th Cir. 2020). That makes the certificate of innocence directly relevant to the plaintiff's claim. That is not the case for the petition or the transcript, and the plaintiff has not bothered to explain how they are relevant. Therefore, the Court denies the plaintiff's motion with respect to the petition and the transcript.

The Court is not persuaded by the defendants' willingness to stipulate to the favorable termination element. The defendants cannot dictate to the plaintiff how the plaintiff will present his case.

The defendants argue that the certificate of innocence is hearsay. It is not. The certificate of innocence's significance lies in the fact that a court issued it. *See* Fed. R. Evid. 801(c), Advisory Committee Note C ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). And the Court will instruct the jury accordingly. To the extent the defendants intend to present evidence that the plaintiff committed the offense he was charged with, and to the extent the plaintiff seeks to rebut that evidence, the Court will instruct the jury that the certificate of innocence plays no role in determining that matter. The Court will also instruct the jury consistent with *Patrick*, 974 F.3d at 833 (referencing the jury instruction in *Harris v. City of Chicago*, 2018 WL 2183992, at *4–6 (N.D. Ill. May 11, 2018)).

The defendants also argue that the certificate of innocence must be barred under Fed. R. Evid. 403. While the Court acknowledges the potential unfair prejudice a certificate of innocence may cause, "[w]ell-crafted jury instructions can guard against the risk of unfair prejudice or confusion of the issues." *Patrick*, 974 F.3d at 833.

<u>Motions in limine</u>. The Court will issue a separate order on the plaintiff's 404(b) motions (Plaintiff's MILs Nos. 4-11). The following is a tally of the Court's oral rulings on the parties' motions in limine.

| Plaintiff's MIL No. | Description | Ruling |
|---|---|---|
| 1 | Preclude plaintiff's 1990 and 1995 convictions | Granted as to Fed. R. Evid. 609. This is without prejudice to the defendants' seeking admission on other grounds. |
| 2 | Admit the plaintiff's certificate of innocence | Granted in part and denied in part. |
| 3 | Call defendant Guevara to testify | Granted. Defendant Guevara intends to invoke his Fifth Amendment rights. As such, the plaintiff shall disclose his questions for defendant Guevara on or before January 30, 2026. Defendant Guevara may testify remotely. |

4

| | | |
|---|---|---|
| 4-11 | Allow Maysonet, Rankins, Melendez, Mejia, Diaz, Bordoy, Dorsch, and Solache to testify. | Denied. The Court will issue a written order concerning its ruling. |
| Defendants' MIL No. | | |
| 1 | Exclude the plaintiff's certificate of innocence | Granted in part and denied in part. |
| 2 | Bar Any Evidence or Argument About Suggestiveness or Coercion Leading to Any Identifications in this Case or Failure to Inform Prosecutors of Same | Denied. |
| 3 | Bar Evidence or Argument Contradicting Admissions Made During Summary Judgment Proceedings | Denied. |
| 4 | Bar Any Evidence or Reference to Allegedly False Testimony of Any Defendant at Plaintiff's Criminal Trial | Denied. |
| 5 | Bar Prior Evidence or Argument Concerning Prior Claims of Misconduct, Citizen Complaints, and Lawsuits, and the testimony of Plaintiff's Proffered Fed. R. Evid. 404(b) Witnesses against Guevara | Granted in part and denied in part. The plaintiff may testify to his knowledge of defendant Guevara to the extent that it influenced the plaintiff's conduct in dealing with Guevara. |
| 6 | Bar Geoffrey Loftus | Granted in part and denied in part. |
| 7 | Bar Evidence of Fifth Amendment Invocation, or in the Alternative, To Bar Live Elicitation of Fifth Amendment Invocation of Defendant Guevara and/or Limit the Number and Nature of Questions Designed to Elicit Such Invocation | Denied in part. |
| 8 | Bar Any Attempt To Elicit a Fifth Amendment Invocation From Defendant Guevara Without First Establishing The Existence of Such Facts Through Independent Evidence | Granted. The plaintiff has agreed to disclose his questions for defendant Guevara. To the extent any questions are not supported by the anticipated evidence at trial, the Court will hear objections to those questions. |
| 9 | Bar Any Attempt to Elicit a Fifth Amendment Invocation From Defendant Guevara on Matters Already Adjudicated Against Plaintiff on Summary Judgment | Denied. |
| 10 | Bar Any Evidence, Argument or Inquiry Relating to Any Judicial | Granted. |

5

| | | |
|---|---|---|
| | Commentary on the Credibility of Defendant Guevara or Other Matters Relating to Other Cases Involving Defendant Guevara | |
| 11 | Bar Imputing Any Inference from Guevara's Assertion of the Fifth Amendment to Defendants Halvorsen and Mason | Granted as agreed. |
| 12 | Bar Evidence or Argument Related to Halvorsen's Disavowed Fifth Amendment Invocation in Unrelated Litigation | Granted as agreed. |
| 13 | Bar Any Testimony by Criminal Defense Attorneys or Other Witnesses Speculating on the Outcome of Criminal Trial | Granted in part and denied in part. The criminal defense attorney can testify about how his or her view of the case influenced his or her conduct with respect to the case. The criminal defense attorney cannot testify about predictive outcomes beyond the effect they had on his or her conduct. |
| 14 | Bar Any Testimony Regarding Rios's Friends and Family's Personal Feelings, Emotional Status, and/or Suffering after Plaintiff's Arrest | Denied without prejudice. |
| 15 | Bar Evidence or Argument Regarding Any Alleged Abuse or Illegal Conditions of Confinement Experienced or Witnessed by Plaintiff While Incarcerated | Granted. |
| 16 | Bar Any Argument or Questioning Regarding the Failure to Record Interrogations, Witness Statements or Identification Procedures | Denied without prejudice. |
| 17 | Bar Any Evidence or Argument Concerning Sufficiency of Investigation | Denied. |
| 18 | Bar Chicago Police Department Policy or Practice Violations by Defendant Officer | Denied without prejudice. |
| 19 | Bar General Evidence or Argument Regarding Alleged Code of Silence | Denied without prejudice. |
| 20 | Bar Plaintiff's False Confession Expert Melissa Russano | Granted in part and denied in part. |
| 21 | Bar Prior Evidence or Argument Concerning Prior Claims of Misconduct, Citizen Complaints, and | Granted as agreed. |

6

|    |                                                                                                                         |                                                                                                                                                                                                                                                                                                                                                                                                                                              |
|----|-------------------------------------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | Lawsuits against Halvorsen, Mason and Non-Party CPD Witnesses                                                           |                                                                                                                                                                                                                                                                                                                                                                                                                                              |
| 22 | Bar References to Highly Publicized Cases of Police Misconduct                                                          | Granted. The Court understands that expert witnesses will likely discuss the underlying facts of highly publicized misconduct cases found in the literature in the expert's field.                                                                                                                                                                                                                                                           |
| 23 | Bar Plaintiff from Arguing or Referring to "Constitutional Rights" as a Category of Damages                             | Granted.                                                                                                                                                                                                                                                                                                                                                                                                                                     |
| 24 | Bar Any "Golden Rule" Arguments                                                                                         | Granted.                                                                                                                                                                                                                                                                                                                                                                                                                                     |
| 25 | Motion to Admit Felony Convictions of Plaintiff's Witnesses Benjamin Carrero, Cristino Garcia and Lamont Burr           | The defendants may admit Garcia's and Burr's convictions that occurred within the last ten years. The defendants may introduce the fact of conviction for Garcia and Burr for convictions that would have been admissible in the underlying criminal case. The defendants may introduce the fact that the plaintiff and Carrero were incarcerated together, but no details concerning Carrero's conviction. |
| 26 | Exclude the City of Chicago on the Verdict Form, Jury Instructions and Case Caption                                     | Granted.                                                                                                                                                                                                                                                                                                                                                                                                                                     |

Date: January 26, 2026

JEREMY C. DANIEL
United States District Judge