IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIME RIOS

    Plaintiff,

       vs.                              Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO

    Defendants.                       JURY TRIAL DEMANDED

    Defendants.

**MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT REYNALDO
GUEVARA'S PATTERN AND PRACTICE OF MISCONDUCT ON THE ISSUE OF
<u>GUILT/INNOCENCE AS IT RELATES TO DAMAGES</u>**

    Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following motion in limine to admit evidence of defendant Reynaldo Guevara's pattern and practice of misconduct on the issue of guilt/innocence as it relates to damages and on the issue of punitive damages. In support thereof, Jaime Rios states as follows:

1. Jaime Rios previously filed motions in limine to admit instances of Reynaldo Guevara's pattern and practice of misconduct as evidence under Federal Rule of Evidence 404(b) to prove liability for Guevara's multiple civil rights violations in this case.

2. On January 22, 2026, this court ruled orally that none of the Rule 404(b) material was admissible on the issues of liability.

1

3. The court has stated that it will follow up with a written opinion on this topic on today's date, January 28, 2026.

4. However, apart from liability, Reynaldo Guevara's misconduct is also relevant on the issues of guilt/innocence as it relates to damages and to punitive damages and should be admitted for those purposes.

5. The case of *Par. v. City of Elkhart, Ind.*, 702 F.3d 997, 999 (7th Cir. 2012) is dispositive.

6. In *Elkhart*, the district court excluded evidence of plaintiff's innocence of the charges for which he was originally convicted, including evidence of the identification of other individuals as possible perpetrators, and recantations by the eyewitnesses of their identification of Parish. 702 F.3d at 999.

7. The Seventh Circuit reversed, and remanded for a new trial on the issue of damages, on the ground that the low damage award was affected by the exclusion of this exculpatory evidence.

8. In this case, evidence of Guevara's pattern and practice of misconduct is similarly relevant and admissible on the issue of damages.

9. Obviously, Jaime Rios's guilt or innocence is to be determined by state law, not federal law.

10. The defendants have acknowledged as much, by asking that the jury be instructed on the elements of first degree murder and accountability under Illinois law.

11. Under Illinois, claims of a pattern and practice of police misconduct are judged under a unique set of standards, without reference to Illinois Rule of Evidence Rule 404(b).

12. Under Illinois law a pattern and practice of police misconduct is relevant to innocence and admissible under certain conditions.

13. For evidence of a pattern and practice of police misconduct to be admissible with respect to innocence, there must be "sufficient evidence" of similarity between the police misconduct in

other cases and the police misconduct in the defendant's case:

> "[S]imilarity is a critical factor to consider when determining whether new evidence of police misconduct in other cases establishes a pattern and practice of certain behavior. However, the test is not one of exact or perfect identity. Rather, the critical inquiry is simply whether there is sufficient similarity between the misconduct at issue in the present case and the misconduct shown in other cases, such that it may fairly be said the officers were acting in conformity with a pattern and practice of behavior."

*People v. Jackson*, 2021 IL 124818, ¶ 34.

14. In other words, with respect to police misconduct, Illinois law allows such evidence to be admitted based upon such factors as similarity and proximity in time, but does not, like Rule 404(b), require a "propensity free" chain of reasoning or the kind of exact or perfect identity which, it might be argued, is required for modus operandi.

15. This principle has been directly applied to hold that Reynaldo Guevara's pattern and practice of intimidating witnesses and influencing witness identifications of suspects he targeted, one of the practices he used in this case, is admissible.

16. In the case of *People v. Almodovar*, 2013 IL App (1st) 101476, ¶¶ 75-77, the court held that Guevara's pattern and practice of "intimidating witnesses and influencing witness identifications" was newly discovered evidence which established cause and prejudice for the filing of a successive post-conviction petition but was also arguably sufficient to establish actual innocence:

> Because we find that defendant has met the cause-and-prejudice test as set forth in section 122–1(f) of the Act and in *Pitsonbarger*, we need not rule upon defendant's alternate argument, namely, that the evidence set forth in his successive postconviction petition is sufficient to constitute a claim of actual innocence. However, we note that a strong argument could be made that defendant's successive petition would meet this standard as well.

*Almodovar*, 2013 IL App (1st) 101476, ¶ 77; *Accord*, *People v. Robinson*, 2022 IL

3

App (1st) 200483-U, ¶¶ 23-25 (Guevara's pattern and practice of intimidating witnesses and coercing identifications constituted newly discovered evidence of innocence mandating a grant of leave to file a successive post-conviction petition).

17. The same is true with respect to the other category of misconduct evidence in this case, Guevara's use of physical beatings and torture. See *People v. Reyes*, 369 Ill.App.3d 1 (2006) (evidence that Guevara had beaten other suspects constituted newly discovered evidence of innocence).

WHEREFORE, Jaime Rios seeks an order of court granting leave to file the attached motion with leave of court for defendants to file any response.

        Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

By: Stephen L. Richards Attorney for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No: 6191946

4

## CERTIFICATE OF SERVICE

Stephen L. Richards certifies that on January 27, 2026 he served the **MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT REYNALDO GUEVARA'S PATTERN AND PRACTICE OF MISCONDUCT ON THE ISSUE OF GUILT/INNOCENCE AS IT RELATES TO DAMAGES**

through the ECF filing system.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946