UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIME RIOS,
      Plaintiff

v.

REYNALDO GUEVARA, *et al.*,
      Defendant

No. 22 CV 3973

Judge Jeremy C. Daniel

### ORDER

The plaintiff's Motions in Limine Nos. 4 through 11 are denied. The plaintiff's motion for leave to file an additional an additional motion in limine [280] is denied.

### STATEMENT

For the reasons discussed on the record during the January 22, 2026, final pretrial conference, and those in this order, Plaintiff Jamie Rios' Motions in Limine Nos. 4–11 are denied. The plaintiff's motions proffer testimony of eight potential "other acts" witnesses under Fed. R. Evid. 404(b)(2). (*See* R. 249 at 14–41.)[1] Each proffered witness would testify to prior instances where Defendant Reynaldo Guevara allegedly used coercive tactics to elicit confessions or evidence from someone.

Under Fed. R. Evid. 404(b)(1), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "In other words, the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014).

The plaintiff offers three principal arguments for admission. First, he argues that the proffered testimony is relevant to proving identity in case the defendants argue they were not the individuals who violated the plaintiff's civil rights. (R. 249 at 23.) That is curious, as identity is not at issue and the parties have indicated that defendant Guevara intends to invoke his Fifth Amendment rights at trial. Nonetheless, the

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

plaintiff argues that the testimony establishes identity by showing Guevara had a *modus operandi*. (*See id.* at 25–26, 30, 32, 33–34, 36, 38, 40–41.) "Other-act evidence is admissible to show a *modus operandi* when it establishes a unique pattern or signature linking the other conduct to the alleged offense." *United States v. Edwards*, 26 F.4th 449, 454 (7th Cir. 2022) (collecting cases). "For *modus operandi* evidence to be useful, it must 'bear a singular strong resemblance to the pattern of the [conduct alleged]' with the similarities between the two [acts] 'sufficiently idiosyncratic to permit an inference of pattern for purposes of proof.'" *United States v. Thomas*, 321 F.3d 627, 634–35 (7th Cir. 2003) (quoting *United States v. Smith*, 103 F.3d 600, 603 (7th Cir. 1996)) (emphasis omitted).

The proffered testimony does not present a distinctive pattern establishing identity. The plaintiff points to similarities with the alleged other acts, such as their taking place in Area Five in the presence of a prosecutor, Guevara telling the suspects what they should say and not taking "no" for an answer, beating the suspects, and threatening to take their children away. However, the similarities vary between the witnesses' testimony: all appear to have taken place in Area 5, but not all witnesses say they were physically assaulted, the methods of assault varied where alleged, most did not occur in a prosecutor's presence, and at least one witness stops short of affirmatively implicating a defendant, (*see* R. 249 at 35–36). At one point in his briefing, the plaintiff even describes a subset of the witnesses' accounts as similar because they all "took place at Area 5, using physical force in an attempt to extract a false confession." (R. 249 at 32.) This is a high level of generality that does not establish a distinct *modus operandi* demonstrating identity as to any of the defendants in this case. Even if some of the repeated tactics do bear similarity to those the plaintiff alleges, such as the threat to take away children, they are not so distinctive as to constitute a *modus operandi* for purposes of Rule 404(b)(2).

Second, the plaintiff argues the proffered testimony is relevant to motive and intent because "Guevara may claim that he lacked any motive to pin a case on Rios, or for that manner anyone else," and that "his pattern and practice of framing innocent people for crimes that they did not commit certainly bears on motive and intent." (R. 249 at 23.) Any motive or intent that the jury might discern is no more evident from the proffered testimony than it is from alleged conduct in this case. The proffered testimony concerns other alleged instances of the defendants obtaining coerced confessions. Nothing about those instances reveals anything about the defendants' motives or intentions concerning the plaintiff's allegations here. The argument that they establish a "pattern and practice of framing innocent people" is just another way of phrasing the propensity use forbidden under Rule 404(b)(1).

Third, the plaintiff argues the proffered testimony is relevant to show opportunity, preparation, and plan because "[e]vidence that in other instances, Guevara used tactics similar to, and, in one instance, nearly identical, to those employed here is relevant for th[ese] non-propensity purpose[s]." (R. 249 at 23.) This merely repeats

2

the plaintiff's *modus operandi* argument under a different label. The plaintiff also does not explain what propensity-free chain of reasoning establishes opportunity, preparation, or plan. The fact that the plaintiff's argument relies on the other instances being "similar" tells the Court that the plaintiff is again relying on the prohibited propensity inference.

In support of his later two arguments, the plaintiff also relies on the Seventh Circuit's decision in *Wilson v. City of Chicago*, 6 F.3d 1233 (7th Cir. 1993), reversing a district court's refusal to admit other-acts evidence. One witness in that case would have claimed that the defendants subjected him to electroshock nine days before doing the same to the plaintiff, and another that the defendants beat him during the same investigation where they allegedly beat the plaintiff. *Id.* at 1238. *Wilson* is not on point for two reasons. First, the district court in *Wilson* ruled that the evidence was inadmissible on relevance grounds. *Id.* Second, *Wilson* involved closer factual connections between the alleged conduct and the proffered other acts than exists in this case, both in kind and in temporal proximity.

The plaintiff makes the additional argument that the proffered testimony would be admissible under Illinois state law in the underlying criminal case, so it should be admissible here to counter a defense argument that he was actually guilty. (*See* R. 280-1.) Even assuming his read of Illinois law is correct, federal courts are not bound by state courts' procedural rules. *See Karahodzic v. JBS Carriers, Inc.*, 881 F.3d 1009, 1015 (7th Cir. 2018). But the Court need not reach the merits because the argument is untimely. The plaintiff has not identified any reason that he could not have raised these arguments when he filed his motions in limine.

Finally, the Court notes that any probative value from the proffered testimony is substantially outweighed by the dangers of unfair prejudice, confusion, and wasting time. *See* Fed. R. Evid. 403. Even if there is some probative value, it is substantially outweighed by the danger that the jury might make a prohibited propensity inference or otherwise disadvantage the defendants based on the inflammatory nature of the testimony. Any instruction would be insufficient in this case to guard against these dangers. Admitting the testimony would also likely add unwarranted confusion and delay, diverting the trial into sub-issues related to whether and how the alleged other acts might have occurred.

Date: January 28, 2026

JEREMY C. DANIEL
United States District Judge