IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS, )<br>)<br>        **Plaintiff,** )<br>)<br>        vs. )<br>)<br>REYNALDO GUEVARA, MICHAEL MASON, )<br>ERNEST HALVORSEN, CITY OF CHICAGO, )<br>)<br>        **Defendants.** ) | Case No. 22 CV 3973<br><br>Judge Jeremy Daniel |

**DEFENDANTS' OBJECTIONS TO THE COURT'S DRAFT VOIR DIRE QUESTIONS**

NOW COME Defendants, by and through their undersigned counsel, and for their objections to the Court's proposed Voir Dire questions, state as follows:

**Requested Modification 1:** Defendants request the inclusion of a voir dire questions testing the venire's views on a party invoking his Fifth Amendment Rights Against Self-Incrimination. This issue is one in which most jurors will likely have a strong opinion and which Defendant Guevara must be allowed to probe for cause challenge or as the basis for a peremptory strike. This is particularly so because Plaintiff in this case appears poised to draw the jury's attention to this issue throughout the trial. It would be prejudicial if Defendants (and Defendant Guevara is particular) were not permitted to voir dire potential jurors on this issue. Defendants previously submitted numerous questions on this topic in the Final Pretrial Order but have distilled the crux of this issue down to the following question and request this be added to the proposed voir dire question:

> You will hear evidence in this case that one of the named defendants has chosen to invoke his constitutional rights to remain silent under the 5th Amendment to the Constitution. If selected as a juror, I will instruct you that you may (but are not required to) infer from this silence that truthful answers would be unfavorable to this defendant. Do you believe you will have difficulty fairly evaluating the remaining evidence in this case knowing that one of the defendants has chosen not to testify about this case?

**Requested Modification 2:** Defendants request the modification of Question No. 23 as follows so as to address both potential sides of the relevant question:

> Would you be more or less inclined to believe the testimony of a police officer simply because he or she is a police officer?

**Requested Modification 3:** Defendants request this Court add the following question for a show of hands to address whether jurors may have had positive or negative interactions with law enforcement:

> Have you or any of your family, relatives or close friends ever had a positive or negative experience with a law enforcement officer or police department?

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By: /s/ Timothy P. Scahill
*Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312)580-1030
*Attorneys for Reynaldo Guevara*


/s/Caroline P. Golden
CAROLINE P. GOLDEN, Atty No. 6270259 Special Assistant Corporation Counsel One of the Attorneys for Defendant Michael Mason and Joann Halvorsen, special representative for Ernest Halvorsen, deceased

/s/ Eileen E. Rosen
EILEEN E. ROSEN Special Assistant Corporation Counsel One of the Attorneys for Defendant City of Chicago