**DRAFT**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JAIME RIOS,

          Plaintiff,

    v.

REYNALDO GUEVARA, *et al.*,

          Defendants.

No. 22-cv-03973

Judge Jeremy C. Daniel

## JURY INSTRUCTIONS

**DRAFT**

## Instruction No. 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**DRAFT**

## Instruction No. 2

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**DRAFT**

## Instruction No. 3

In this case, Defendants Reynaldo Guevara, Michael Mason, and Ernest Halvorsen acted in their official capacities as police officers. Plaintiff Jaime Rios is a civilian. All parties are equal before the law and entitled to the same fair consideration.

**DRAFT**

## Instruction No. 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I have taken judicial notice of.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

**DRAFT**

## Instruction No. 5

During the trial, certain testimony was presented to you by the reading of transcripts. Generally, you should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court. However, for statements made in transcripts of the plaintiff's underlying criminal proceedings, to include the trial transcript and the sentencing transcript, you may consider statements by individuals who have not testified during this trial as evidence only of what was said during those proceedings. You may not consider what was said during those proceedings by witnesses who have not testified during this trial to determine what actually happened.

**DRAFT**

## Instruction No. 6

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**DRAFT**

## Instruction No. 7

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**DRAFT**

## Instruction No. 8

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**DRAFT**

## Instruction No. 9

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**DRAFT**

### Instruction No. 10

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual defendant only in the case against that individual defendant. You must not consider it against any other co-defendant.

**DRAFT**

## Instruction No. 11

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**DRAFT**

## Instruction No. 12

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**DRAFT**

## Instruction No. 13

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

13

**DRAFT**

### Instruction No. 14

With respect to either a party or a witness who testified at this trial, you may consider statements given by them under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony during this trial.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**DRAFT**

## Instruction No. 15

You have heard evidence that individuals have been convicted of a crime. You may consider this evidence only in deciding whether their testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**DRAFT**

## Instruction No. 16

You have heard Defendant Reynaldo Guevara invoke his Fifth Amendment right not to incriminate himself in response to questions. You may, but are not required to, assume that Defendant Guevara's testimony in response to those questions would have been unfavorable to him.

*See Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 603–04 (7th Cir. 2019) ("The court opted instead not to instruct the jury on the Fifth Amendment's limits, telling the jury only that it could, but did not have to, infer from Lewellen's assertion that his answers 'would have been adverse.' We do not quarrel with this instruction in the abstract."

16

**DRAFT**

## Instruction No. 17

It is proper for a lawyer to meet with any witness in preparation for trial.

**DRAFT**

## Instruction No. 18

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**DRAFT**

## Instruction No. 19

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**DRAFT**

## Instruction No. 20

Defendants Reynaldo Guevara, Michael Mason, and Ernest Halvorsen have been sued as individuals. Your decision in this case concerns only whether Plaintiff Jaime Rios has proven his claims against each of those defendants.

**DRAFT**

## Instruction No. 21

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

**DRAFT**

### Instruction No. 22

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**DRAFT**

### Instruction No. 23

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**DRAFT**

## Instruction No. 24

The parties agree that the summary of the trial record accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

**DRAFT**

## Instruction No. 25

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of _____, which was taken on _____ (is about to be / was) presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**DRAFT**

## Instruction No. 26

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**DRAFT**

## Instruction No. 27

You have heard evidence that Plaintiff Jaime Rios was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether the plaintiff's constitutional rights were violated or whether the defendants engaged in any misconduct under state or federal law. The State court was not asked nor did it decide the issues of whether the plaintiff's confession was false, fabricated, or coerced; whether the defendants fabricated or concealed any evidence; or whether Defendant Reynaldo Guevara maliciously prosecuted the plaintiff. These are issues for you alone to decide.

In addition, the State court may not have had the same evidence before it that has been presented to you in this case. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

**DRAFT**

### Instruction No. 28

If you decide for a defendant on the question of liability, then you should not consider the question of damages as to that defendant.

**DRAFT**

## Instruction No. 29

Plaintiff Jaime Rios claims that the defendants violated his right against self-incrimination by coercing him to confess to a crime. To succeed on this claim, the plaintiff must prove each of the following four things by a preponderance of the evidence:

1. The plaintiff gave a confession;

2. The confession was not made by the plaintiff voluntarily, but rather was made involuntarily as a result of coercion by the Defendant you are considering;

3. The coerced confession was used against the plaintiff during his criminal case; and

4. The plaintiff was damaged as a result.

The evaluation of whether a confession is coerced involves consideration of the totality of the circumstances to determine whether the individual confessed voluntarily, of his own free will, or whether the police overrode his volition. *United States v. Giles*, 935 F.3d 553, 556–57 (7th Cir. 2019). [The Court will provide examples of coercive and permissible conduct with respect to confessions. The parties must identify case law that supports the example and establish that the evidence admitted at trial warrants the example.]

If you find that Plaintiff has proved each of these things by a preponderance of the evidence with respect to the defendant you are considering, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the defendant you are considering, and you will not consider the question of damages unless you decide for Plaintiff on any of his other claims.

29

**DRAFT**

## Instruction No. 30

Plaintiff Jaime Rios claims that the defendants violated his right to a fair trial by fabricating evidence that was used against the plaintiff at his criminal trial. To succeed on this claim, the plaintiff must prove each of the following four things by a preponderance of the evidence:

1. The defendant you are considering knowingly fabricated evidence against the plaintiff, meaning the defendant created evidence he knew to be false, or, in other words, deliberately falsified evidence;

2. The evidence was used against the plaintiff at his criminal trial;

3. The evidence was material, meaning there is a reasonable likelihood that the result in the criminal proceeding would have been different if the fabricated evidence was not used in the plaintiff's criminal trial; and

4. The plaintiff was damaged as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence with respect to the defendant you are considering, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the defendant you are considering, and you will not consider the question of damages unless you decide for Plaintiff on any of his other claims.

**DRAFT**

## Instruction No. 31

Plaintiff claims that the defendants violated his right to a fair trial by failing to disclose exculpatory and/or impeachment evidence that was material to the plaintiff's defense in the criminal case. To succeed on these claims, the plaintiff must prove each of the following three things by a preponderance of the evidence:

1. The defendant you are considering knowingly concealed from the prosecutor exculpatory and/or impeachment evidence, and that evidence was not otherwise available to the plaintiff, through the exercise of reasonable diligence, to make use of at his criminal trial;

2. The evidence was material, meaning there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had been disclosed; and

3. The plaintiff was damaged as a result.

"Exculpatory evidence" is evidence that tends to show that the accused is not guilty of the crime.

"Impeachment evidence" is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence with respect to the defendant you are considering, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the defendant you are considering, and you will not consider the question of damages unless you decide for Plaintiff on any of his other claims.

**DRAFT**

## Instruction No. 32

Plaintiff claims that Defendant Reynaldo Guevara maliciously prosecuted him. To succeed on this claim, the plaintiff must prove the following five things by a preponderance of the evidence:

1. The defendant caused the commencement or continuation of the criminal proceeding against Plaintiff;

2. The defendant lacked probable cause for doing so;

3. The defendant acted with malice, that is, he commenced or continued the prosecution for a reason other than to bring a guilty party to justice;

4. The criminal proceeding against Plaintiff was ultimately terminated in Plaintiff's favor; and

5. Plaintiff suffered harm as a result.

"Probable cause" exists if, at the time the defendant commenced or continued the criminal proceeding against Plaintiff, a reasonable person in the defendant's position would have believed that Plaintiff had committed a crime. In making this decision, you should consider what the defendant knew and the reasonably trustworthy information the defendant had received. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the defendant's belief was probably right.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for defendant Guevara, and you will not consider the question of damages unless you decide for Plaintiff on any of his other claims.

**DRAFT**

## Instruction No. 33

If you find in favor of Plaintiff Jaime Rios, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the defendants' conduct.

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The mental and emotional pain and suffering and loss of a normal life that the plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

**DRAFT**

## Instruction No. 34

If you find for Plaintiff Jaime Rios, you may, but are not required to, assess punitive damages against the defendants. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, the defendant simply did not care about the plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the defendant's conduct;

- the impact of the defendant's conduct on the plaintiff;

- the relationship between the plaintiff and the defendant;

- the likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

34

**DRAFT**

## Instruction No. 35

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

When you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the verdict form, and all of you will sign it.

**DRAFT**

### Instruction No. 36

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**DRAFT**

## Instruction No. 37

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.