UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE RIOS,<br>        Plaintiff,<br>    v.<br>REYNALDO GUEVARA, *et al.*,<br>        Defendants. | No. 22-cv-03973<br><br>Judge Jeremy C. Daniel |

## VERDICT FORM

1. Did Plaintiff Jaime Rios prove by a preponderance of the evidence that Defendant Reynaldo Guevara violated his right against self-incrimination by coercing him to make a confession that was used against the plaintiff at his criminal trial?

    Answer:    Yes _____    No _____

2. Did Plaintiff Jaime Rios prove by a preponderance of the evidence that Defendant Michael Mason violated his right against self-incrimination by coercing him to make a confession that was used against the plaintiff at his criminal trial?

    Answer:    Yes _____    No _____

3. Did Plaintiff Jaime Rios prove by a preponderance of the evidence that Defendant Ernest Halverson violated his right against self-incrimination by coercing him to make a confession that was used against the plaintiff at his criminal trial?

    Answer:    Yes _____    No _____

4. Did Plaintiff Jamie Rios prove by a preponderance of the evidence that Defendant Reynaldo Guevara violated his right to a fair trial by knowingly fabricating material evidence against the plaintiff, namely, information from confidential informants, that was used against the plaintiff at his criminal trial?

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

5. Did Plaintiff Jaime Rios prove by a preponderance of the evidence that Defendant Reynaldo Guevara violated his right to a fair trial by knowingly fabricating material evidence against the plaintiff, namely, the testimony of Benjamin Carrero, that was used against the plaintiff at his criminal trial?

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

6. Did Plaintiff Jaime Rios prove by a preponderance of the evidence that Defendant Reynaldo Guevara violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely, potential alibi evidence provided by Cristino Garcia?

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

7. Did Plaintiff Jaime Rios prove by a preponderance of the evidence that Defendant Reynaldo Guevara violated his right to a fair trial by knowingly concealing from the prosecutor material exculpatory and/or impeachment evidence, namely, evidence that Defendant Guevara had assaulted Cristino Garcia?

        Answer:     Yes \_\_\_\_\_     No \_\_\_\_\_

8. Did Plaintiff Jamie Rios prove by a preponderance of the evidence that Defendant Reynaldo Guevara maliciously prosecuted him by commencing or continuing a criminal proceeding against the plaintiff, with malice and without probable cause, which ultimately terminated in the plaintiff's favor?

Answer: Yes _____ No _____

9. If you have found in favor of Plaintiff Jaime Rios, that is, if you answered "Yes" to any of Questions 1 through 8, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of claim for which you found in favor of the Plaintiff. Please enter that amount below:

Compensatory Damages: $_____

10. If you have found in favor of Plaintiff Jaime Rios and against Defendant Reynaldo Guevara, that is, if you answered "Yes" to Question 1 or to any of Questions 4 through 8, then you may, but are not required to, award punitive damages against Defendant Guevara. To award punitive damages, you must find that the plaintiff has proven by a preponderance of the evidence that Defendant Guevara's conduct was malicious or in reckless disregard of the plaintiff's rights. If you have found that punitive damages are appropriate against Defendant Guevara, please enter that amount below:

Punitive Damages: $_____

11. If you have found in favor of Plaintiff Jaime Rios and against Defendant Michael Mason, that is, if you answered "Yes" to Question 2, then you may, but are not required to, award punitive damages against Defendant Mason. To award punitive damages, you must find that the plaintiff has proven by a preponderance of the evidence that Defendant Mason's conduct was malicious or in reckless disregard of the plaintiff's rights. If you have found that punitive damages are appropriate against Defendant Mason, please enter that amount below:

    Punitive Damages:  $_____

_____      _____
Presiding Juror

_____      _____

_____      _____

_____      _____

DATE: _____