# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Daniel Andersen
                        Plaintiff,

v.                                                   Case No.: 1:16–cv–01963
                                                      Honorable Virginia M. Kendall

The City of Chicago, et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 17, 2020:

      MINUTE entry before the Honorable Virginia M. Kendall. Defendants move to bar Plaintiff from using transcripts from now unavailable witnesses who testified at his criminal trial[501]. They agree that insofar that Plaintiff was a party to all of the underlying proceedings and was given a full opportunity to question witnesses through his attorney, the testimony is admissible under Fed. R. Evid. 804(b)(1). However, to the extent that Plaintiff seeks to put in testimony under 804(b)(1), the defense argues that they are not the same as the Cook County State's Attorney and their interests are not directly aligned. As such, it cannot be said that when the Cook County State's Attorney questioned the now unavailable witnesses that their interests were protected. For purposes allowing admission of transcript testimony from an unavailable witness, the Court must determine if the party against whom testimony is offered had an opportunity and similar motive to develop testimony by direct, cross, or redirect examination and evaluate the party had a motive, not only similarity of issues but also of purpose for which testimony is given. Fed.R.Evid. 804(b)(1), United States v. Feldman, 761 F.2d 380 (7th Cir. 1985), abrogated on other grounds by United States v. Rojas–Contreras, 474 U.S. 231 (1985). The similar motive "requirement operates to screen out those statements, which although made under oath, were not subject to the scrutiny of a party interested in thoroughly testing its validity." United States v. Pizarro, 717 F.2d 336, 349 (7th Cir.1983). "When considering whether this requirement has been met, courts look to the similarity of issues and the purpose for which testimony is given." United States v. Reed, 227 F.3d 763, 768 (7th Cir.2000). In this case, the defendant officers were not a party in the criminal trial. The Cook County State's Attorney prosecuted the case. During that criminal trial, the motivation of the ASA is to present evidence to prove his case beyond a reasonable doubt. He is not in a position to be thinking of defending an officer witness in as a future defendant in a wrongful conviction case. Also, the motive of an ASA in directing or cross–examining a witness is entirely different than defending that witness in a civil rights case. The ASA is concerned with presenting the building blocks of his case to establish guilt. The civil defense attorney is concerned with showing that the officer's actions were appropriate, legal, constitutional and fair under the circumstances. The civil defense attorney must have a much broader understanding of the actions of the officer in terms of civil liability which is not at all the focus of the ASA in the criminal trial. Therefore, the Defendants' motion to bar the use of the transcripts of the criminal trial by the Plaintiff

[501] is granted. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.