IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS,                      )<br>                                              )<br>            **Plaintiff,**           )<br>                                              )<br>      vs.                                 )<br>                                              )<br>REYNALDO GUEVARA, MICHAEL MASON, )<br>ERNEST HALVORSEN, CITY OF CHICAGO, )<br>                                              )<br>            **Defendants.**        ) | **Case No. 22 CV 3973**<br><br>**Judge Jeremy Daniel** |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS TO BE USED IN
<u>OPENING STATEMENT</u>**

NOW COME DEFENDANTS, by and through their below-signed counsel, and objecting to Plaintiff's Proposed Opening Exhibits, state as follows:

1. Pursuant to the Order of this Court, Plaintiff supplied the following Exhibits he intends to use in opening statement:

    **A.** Order granting Certificate of Innocence

    **B.** Photographs of Plaintiff from prison and educational materials;

    **C.** Photograph of Reynaldo Guevara

    **D.** Photograph of Jaime Rios

    **E.** Arrest Report of Plaintiff

    **F.** Rios Court Reported Statement

    **G.** Indian Chief Ring. *See* Ex. A-G.

2. Defendants do not object to Exhibits D, E, and F.

3. Defendants object to the remaining exhibits as follows:

    A. Exhibit A: Defendants object to Plaintiff displaying his actual Certificate of Innocence court order in opening or at trial. While Defendants understand that this

1

Court will allow evidence of the Certificate of Innocence to be admitted for the purpose of establishing his favorable termination element for his Malicious Prosecution claim against Defendant Guevara, the Order granting the COI itself is not necessary for this purpose and its contents are both hearsay, unduly prejudicial and inconsistent with this Court's Order on this topic. Specifically, this Court explicitly held that the COI could not be used to establish evidence of innocence nor could it be used as evidence of any of the underlying facts it was predicated on. See Dckt. No. 277 at 4 ("The defendants argue that the certificate of innocence is hearsay. It is not. The certificate of innocence's significance lies in the fact that a court issued it. See Fed. R. Evid. 801(c), Advisory Committee Note C ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). And the Court will instruct the jury accordingly. To the extent the defendants intend to present evidence that the plaintiff committed the offense he was charged with, and to the extent the plaintiff seeks to rebut that evidence, the Court will instruct the jury that the certificate of innocence plays no role in determining that matter."). In this regard, the problem is that the COI itself contains statements that expressly indicate findings of innocence by a preponderance of the evidence and indicate a finding that the plaintiff did not by his own conduct voluntarily cause or bring about his conviction. See Ex. A ("The Court being fully advised fmds by a preponderance of evidence that…The Defendant/Petitioner is innocent of the offenses charged in the indictment or information…[and]… The Defendant/Petitioner did not by his/her own conduct voluntarily cause or bring about his/her conviction."). This is precisely what this Court held is not allowed. And these statements contained within the COI itself are, in fact, hearsay even if the fact of the COI being granted is not. *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) ("[C]ivil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay.").

B. Exhibit B: These materials were never produced in discovery nor listed in the Final Pretrial Order.

C. Exhibit C: This photograph does not appear to bear a Bates number of where it was produced in discovery. Moreover, there is no need to display a photograph of a Defendant when the jury will be able to see the person testifying (remotely) at trial.

D. Exhibit G: This was not produced in discovery nor is there any reference or relevance of any "Indian Chief Ring" anywhere in the discovery record in this case relating to Plaintiff. This is irrelevant and unduly prejudicial.

WHEREFORE Defendants pray this Court BAR Plaintiff from using or displaying at trial or in opening Exhibits A-C and G and for whatever other relief this Court deems fit.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By: /s/ Timothy P. Scahill
*Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312)580-1030
*Attorneys for Reynaldo Guevara*

/s/Caroline P. Golden
CAROLINE P. GOLDEN, Atty No. 6270259 Special Assistant Corporation Counsel One of the Attorneys for Defendant Michael Mason and Joann Halvorsen, special representative for Ernest Halvorsen, deceased

/s/ Eileen E. Rosen
EILEEN E. ROSEN Special Assistant Corporation Counsel One of the Attorneys for Defendant City of Chicago