IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS, ) | |
| ) | Case No. 22 CV 3973 |
| **Plaintiff,** ) | |
| ) | Judge Jeremy Daniel |
| vs. ) | |
| ) | |
| REYNALDO GUEVARA, MICHAEL MASON, ) | |
| ERNEST HALVORSEN, CITY OF CHICAGO, ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DESIGNATIONS AND DEFENDANTS' COUNTER-DESIGNATIONS

Defendants, by and through their undersigned counsel, submit the following Objections and Counter-Designations to Plaintiff's Testimonial Designations, pursuant to this Court's Order (Dkt. 277).

### Luis Huertas (Dkt. 286, 296)

Plaintiff filed Dkt. 286, purporting to be the designations of Luis Huertas's deposition testimony, but failed to attach or include any designated testimony in that filing and has waived his right to now do so. Plaintiff also filed Dkt. 296, purporting to be designations of Luis Huertas' trial testimony, but attaching designations for Javier Torres. If Plaintiff is allowed to submit late designations of Mr. Huertas's testimony in the future, Defendants reserve the right to object to such designations and counter designate.

### Javier Torres (Dkt. 291)

Defendants generally object to the admission of Javier Torres' testimony being read into evidence on the bases set forth in detail in Defendants' Response to Plaintiff's Motion to for Leave to File Motion in Limine Javier Torres Testimony (Dkt. #304), and incorporate said arguments herein. In the event this Court allows Javier Torres' testimony to be read in, Defendants further make the following objections to specific designations.

- 228:2-228:3
    - Objection: 401 Relevance
- 228:6-228:7
    - Objection: 401 Relevance
- 230:6-231:8
    - Objection: 801 Hearsay; Foundation
- 231:13-231:18
    - Objection: 801 Hearsay; Foundation

1

- 232:2:10
    - Objection: Colloquy
- 232:11-232:18
    - Objection: 801 Hearsay
- 232:23-234:16
    - Objection: 401 Relevance
- 234:18
    - Objection: This line is part of the court ruling on an objection: "Overruled"
- 234:20-235:1
    - Objection: 401 Relevance; 801 Hearsay
- 235:2
    - Objection: This line is part of the court ruling on an objection: "Overruled"
- 235:4-235:12
    - Objection: 401 Relevance; Foundation
- 235:16-235:24
    - Objection: 401 Relevance
- 236:1-236:20
    - Objection: 401 Relevance
- 237:17-238:5
    - Objection: 801 Hearsay
- 238:17-238:18
    - Objection: Foundation; 401 Relevance
- 238:19-239:1
    - Objection: 401 Hearsay; Foundation
- 239:15-239:17
    - Objection: Foundation: 401 Relevance
- 240:15-240:1
    - Objection: 801 Hearsay; Foundation
- 241:16-242:18
    - Objection: 801 Hearsay; 401 Relevance
- 242:19
    - Objection: This line is part of the court ruling on an objection: "Overruled"
- 242:21-243:21
    - Objection: 801 Hearsay; 401 Relevance; Foundation
- 244:11-244:18
    - Objection: 801 Hearsay; 401 Relevance; Foundation
- 244:22
    - Objection: This line is part of the court ruling on an objection: "Overruled"
- 244:24-245:13
    - Objection: 801 Hearsay; 403 Relevance; Foundation
- 245:14-245:21

- - - o Objection: 401 Relevance; Foundation
- 246:2-246:19
    - o Objection: 401 Relevance
- 247:1-247:9
    - o Objection: Relevance

## Samantha Hudson (Dkt. 292)

Plaintiff filed designations of Samantha Hudson's Trial Testimony (Dkt. 292) but her testimony was not previously designated by Plaintiff in his Pretrial Order and the Court struck Plaintiff's filing on this basis at the hearing on January 29, 2026.

## Richard Curley (Dkt. 294)

Plaintiff did not identify Detective Curley as a witness in the Pretrial Order and so Defendants object to Plaintiff using Det. Curley's designated testimony in his case-in-chief.

Although Defendants did designate Detective Curley's testimony (Dkt. 289-12) in the Pretrial Order, Plaintiff did not provide Defendants with any counter designations before the filing of the Pretrial Order and so Defendants object to all of Plaintiff's late designations of Det. Curley's trial testimony on that basis.

In addition, Defendants have the following specific objections to Plaintiff's counter designations of detective Curley's testimony:

533:17-18: Objection: Form, remove for clarity.

534:7-10 (Det. Curley does not recall seeing anyone on scene of the search of Carrero's apartment with a shotgun.) Objection: 401 Relevance.

534:11-19 (That Iris Mendez was arrested, taken to Area 5 and interviewed.) Objection: 401 Relevance.

534:23-24 Objection: Form, no answer designated.

535:8-14, 535:19-536:19 (That Det Curley did not know at the time of the search that Mendez had a 4 month old child, that Det. Curley did not bring a child to the police station, that Det. Curley did not see a child when he was in Carrero's apartment, and that Det. Curley did not know Mendez had a child when he searched Carrero's apartment) Objection: 401 Relevance, 403 More Prejudicial than Probative.

536:20-537:16 (That the arrest report for Mendez indicates she had a young child.) Objection: 401 Relevance, 403 More Prejudicial than Probative, 801 Hearsay, Not Impeaching (the fact that Det. Curley was told back at the police station when the Mendez arrest report was filled out that Mendez had a young child does not impeach any of Det Curley's prior testimony).

**Reynaldo Guevara Deposition (Dkt. 295)**

Defendants object in its entirety to Plaintiff "designating" the deposition of Defendant Guevara to be played to the jury.

First, the purpose of this Court's Order that deposition designations be provided was to rule on the admission of prior testimony of unavailable witnesses. Plaintiff purports to "designate" essentially the entirety of Defendant Guevara's prior deposition testimony in this case. *See* Dckt. No. 295. This appears to be a rather obvious attempt to skirt this Court's ruling that Plaintiff must provide a list of the precise questions he will ask of Defendant Guevara. *See* Dckt. No. 277 at 4, 5. This is an abusive and unnecessary tactic, will waste jury time and court time with a lengthy video, and is in violation of the letter and spirit of this Court's Orders.

Second, Defendant Guevara is not unavailable and will be providing live remote testimony under Fed. R. Evid. 43. Therefore, usage of this deposition is not permissible under Fed. R. Civ. P. 32(a)(4). If Plaintiff would like to ask questions of Defendant Guevara, he must submit such questions to this Court for approval and, if so given by this Court, ask Defendant Guevara on the stand live at trial.

Third, Defendants advised Plaintiff of the impropriety of designating and playing the entirety of a deposition transcript/video of a testifying witness. Plaintiff replied that such practice was permissible as an admission of Defendant Guevara. This is incorrect. The entirety of this transcript consists of Defendant Guevara pleading the Fifth. See Dckt. No. 277. The Seventh Circuit has held that a party pleading the Fifth in a civil case does not constitute an admission. *See National Acceptance Co. of America v. Bathalter*, 705 F.2d 924, 932 (7th Cir. 1983)(" We conclude that defendant's claim of privilege should not have been deemed an admission…").

Fourth, beyond all of the above, Defendants object substantively to these questions posed to Defendant Guevara as follows:

**Group Objection 1:** Repeated improper and incorrect references to the legal standard for a person invoking his Fifth Amendment Rights following every question. *See* Dckt. No. 277, *passim*. Specifically, after nearly every question, Plaintiff's counsel followed up with a question along the lines of "Are you taking the Fifth because an answer to that question will incriminate you?" *Id.* It is for this Court to explain when a person can invoke their Constitutional Rights not for Plaintiff's attorney to embed in his questions. This also misstates the law regarding when a person may invoke his Constitutional Rights because the Fifth Amendment does not only apply when a truthful answer will incriminate them but protects both the innocent and guilty against providing any link in a chain which might provide evidence to incriminate them. *Ohio v. Reiner*, 532 U.S. 17, 21 (2001); *Hoffman v. United States*, 341 U.S. 479, 486–87 (1951).

4

**Group Objection 2:** Repeated improper attempts to impute Defendant Guevara's invocations against other Defendants. See Dckt. No. 295 at 17:21-18:11, 21:22-23:14, 49:21-50:12, 51:3-16, 55:9-57:22. This Court granted Defendants' Motion in Limine on this and, in fact, this was agreed by Plaintiff.

**Group Objection 3:** Repeated questions regarding fabrication of evidence and records that were either not used against Plaintiff at his criminal trial or are subject to absolute immunity or otherwise not relevant to any legal claim. Dckt. No. 295 at 21:8-21, 29:7-15, 60:9-61:19, 33:22-34:12, 40:21-48:23, 55:9-17, 55:24-57:2, 57:9-58:12.

**Group Objection 4:** Repeated questions consisting of legal conclusions such as asking whether probable cause existed, whether Defendant Guevara commenced prosecution, whether Defendant Guevara played a significant role in the commencement and continuation of Plaintiff's prosecution, whether Defendant Guevara acted with malice, whether Plaintiff's confession was voluntary, etc. Dckt. No. 295 at 38:15-39:2, 49:17-51:16, 51:17-55:8, 55:24-57:2, 58:13-20, 59:3-10, 59:17-60:8

**Group Objection 5:** Repeated questions for which no independent evidence exists in the record beyond the Fifth Amendment invocation of Defendant Guevara. Dckt. No. 295 at 9:14-10:1, 10:18-22, 11:6-15, 11:20-24, 17:18-18:11, 25:12-20, 26:3-9, 29:22-33:21, 33:22-34:12, 35:7-12, 37:13-21, 59:3-10

**Group Objection 6:** argumentative, compound, hearsay, speculative and otherwise objectionable form of questions. Dckt. No. 295 at 9:1-13, 10:2-17, 10:18-22, 21:8-21, 22:12-18, 24:5-15, 25:12-20, 26:16-27:14, 29:7-15, 37:13-21, 40:21-41:9.

### Dr. Yuksel Konakci (Dkt. 297)

Plaintiff identified Yuksel Konakci's Trial Testimony in the Pretrial Order as a witness whose testimony he designated. However, Plaintiff never supplied Defendants with any testimonial designations so Defendants object to Plaintiff's designations of Dr. Konakci's testimony in its entirety on that basis.

Defendants also object to the entirety of Dr. Konakci's testimony as undisclosed expert testimony. Plaintiff never disclosed Dr. Konakci as a fact witness under Rule 26(a)(1) or as a retained or unretained expert under Rule 26(a)(2).

Defendants further object to the entirety of Dr. Konakci's trial testimony as inadmissible hearsay for the same reasons Javier Torres's trial testimony is also inadmissible hearsay. Rule 801.

Defendants object to reading the following lines of Plaintiff's designations because they are either unnecessary indications of the speaker, lawyer dialogue or court commentary: 247:17-22, 248:17-24, 251:16-21, 263:5-9, 268:12-16, 270:1, 270:11, 270:17

Defendants have the following additional objections to specific portions of Dr. Konakci's testimony:

264:24 (No answer designated.) Objection: Form.

266:9-267:3 (that the autopsy showed the victim had ingested cocaine but not recently). Objection: 401Relevance.

                                              Respectfully submitted,

                                              BORKAN & SCAHILL, LTD.

By:    /s/ Timothy P. Scahill
            *Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312)580-1030
*Attorneys for Reynaldo Guevara*

/s/Caroline P. Golden
    *Special Assistant Corporation Counsel*

CAROLINE P. GOLDEN, Atty No. 6270259 Special Assistant Corporation Counsel One of the Attorneys for Defendant Michael Mason and Joann Halvorsen, special representative for Ernest Halvorsen, deceased

/s/ Eileen E. Rosen
    *Special Assistant Corporation Counsel*

EILEEN E. ROSEN Special Assistant Corporation Counsel One of the Attorneys for Defendant City of Chicago