IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME RIOS, | ) | |
| | ) | Case No. 22 CV 3973 |
| Plaintiff, | ) | |
| | ) | Judge Jeremy Daniel |
| vs. | ) | |
| | ) | |
| REYNALDO GUEVARA, MICHAEL MASON, | ) | |
| ERNEST HALVORSEN, CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S QUESTIONS TO BE POSED TO REYNALDO GUEVARA**

NOW COME DEFENDANTS, by and through their below-signed counsel, and objecting to Plaintiff's questions to be posed to Reynaldo Guevara, state as follows:

1. In the late nineteen eighties, you were a Chicago police gang specialist in the Humboldt Park neighborhood.

    **DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

2. During your patrols through the neighborhood, you often stopped people, particularly young Hispanic men you believed to be members of a gang.

    **DEFENDANTS' RESPONSE:**

    **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

1

>**Objection 2:** This question seeks to introduce other bad acts evidence which has been barred by this Court. *See* Dckt. No. 277 at 5; Dckt. No. 283.
>
>**Objection 3:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.
>
>**Objection 4:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).
>
>**Objection 5:** This question is compound insofar as it seeks to address innumerable alleged incidents for which there is no specificity nor any evidentiary basis at trial.

3. It was your habit to ask these people to show you their gold chains, their jewelry, and the cash in their pockets.

>**DEFENDANTS' RESPONSE:**
>
>**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").
>
>**Objection 2:** This question seeks to introduce other bad acts evidence which has been barred by this Court. *See* Dckt. No. 277 at 5; Dckt. No. 283.
>
>**Objection 3:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.
>
>**Objection 4:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).
>
>**Objection 5:** This question is compound insofar as it seeks to address innumerable alleged incidents for which there is no specificity nor any evidentiary basis at trial.

4. You would tell these people that you were going to inventory these items and that they would have to come to the station to show receipts to get their property back.

>**DEFENDANTS' RESPONSE:**
>
>**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir.

1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to introduce other bad acts evidence which has been barred by this Court. *See* Dckt. No. 277 at 5; Dckt. No. 283.

**Objection 3:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.

**Objection 4:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).

**Objection 5:** This question is compound insofar as it seeks to address innumerable alleged incidents for which there is no specificity nor any evidentiary basis at trial.

5. Most of these people never came to the station.

   **DEFENDANTS' RESPONSE:**

   **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

   **Objection 2:** This question seeks to introduce other bad acts evidence which has been barred by this Court. *See* Dckt. No. 277 at 5; Dckt. No. 283.

   **Objection 3:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.

**Objection 4:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).

**Objection 5:** This question is compound insofar as it seeks to address innumerable alleged incidents for which there is no specificity nor any evidentiary basis at trial.

6. You kept the money and the jewelry.

    **DEFENDANTS' RESPONSE:**

    **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

    **Objection 2:** This question seeks to introduce other bad acts evidence which has been barred by this Court. *See* Dckt. No. 277 at 5; Dckt. No. 283.

    **Objection 3:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.

    **Objection 4:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).

    **Objection 5:** This question is compound insofar as it seeks to address innumerable alleged incidents for which there is no specificity nor any evidentiary basis at trial.

7. You were known in the neighborhood as a corrupt cop and a "thug."

    **DEFENDANTS' RESPONSE:**

    **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability

for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to introduce other bad acts evidence which has been barred by this Court. *See* Dckt. No. 277 at 5; Dckt. No. 283.

**Objection 3:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.

**Objection 4:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).

**Objection 5:** This question is compound insofar as it seeks to address innumerable alleged incidents for which there is no specificity nor any evidentiary basis at trial.

8. Isn't it true that in the late 1980's it was common in the Puerto Rican community to wear an Indian Head ring?

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402.

9. Isn't it true that in the late 1980's you wore a Indian Head ring on your finger?

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is

forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402.

10. During this period you knew Jaime Rios as a member of the Latin Kings.

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

11. You also knew Jaime Rios's mother, Soccoro Rogers.

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

12. At one point, Soccoro Rogers confronted you about how you were treating people in the neighborhood.

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question is premised upon hearsay. Specifically, the only evidence of this occurrence is Plaintiff suggesting that his mother told him this occurred but that he did not have personal knowledge of it occurring.

13. You also knew another Latin King, the head of the Latin Kings in the neighborhood, Jose "Macho" Melendez.

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir.

1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

14. At one point in the late nineteen eighties you confronted "Macho" Melendez on the street and threatened him because he had not done something for you.

> **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").
>
> **Objection 2:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.
>
> **Objection 3:** This question seeks to introduce other bad acts evidence and is barred under Fed. R. Evid. 404(a) and not subject to any exception in Fed. R. Evid. 404(b).

15. Jose "Macho" Melendez was one of your informants.

> **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify

additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.

16. Sometime after June 27, 1989, you became involved in the investigation of the murder of Luis Morales.

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

17. Although no one asked you to become involved in the investigation, you wrote in your arrest report on the case that you were assigned by your supervisor.

**DEFENDANTS' RESPONSE:** This is a compound question and contained predicate facts for which there is (and will) be no evidence introduced at trial in this matter. Thus, this is an inappropriate question under governing law. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under Baxter, LaSalle Bank, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

18. Why did you become involved in the investigation?

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

19. Isn't it true that you became involved in the investigation to protect your confidential informant Jose "Macho" Melendez?

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability

8

for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question is irrelevant to any issue in this case under Fed. R. Evid. 401 and 402 and is unduly prejudicial under Fed. R. Evid. 403.

20. On July 6, 1989, you went to a schoolyard in the neighborhood near 1440 north Leavitt with your partner, gang specialist Peter Gawrys.

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** There is no person named Peter Gawrys that Defendants are aware of (there is a Steve Gawrys). The incident at issue which Plaintiff has testified about does not reference Officer Gawrys. This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

21. Jaime Rios, and another gang member named "Little Mike" were hanging out.

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

22. You and Gawrys started taking pictures of Jaime Rios and "Little Mike."

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

23. You and Gawrys grabbed Little Mike and threw him into your car.

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is

forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** There is no person named Peter Gawrys that Defendants are aware of (there is a Steve Gawrys). The incident at issue which Plaintiff has testified about does not reference Officer Gawrys. This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

24. Jaime Rios said to you: "Do you want me too? You need me to go with you too?"

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

25. You said to Rios: "No, Rios. Get out of here."

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

26. What did you say to "Little Mike", in the car and what did he say to you?

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

27. You took "Little Mike" to a police station?

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is

forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

28. What did you say to "Little Mike," in the police station?

   **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

   **Objection 2:** There is no person named Peter Gawrys that Defendants are aware of (there is a Steve Gawrys). The incident at issue which Plaintiff has testified about does not reference Officer Gawrys. This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

29. You knew "Little Mike"'s real name.

   **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

30. What is "Little Mike"'s real name?

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

31. Little Mike's picture was in a gang book kept at Area 5?

> **DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

32. Isn't it true that no one you spoke with told you that they had witnessed the shooting?

> **DEFENDANTS' RESPONSE:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

33. Isn't it true that no one you spoke with told you that they knew for a fact that Jaime Rios had shot Luis Morales?

> **DEFENDANTS' RESPONSE:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question

of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

34. Nothing any informant said gave you probable cause to arrest Jaime Rios?

> **DEFENDANTS' RESPONSE:** Objection, this is a legal conclusion and inappropriate for a question to any witness.

35. On July 6, 1989, you had conversations with defendants Mason and Halvorsen?

> **DEFENDANTS' RESPONSE:** Objection, this question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

36. In those conversations, you agreed with Mason and Halvorsen that you would forcibly detain Jaime Rios?

> **DEFENDANTS' RESPONSE:**
>
> **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").
>
> **Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

37. In those conversations, you agreed with Mason and Halvorsen that you would take Jaime Rios to Area 5?

> **DEFENDANTS' RESPONSE:**
>
> **Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be

13

considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

38. In those conversations, you agreed with Mason and Halvorsen that you would then falsely claim that Jamie Rios had come into the station voluntarily?

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

39. In those conversations, you agreed with Mason and Halvorsen that you would interrogate Jaime Rios using physical force.

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit,

defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

40. In those conversations, you agreed with Mason and Halvorsen that while interrogating Jaime Rios, you would threaten to take away Jamie Rios' children.

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

41. In those conversations, you agreed with Mason and Halvorsen that you would suggest to Jaime Rios that Jamie Rios only had to admit to being on the scene of the murder and that Jamie Rios would be let go.

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has

exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

42. During your interrogation of Jaime Rios you took a photograph of "Little Mike" out of the gangbook and showed it to Jaime Rios.

43. You and Mason agreed that the physical force used on Jaime Rios would consist of hair pulling or some other method which was less likely to leave a physical mark?

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

44. On July 6, 1989 and July 7, 1989, the conference room at Area 5 was equipped with a rolling white board that rotates.

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit,

defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

**Objection 2:** This question seeks to ascribe wrongdoing to another person using Defendant Guevara's invocation which has been barred by this Court. *See* Dckt. No. 277 at 6 (granting Defendants' Motion in Limine No. 11).

45. Isn't it true that you hit Cristino Garcia with a flashlight or billy club, striking him by hitting a phone book that was placed flush with Cristino Garcia's head?

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

46. Isn't it true that you stuck Cristino Garcia in this manner because you believed this method would inflict pain without leaving a physical mark?

**DEFENDANTS' RESPONSE:**

**Objection 1:** There is and will be no competent and admissible evidence of this and, thus, this question is not permissible. *See LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995)(permitting use of Fifth Amendment invocation as affirmative evidence without other independent evidence "exceeds constitutional bounds."); *Rivera v. Guevara*, 2018 WL 11468922, *1 (N.D.Ill. 2018)("Here permissive means that '[s]ilence is a relevant factor to be considered in light of the proffered evidence, but the direct inference of guilt from silence is forbidden…Under *Baxter*, *LaSalle Bank*, and a host of district court cases in this circuit, defendants' motions for summary judgment cannot be denied solely because Guevara has exercised his Fifth Amendment right to remain silent any more than the question of liability for damages could be sent to the jury on that basis alone. Instead, Rivera must identify additional evidence that would permit the jury to impose liability."); *Ruiz-Cortez v. City of Chicago*, 2016 WL 6270768, *7 (N.D.Ill. 2016)("[S]ilence, and adverse inferences drawn from it, cannot be the sole basis for finding liability.").

47. About one month after Garcia was released, you grabbed Garcia in the street, threw him against a wall, took a picture of him with a Polaroid camera, and told Garcia that you would tell rival gang members to get him?

**DEFENDANTS' RESPONSE:** No objection other than as generally addressed in Defendants' Motions in Limine.

            Respectfully submitted,

            BORKAN & SCAHILL, LTD.

         By: /s/ Timothy P. Scahill
            *Special Assistant Corporation Counsel*

Steven B. Borkan
Timothy P. Scahill
Special Assistants Corporation Counsel
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312)580-1030
*Attorneys for Reynaldo Guevara*

/s/Caroline P. Golden
CAROLINE P. GOLDEN, Atty No. 6270259
Special Assistant Corporation Counsel One of the Attorneys for Defendant Michael Mason and Joann Halvorsen, special representative for Ernest Halvorsen, deceased

/s/ Eileen E. Rosen
EILEEN E. ROSEN Special Assistant Corporation Counsel One of the Attorneys for Defendant City of Chicago