IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAIME RIOS, ) | |
| ) | Case No. 22 CV 3973 |
| **Plaintiff,** ) | |
| ) | **Judge Jeremy Daniel** |
| vs. ) | |
| ) | |
| REYNALDO GUEVARA, MICHAEL MASON, ) | |
| ERNEST HALVORSEN, CITY OF CHICAGO, ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' OBJECTIONS TO
## PLAINTIFF'S COUNTER-DESIGNATIONS

Defendants, by and through their undersigned counsel, submit the following Objections to Plaintiff's Counter-Designations:

**Luis Huertas Deposition Testimony** (Dkt. 307-2).

Instead of filing counter-designations to *Defendants'* designations of Huertas's deposition testimony (See Dkt. 289-5), Plaintiff submits his own designations which he previously failed to timely file in the guise of counter-designations. (*See* Dkt. 305 at p.1) (Plaintiff filed Dkt. 286 purporting to be the designations of Mr. Huertas's testimony, but did not attach any designations, and Dkt. 296, which also purported to be the designations for Mr. Huertas, was the designations for Mr. Torres)). But these are not counter-designations. They are entirely different designations and come too late. Defendants object to the entirety of Plaintiff's "counter"-designations on this basis and ask that they be stricken.

If Plaintiff is allowed to backdoor these designations in the guise of counter-designations, Defendants additionally object to the following testimony as hearsay 41:22-43:9, 43:14-20, 45:2-9, 46:11-47:7, 47:13-16, 47:25-48:2, 48:17-19, 49:4-6 49:11-14, 49:18-23, 47:25.

1

Defendants object to Plaintiff's late counter-designations of **Daniel Noon, Janet Lupa, Donald Flannery, Ernest Halvorsen** and **Richard Curley's** testimony in their entirety because Plaintiff did not timely provide any designations of their testimony to Defendants. Defendants provided their designations to Plaintiff in advance of the Pretrial Order (Dkt. 252) but Plaintiff did not provide counter-designations for any of these witnesses at that time. Plaintiff first provided these counter-designations to Defendants on January 30, 2026, just 48 hours before trial. (Dkt. 307, Exs. 2-8.)

In the event the Court allows Plaintiff's late counter-designations, Defendants have the following specific objections to the counter-designated testimony:

**Daniel Noon** (Dkt. 307-3 and Dkt. 307-4). In addition to their objections to the entirety of the counter-designations based on lateness, Defendants specifically object as follows:

1. 330:5-331:17. Form and foundation. The witness is asked about an exhibit, People's Exhibit 28, which was not produced in discovery and is not available. Also, without the exhibit, it is cumulative of 329:20-330:4.

2. 331:18-335:1 (testimony from Officer Noon about whether other people showed Torres and Huertas other gang books or photos when Officer Noon was not present and what photos were in the gang books maintained by 14th District officers). Foundation. In addition, this testimony is in addition to, and not necessary to complete, any of the testimony designated by Defendants. In addition, 331:11-18 is cumulative of the next few questions which are clearer.

**Daniel Noon** (Dkt. 307-4). Aside from lateness, Defendants have no objections to the Plaintiff's counter-designations.

**Janet Lupa** (Dkt. 307-5). Aside from lateness, Defendants have no objections to the Plaintiff's counter-designations.

**Donald Flannery** (Dkt. 307-6). Aside from lateness, Defendants have the following objections to Plaintiff's counter-designations:

1. 447:3-8, 448:3-6, Cummulative of 449:24-11.

2. 450:12-17. Cummulative of 450:20-451:3. In addition, no answer is designated, and no answer was ever provided by the witness.

**Ernest Halvorsen** (Dkt. 307-7). Aside from lateness, Defendants have the following objections to Plaintiff's counter-designations:

1. C12:1-17. Foundation. Exhibits shown to witness, and upon which witness relies, are unavailable.

2. C12:22-C16:16 (Physical descriptions of suspects provided by Mr. Torres and Ms. Hudson to police officers other than Det. Halvorsen (who did not interview either of them)). Foundation. This also is an additional late designation which is not necessary to satisfy the Rule of Completeness.

3. C18:4-16 (Officer Noon's contacts with Mr. Torres and Mr. Huertas). Foundation. 401 Relevance (question never answered). Referenced reports not identified. This is an additional late designation which is not necessary to satisfy the Rule of Completeness

**Ernest Halvorsen** (Dkt. 307-8). Aside from lateness, Defendants have the following objections to Plaintiff's counter-designations:

1. D35:1-2 Sustaining of objection unnecessary.

2. D38:20-21. Foundation as to time.

3. D40:24. Incomplete designation. Trial court sustained an objection to this question.

**Richard Curley** (Dkt. 294). Defendants' specific objections to Det. Curley's testimony is addressed in Dkt. 305 at page 3 and is incorporated by reference.

The balance of Plaintiff's counter-designations is addressed in Defendants' Objections to Plaintiff's Designations and Defendants' Counter-Designations. (See Dkt. 305).

Defendants did not object to Plaintiff's counter-designations in Reynaldo Guevara's Pretrial Testimony of February 9, 1990, (Dkt. 290), Pretrial Testimony of April 3, 1990 (Dkt. 288), or Trial Testimony of November 29, 1990 (Dkt. ), which

**Luis Huertas Trial Testimony.** (Dkt. 289-4). Defendants have the following specific objections to Plaintiff's counter-designations of Luis Huertas's Trial Testimony, of November 29, 1990 (See Dkt. 289-4).

1. 195:5-24. 401 Relevance. 403 Probative value substantially outweighed by danger of misleading the jury and confusion.

                    Respectfully submitted,

                    BORKAN & SCAHILL, LTD.

By:    /s/ Timothy P. Scahill
           *Special Assistant Corporation Counsel*

           Steven B. Borkan
           Timothy P. Scahill
           Special Assistants Corporation Counsel
           Borkan & Scahill, Ltd.
           20 South Clark Street
           Suite 1700
           Chicago, IL 60603
           (312)580-1030
           *Attorneys for Reynaldo Guevara*

           /s/Caroline P. Golden
           *Special Assistant Corporation Counsel*

           Josh M. Engquist
           Joseph Polick
           Caroline Golden
           Jeff Kivetz
           Special Corporation Counsel

Sotos Law
141 W. Jackson, Suite 1420A
Chicago, IL 60601
Attorneys for Defendant Michael Mason and Joann Halvorsen, special representative for Ernest Halvorsen, deceased
Special Assistant Corporation Counsel

/s/ Eileen E. Rosen
    *Special Assistant Corporation Counsel*

EILEEN E. ROSEN Special Assistant Corporation Counsel One of the Attorneys for Defendant City of Chicago

5