IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIME RIOS

    Plaintiff,

    vs.                              Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO

    Defendants.                     JURY TRIAL DEMANDED

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE DESIGNATIONS AND COUNTERDESIGNATIONS**

Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following response to defendant's objections. In support thereof, plaintiff states as follows:

Defendants acknowledge that plaintiff attempted to file designations for Luis Huertas under Dkt. No 286 but due to a filing error, no designations were attached and a later filing, No. 296 attached the designations for Javier Torres rather than the designations for Luis Huertas. Although defendants had o obligation to bring these errors to counsel's attention they did not do so.

Defendants object to the filing of the Huertas designations, whether viewed ad

1

designations or counter-designations on the grounds that they are not appropriate counter designations or that the questions regarding the affidavit are hearsay/. Neither ground is well taken

It should be noted that defendants have represented that Huertas is unavailable but have presented no proof, by affidavit or otherwise, that his medical condition prevents him from testifying, at least by Webex.

Where deposition designations are to be introduced into evidence on grounds that a witness is unavailable, counter designations may be offered for the purpose of informing the trier of fact of "other parts of the depositions that in fairness should be considered with the part introduced." *Martinez v. Cont'l Tire the Americas, LLC*, No. 117CV00922KWRJFR, 2022 WL 2788068, at *2 (D.N.M. July 16, 2022). Fed. R. Civ. P. 32(a)(6); *accord*, Fed. R. Evid. 106.

A general comment is in order. Throughout the deposition, Huertas evidenced confusion and contradicted himself numerous times. He explained his poor memory by his age and the passage of time, but acknowledged an alternative explanation when he stated that he was suffering from bipolar disorder and depression and was on psychotropic medication.

Huertas also repeatedly confused two separate people and two separate lineups – the first where was taken by Detective Daniel Noon, and the second where he was taken to the lineup by detective Guevara. These portions of the deposition do not appear in defendants' designations.

Huertas at times acknowledged knowing Guevara and at times denied knowing him. The portions in which he acknowledged knowing Guevara do not appear in defendant's designations.

It is manifestly unfair to have the jury hear the portions of the deposition which favor the defense without those portions of the deposition which explain the context of those portions and their significance.

The defendants also object substantively to the deposition designations in which Huertas acknowledges signing the affidavit in which he says Guevara coerced him to identify Rios. There are multiple problems with this objection.

First, Huertas acknowledged the affidavit at the deposition as his sworn statement and the affidavit was attached to the deposition as an exhibit. It thus became part of the deposition and was not hearsay. And, of course even if hearsay it would be separately admissible as a prior inconsistent statement.

Second, it was defendants who showed the affidavit to Huertas at the deposition, had him acknowledge it, and went through it line by line. They interposed no hearsay objection to their own questions. Although they are entitled to raise a hearsay objection at this point, the objection comes after the date for motions in limine have passed.

In short, the defendants' objections with respect to the Huertas deposition should be denied.

With respect to the remaining designations, defendants' objections to the counter designation are not well taken. In each instance, the counter designations are necessary to complete the record.

Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

 By: Stephen L. Richards Attorney for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604

773-817-6927
sricha5461@aol.com Attorney No: 6191946

**CERTIFICATE OF SERVICE**

Stephen L. Richards certifies that on September 30, 2024 he **served** **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTIONS FOR PARTIAL SUMMARY JUDGMENT OF DEFENDANTS MASON AND HALVORSEN** through the ECF filing system.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946