IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIME RIOS

    Plaintiff,

        vs.                                   Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO

    Defendants.                         JURY TRIAL DEMANDED

    Defendants.

**RESPONSE TO MOTION FOR SANCTIONS**

Plaintiff Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following response to defendant's motion for sanctions. In support thereof, counsel states as follows:

1. Defendants have filed a motion for sanctions for discovery violations, arguing that this entire lawsuit should be dismissed because of two supposed discovery and/or ethical violations by plaintiff's counsel: (a) alleging the non-existence of confidential informants while supposedly knowing the name of one alleged confidential informant, (b) suborning perjury by providing the substance of two paragraphs in Cristino Garcia's affidavit.

2. With respect to the second claim, counsel believes that the court has already ruled that any

1

alleged violation with respect to the Cristino Garcia affidavit is not material to the claims in this lawsuit and should be addressed, if addressed at all, by the Illinois State Courts.

3. Counsel vehemently denies that any subornation of perjury took place and will defend his conduct in any forum, but unless this remains an issue in this lawsuit, will not address it further.

4. With respect to the discovery violation of not providing a possible name for "Little Mike," a potential informant, this court has already administered one sanction, which is that counsel cannot elicit the possible name of "Little Mike."

5. The remaining issue appears to be whether there is now evidence that Count II is not supported by the evidence, and whether any amendment to Count II would be futile.

6. A fair reading of Count II is that is contains two claims: (a) that defendant Guevara fabricated the existence of the confidential informants, and (b) that the confidential informants existed, but that Guevara fabricated the information the confidential informant supposedly provided.

7. The evidence for the non-existence of the confidential informants so far is as follows:

(a) Guevara provided inconsistent statements in his arrest report, his supplementary report, his motion testimony, and his trial testimony as to the number of informants, when he contacted the informants, and whether they were confidential or nonconfidential, (b) Mason testified that he interviewed the informants twice, but cannot recall any detail about them, other than that they were male, (c) the Cook County States Attorney responded to an order to produce the confidential informants in state court by saying that they had no information and no files on the confidential informants.

8. The evidence for the fabrication of the confidential informant information is as follows: (a) Guevara, for unknown reasons, injected himself into the case, without any contact with, or coordination with the violent crimes detectives, (2) after presenting the confidential informants to

Mason and receiving no directive to go further, Guevara illegally arrested Jaime Rios and unlawfully searched his house, (3) Guevara again presented the informants to Mason and they gave information to Mason which proved to be false.

9. Under these circumstances, Jaime Rios believes there is sufficient evidence for both aspects of Count II to go forward. But in the event that this court finds that there is at this point insufficient evidence for the non-existence aspect of Count II to go forward, Jaime Rios will seek leave to amend Count II to make clear that it is the second aspect of Count II which is being alleged.

10. A complaint may be amended during trial under the following circumstances:

> "Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence."

> Fed. R. Civ. P. 15(b)(1).

11. Here, amending the pleading to limit Claim II to the allegation that Guevara fabricated the informant information will meet the defendant's objection that there is now no evidence that the informants did not exist.

12. Nor would the amendment be futile See *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

13. Defendant's are also seeking under Rule 37 to dismiss all of Plaintiff's claims and enter a judgment on behalf of the Defendants.

14. It is true that: Rule 37 (b)(2)(A)(iii) allows for the Court to sanction an offending party by "striking pleadings in whole or in part;" Rule 37(b)(2)(A)(v) allows for the Court to sanction an offending party by "dismissing the action or proceeding in whole or in part;" and Rule

3

37(b)(2)(A)(vi) allows for the Court to sanction an offending party by "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

15. However a court's discretion in imposing sanctions is limited.

16. "A court's discretion in imposing sanctions under the Rule is limited in two ways: (i) any sanction must be just; and (ii) the sanction must be specifically related to the specific claim that was at issue in the order to provide discovery." *Profit Point Tax Technologies, Inc. v. DPAD Group, LLP*, 2023 WL 11968047 (W.D. Pa. May 16, 2023) at *3, citing *Miller v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660 at *9, 2019 U.S. Dist. LEXIS 83249 at *25 (W.D. Pa. May 17, 2019), *quoting Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580-82 (3d Cir. 2018).

17. "The second limitation requires that a specific nexus exist between the sanction imposed and the underlying discovery violations." *Id* at *3, *citing*, *Clientron*, 894 F.3d at 581.

18. As noted above, the alleged discovery violation only pertains to Count II and not the entirety of the remaining counts in the complaint.

19. Therefore, there is no sufficient nexus to dismiss the case as a whole. Furthermore, to do so would be unjust.

20. For the reasons given above, there is a substantial claim that Guevara fabricated the supposed information from the confidential informants.

WHEREFORE, Defendant's Motion Must be Denied.

Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

By: Stephen L. Richards Attorney for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No: 6191946

## CERTIFICATE OF SERVICE

Joshua Richards certifies that on February 11, 2026   he served the

**RESPONSE TO MOTION FOR SANCTIONS**

through the ECF filing system.

*/s/ Joshua S.M. Richards*
By: Joshua S.M. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
312-536-9150
jsrichardscriminallaw@outlook.com
Attorney No: 6313818