IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAIME RIOS

    Plaintiff,

      vs.                                Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
JOANN HALVORSEN AS
SPECIAL REPRESENTATIVE FOR
ERNEST HALVORSEN, DECEASED
CITY OF CHICAGO


    Defendants.                        JURY TRIAL DEMANDED


    Defendants.

**MOTION FOR SANCTIONS FOR DEFENSE COUNSEL'S QUESTION TO JAIME RIOS IN WHICH COUNSEL STATED WITHOUT, A GOOD FAITH BASIS, THAT JAIME RIOS HAD FABRICATED THE CLAIM THAT HIS RELATIVES WERE STRIP SEARCHED WHEN THEY VISITED HIM DURING THE 1990s AT PONTIAC <u>CORRECTIONAL CENTER</u>**

    Plaintiff Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following motion for leave to file a motion for sanctions for defense counsel's question to Jaime Rios on cross-examination, where he stated, without a good faith basis, that Jaime Rios was lying when he stated that his relatives were stripped searched when they visited him at Pontiac Correctional Center during the nineteen nineties. In support thereof, counsel states as follows:

    1. During defense counsel Tim Skahill's cross-examination of Jaime Rios he directly

1

accused Jaime Rios of lying, in vehement terms, when he testified that his relatives were stripped searched at Pontiac Correctional Center in the1990s.

2. In fact, however, in the case of *Burgess v. Lowery*, 201 F.3d 942 (7th Cir. 2000), which is attached as an exhibit, plaintiffs, visitors to Pontiac Correctional Center, sued on the basis that they were subjected to strip searches without a reasonable suspicion, per prison regulations, that they were in fact carrying contraband. The court rejected a claim of qualified immunity

3. The challenged searches allegedly took place between 1995 and 1997, almost exactly coincidental with the period during which Jaime Rios alleged that his relatives, including his mother, were strip searched.

4. There was therefore no good faith basis for the accusation that Jaime Rios was lying about the strip searches.

5. As a sanction for this violation, Jaime Rios requests: (1) that counsel's question to Jaime Rios be stricken, and that the jury be instructed to disregard and told that there was no good faith basis for the question, and/or (2) Jaime Rios may be allowed to call witnesses, including his mother and his sister who will testify that the searches took place and that they told Jaime Rios about them, and/or the parties enter into a stipulation that the searches took place.

Respectfully Submitted,

    JAIME RIOS

    By and through

    /s/ Stephen L. Richards

    By: Stephen L. Richards Attorney

                    for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No: 6191946

3

## CERTIFICATE OF SERVICE

Stephen L. Richards certifies that on February 12, 2026  he served the  **MOTION FOR SANCTIONS FOR DEFENSE COUNSEL'S QUESTION TO JAIME RIOS IN WHICH COUNSEL STATED WITHOUT,  A  GOOD FAITH BASIS, THAT JAIME RIOS HAD FABRICATED THE CLAIM THAT HIS RELATIVES WERE STRIP SEARCHED WHEN THEY VISITED HIM DURING THE 1990s AT PONTIAC CORRECTIONAL CENTER**

through the ECF filing system.

/s/ Stephen L. Richards
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946