IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAIME RIOS, | ) | |
| | ) | Case No. 22 CV 3973 |
| Plaintiff, | ) | |
| | ) | Hon. Jeremy C. Daniel |
| v. | ) | |
| | ) | |
| REYNALDO GUEVARA, MICHAEL MASON, | ) | |
| JOANN HALVORSEN AS SPECIAL | ) | |
| REPRESENTATIVE FOR ERNEST | ) | |
| HALVORSEN, DECEASED, | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MASON'S RULE 50(a) MOTION
FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Federal Rule of Civil Procedure 50(a), Defendant Michael Mason moves this Court for judgment as a matter of law ("JMOL") on the conspiracy claims against him embedded within the Fifth Amendment coerced confession claim in Count I. (*See* Dkt. 61, Count I, at ¶ 145-151.) In support, Defendant Mason states:

**INTRODUCTION**

After the Court ruled on Summary Judgment (Dkt. 215), the only claims remaining against Defendants Halvorsen and Mason were that they violated Plaintiff Jaime Rios's Fifth Amendment right against self-incrimination by coercing him to confess and the conspiracy claims embedded within that count. (Count I.) On February 12, 2026, the Court dismissed Defendant Halvorsen on his own Rule 50 motion at the close of Rios' case-in-chief. Defendant Mason is entitled to judgment in his favor on the conspiracy claim against him because: 1) if he prevails on the substantive coerced confession claim, he is also entitled to JMOL on the derivative conspiracy claim; 2) Rios has not established the requisite element of an agreement or

"meeting of the minds"; 3) Rios' conspiracy claim fails as a matter of law because only state actors are allegedly involved; 4) Rios' claim fails under the intracorporate-conspiracy doctrine; and 5) Mason is entitled to qualified immunity.

## GERMANE FACTS ADDUCED AT TRIAL

The evidence at trial has established that during a July 7, 1989 interview at the Chicago Police Department Area 5 station, Rios implicated himself in the June 27, 1989 murder of Luis Morales, and that it was memorialized in a court-reported statement that was subsequently used against Rios during his underlying criminal proceedings. Defendant Mason testified that it was he and Defendant Halvorsen who interviewed Rios in an interview room at Area 5, and that after he provided Rios his *Miranda* warnings and determined he understood them, he asked Rios questions about the Morales murder. During the interview, Rios admitted to being involved in the shooting of Morales, and was then placed under arrest. [Trial Tr. 1062:13 – 1065:24, 1070:2-4.]

Rios testified it was Mason and Defendant Guevara who were in the interview room with him at Area 5, and while seated in the room, Mason grabbed his hair and slammed his head and face on a table while Rios was handcuffed behind his back. Mason denied this conduct and that Guevara was in the interview room. [Trial Tr. 1062:13-18, 1067:2 – 1068:10.] Rios further testified that after slamming his head on the table Mason stood silent behind him while Guevara "drilled" the facts of the Morales homicide to Rios and threatened to take his child away if he did not give a statement implicating himself. Rios presented no evidence of an express agreement between Mason and Guevara, but rather contends they "acted in concert" to deprive him of his Fifth Amendment right against self-incrimination.

2

**LEGAL STANDARD**

A court may enter JMOL against a party who "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "A legally sufficient amount of evidence need not be overwhelming, but it must be more than a 'mere scintilla.'" *Filipovich v. K & R Express Sys., Inc.*, 391 F.3d 859, 863 (7th Cir. 2004) (quoting *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000)). A motion for JMOL "may be made at any time before the case is submitted to the jury" and must "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

The reviewing standard "'mirrors'" that for summary judgment, such that "'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)). The question is thus "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff," who bears the "*onus* of proof," "is entitled to a verdict." *Anderson*, 477 U.S. at 252 (citation and internal quotation marks omitted).

**ARGUMENT**

I. **Plaintiff's Section 1983 Conspiracy Claim Against Mason Fails as a Matter of Law**

    A. **Failure to Prevail on the Substantive Claim Bars the Derivative Conspiracy Claim.**

The conspiracy claim is derivative of Rios' coerced confession claim. *Coleman v. City of Peoria, Ill.*, 925 F.3d 336, 351 (7th Cir. 2019) (conspiracy claim depends on proof of underlying constitutional violation); *Celafu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (no constitutional injury forecloses relief on conspiracy claim); Thus, if Mason prevails on Rios' coerced confession claim, then the conspiracy claim must also necessarily fail.

## B. Plaintiff Has Not Established the Requisite Element of An Agreement.

The conspiracy claim requires evidence of an agreement between more than one person – here between Defendants Mason and Guevara. Rios must show an express or implied agreement between defendants to deprive him of his constitutional rights, and that overt acts in furtherance of the agreement actually deprived him of those rights. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). "To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate … an understanding to deprive the plaintiff of his constitutional rights." *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (citation omitted). If the alleged agreement was not overt, there must be evidence sufficient to raise an inference of a mutual understanding. *Amundsen v. Chi. Park Dist.,* 218 F.3d 712, 718 (7th Cir.2000). While "circumstantial evidence" can establish a conspiracy, the Seventh Circuit "ha[s] stressed that such evidence cannot be speculative." *Seniff*, 342 F.3d at 785.

Rios has not adduced any evidence of a conspiratorial agreement, understanding, or meeting of the minds between Defendants Mason and Guevara to establish this requisite element of his conspiracy claims. The evidence established that Mason and Guevara worked in different police units – the Area 5 Violent Crimes Unit and the Gang Crimes North Unit. The Gang Crimes Unit assisted the detectives in their work but did not do their work for them. [Trial Tr. 1131:7 – 1132:20; 1941:5-19; 1942:22 - 1943:10.] Taken in the light most favorable to Rios, there is no direct or circumstantial proof of an agreement between Mason and Guevara. Rios maintains that Mason stood silent in the interview room when Guevara allegedly "drilled" the facts of Rios' confession to him [Trial Tr. 1543: 5-13; 1658:6 – 1659:8], and he does not assert any failure to intervene theory of liability. (2nd Amd. Complt., Dkt. 61.) At best, Rios has offered speculation of a conspiratorial agreement, but that is insufficient to establish liability.

*Seniff*, 342 F.3d at 785; *Cooney v. Casady,* 735 F.3d 514, 519 (7th Cir. 2013) (speculation and conjecture insufficient to establish conspiracy). Nor can he retroactively assert a failure to intervene theory of liability. Thus, Mason is entitled to JMOL.

### C. Plaintiff Cannot Establish a Section 1983 Conspiracy Because Only State Actors Are Allegedly Involved.

"'To establish § 1983 liability through a conspiracy, a plaintiff must demonstrate that…a state official ***and a private individual(s)*** reached an understanding to deprive the plaintiff of his constitutional rights….'" *Cooney*, 735 F.3d at 518 (quoting *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)) (emphasis added). As a result, a federal "conspiracy claim is superfluous" where "all named defendants are state actors." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2014). The Seventh Circuit has expressly wed this reasoning to Rios' theory of conspiracy liability, noting in a § 1983 conspiracy case that where "[a]ll of the defendants in th[e] suit…are public employees…a conspiracy claim has no role to play." *Scott v. City of Chicago*, 619 Fed. App'x 548, 548 (7th Cir. 2015).

As held in *Hernandez v. City of Peoria*, "[u]nder the case law of this circuit, 'to establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that…a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights.'" No. 19 CV 01153, 2022 WL 22624877, at *8 (C.D. Ill. Aug. 5, 2022) (quoting *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019)) (citing *Green v. Howser*, 942 F.3d 772, 779 (7th Cir. 2019) (same)). The court, refusing "to depart from the established and binding precedent of the Seventh Circuit," dropped the § 1983 conspiracy claim from the case, as the "case d[id] not represent an alleged conspiracy between state and private individuals as only state actors are named." *Hernandez*, 2022 WL 22624877, at *8.

5

Here, "all named defendants" – Mason and Guevara – "are state actors," such that Rios' § 1983 conspiracy theory cannot proceed as a matter of law. *Turley*, 729 F.3d at 649; *e.g., id.* at 649 n.2 ("the function of a [federal] conspiracy claim…is to 'permit recovery from a private actor who has conspired with state actors,'" such that "[w]hen, as here, the defendants are all state actors, 'a [federal conspiracy] claim does not add anything except needless complexity'") (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). Thus, even if Rios had presented evidence of a conspiracy between alleged co-conspirators Mason and Guevara, Mason is entitled to JMOL because the co-conspirators are both state actors.

### D. Defendant Mason is Shielded From Conspiracy Liability Under the Intracorporate-Conspiracy Doctrine.

Alternatively, Mason cannot be held liable under a § 1983 conspiracy theory by reason of the intracorporate-conspiracy doctrine. "Under this principle…an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy." *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). The reasoning is straightforward. "When two agents of the same legal entity make an agreement in the course of their official duties[,] as a practical and legal matter their acts are attributed to their principal. And it then follows that there has not been an agreement between two or more separate people." *Id*.

Although the Seventh Circuit has long held that the intracorporate-conspiracy doctrine applies to § 1985 conspiracy claims, it has not decided whether the doctrine applies to § 1983. *See Wright v. Ill. Dep't of Child. & Fam. Servs.*, 40 F.3d 1492, 1508–09 (7th Cir. 1994) ("except in egregious circumstance, intra-entity discussions…lie outside the scope of § 1985"). However, Mason urges the Court to consider the body of caselaw that strongly counsels in favor of applying the intracorporate-conspiracy doctrine to § 1983. In particular, a 2019 opinion from the

6

Sixth Circuit makes a convincing argument for why the doctrine should apply to § 1983 conspiracy:

> When employees of a corporation act to further the purposes of [a corporation in its legal status as] "person," principles from the law of agency dictate that those employees be treated not as separate "persons" but as part of the same "person."…[T]he Supreme Court has made clear that municipalities are "persons" for purposes of § 1983.
>
> Because the intracorporate conspiracy doctrine follows from the legal definition of "person," which includes local governments, the doctrine has been developed to deal with the question whether there are two separate persons to form a conspiracy. The doctrine's application to other civil rights statutes has not been premised upon any factor unique to those statutes[, so there is] no reason to decline to apply the doctrine to § 1983.

*Jackson v. City of Cleveland*, 925 F.3d 793, 819 (6th Cir. 2019) (citations and internal quotations omitted).

A variety of courts have held the same as *Jackson*—including the Eleventh Circuit and courts in the Northern District of Illinois, which has suggested that the Seventh Circuit's jurisprudence on the doctrine is in line with extension to § 1983. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010) (intracorporate-conspiracy doctrine bars plaintiffs' § 1983 conspiracy claims); *Strauss v. City of Chicago*, 346 F. Supp. 3d 1193, 1210, 1210 n.6 (N.D. Ill. 2018) (same, noting that "[m]ost courts in this district have held that [the intracorporate-conspiracy doctrine] applies to conspiracy claims under 42 U.S. § 1983" and the court has seen no "reason why the Seventh Circuit's logic [applying the doctrine to § 1985] should not apply with equal force to conspiracy claims under Section 1983"); *Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 994 (N.D. Ill. 1998) (same, noting that "the overwhelming majority of judges in this district…have held" that "the doctrine extends to § 1983 claims"; *see also, e.g.*, *Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997), *aff'd*, 158 F.3d 583 (5th Cir. 1998))

7

("A single legal entity, such as the Galveston Police Department and its officers, is incapable of conspiring with itself for the purposes of § 1983. *See Baldwin v. University of Texas Medical Branch at Galveston*, 945 F. Supp. 1022 (S.D.Tex.1996), *aff'd*, 122 F.3d 1066 (5th Cir.1997); *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir.1994).").

Boiled to its essence, *Jackson* stands for the proposition "that members of the same legal entity cannot conspire *with one another* as long as their alleged acts were within the scope of their employment." 925 F.3d at 819 (citation and internal quotations omitted). There is no dispute that Defendants Mason and Guevara were acting in their capacities as Chicago police officers (Dkt. 64, Ans. to SAC ¶¶ 5-6, 8), and Rios has adduced no evidence that they were acting in any sort of private capacity. As *Strauss* indicates, there is nothing from a legal reasoning perspective to suggest that the Seventh Circuit would not follow the Fifth, Sixth, and Eleventh Circuits and apply the intracorporate-conspiracy to § 1983. Therefore, by reason of the intracorporate-conspiracy doctrine, Mason cannot be liable for § 1983 conspiracy and is entitled to JMOL.

### E. Defendant Mason is Qualifiedly Immune From Conspiracy Liability.

"When the courts are divided on an issue so central to the cause of action alleged, a reasonable official lacks the notice required before imposing liability." *Ziglar*, 582 U.S. at 154. Thus, even if the Court is disinclined to enter judgment for Mason based on the no-private-actor or intracorporate-conspiracy defenses in the first instance, qualified immunity should result based on either.

The question is whether either issue was so resolved within the law in July 1989 that "reasonable officers in [Defendant Mason's] positions would…have known with any certainty" that their actions subjected them to liability. *Id.* at 155. As detailed above, Mason contends

8

precisely the opposite, that the law quite clearly signaled to officers that they were entitled to both defenses. Indeed, the no-private-actor defense is trending fast toward calcification as hard-and-fast law, as demonstrated by *Turley*, *Scott*, *Cooney*, *Lewis*, *Fairley*, and *Hernandez*. And the intracorporate-conspiracy doctrine is clearly unsettled, as Seventh Circuit courts continue to hold that the doctrine lacks the articulation in the law necessary to deprive officers of qualified immunity from § 1983 conspiracy liability. *See Haliw v. City of S. Elgin*, No. 19 C 01515, 2020 WL 1304697, at *4 (N.D. Ill. Mar. 18, 2020) (defendant officers qualifiedly immune from § 1983 conspiracy claim because judicial "extensions of the intracorporate conspiracy doctrine to § 1983" show that "it cannot be said that the law is clearly established on this point" and "reasonable officers would not necessarily know that a conspiracy amongst employees of a single municipality can violate the Constitution (no matter what the underlying substantive right is at stake)"); *see also Long v. Weeks*, No. 23-55004, 2024 WL 1672258, at *1 (9th Cir. April 18, 2024) (reversing the district court and holding that defendant officers were "entitled to qualified immunity on the conspiracy claim because it is not clearly established that the intracorporate conspiracy doctrine is inapplicable to Section 1983 claims").

Because qualified immunity is appropriate on the no-private-actor defense as well as the intracorporate-conspiracy defense, Defendant Mason is entitled to JMOL on the conspiracy claim.

## CONCLUSION

For the foregoing reasons, Defendant Mason respectfully requests judgment as a matter of law in his favor.

Date: February 17, 2026　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Joseph M. Polick
　　　　　　　　　　　　　　　　　　　　　JOSEPH M. POLICK, Attorney No. 06242849
　　　　　　　　　　　　　　　　　　　　　*One of the Attorneys for Defendant Michael Mason*

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
Joseph M. Polick
Caroline P. Golden
Elizabeth Fleming
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jpolick@jsotoslaw.com

# CERTIFICATE OF SERVICE

   I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on February 17, 2026, I electronically filed the foregoing **Defendant Mason's Rule 50(A) Motion For Judgment as a Matter of Law,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

***Attorneys for Plaintiff:***
Stephen L. Richards
Joshua Richards
53 West Jackson Suite 756
Chicago, IL 60604
(773) 817-6927
Sricha5461@aol.com
jsrichardscriminallaw@outlook.com


***Attorneys for City of Chicago:***
Eileen E. Rosen
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Martin W. McManaman
Rock Fusco & Connelly, LLC
333 West Wacker Drive 19th Floor
Chicago, IL 60606
(312) 970-3474
erosen@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com
mmanaman@rfclaw.com

**Attorneys for Reynaldo Guevara:**
Timothy Scahill
Steven B. Borkan
Whitney Hutchinson
Emily Schnidt
Grahm Miller
Christiane Murray
Molly Boekeloo
Amanda Guertler
Krystal Gonzalez
Borkan & Scahill, Ltd.
20 S. Clark Street, Suite 17
(312) 580-1030
tscahill@borkanscahill.com
sborkan@borkanscahill.com
whutchinson@borkanscahill.com
eschnidt@borkanscahill.com
gmiller@borkanscahill.com
cmurray@borkanscahill.com
mboekeloo@borkanscahill.com
aguertler@borkanscahill.com
kgonzalez@borkanscahill.com


**Attorney for Cook County:**
Joseph A. Hodal
David A Adelman
Cook County State's Attorney's Office
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, IL 60602
 (312)603-5470
joseph.hodal@cookcountyil.gov
David.Adelman@cookcountyil.gov

            /s/ Joseph M. Polick
            JOSEPH M. POLICK, Attorney No. 06242849
            *One of the Attorneys for Defendant Michael Mason*