**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAIME RIOS

      Plaintiff,

         vs.                                Case No. 1:22-cv-03973

REYNALDO GUEVARA
MICHAEL MASON
CITY OF CHICAGO

      Defendants.                            JURY TRIAL DEMANDED

                        Defendants.

**PLAINTIFF'S RULE 59 MOTION FOR A NEW TRIAL ON THE ISSUE OF DAMAGES AND ON THE CLAIM THAT REYNALDO GUEVARA CONCEALED EVIDENCE THAT HE BEAT CRISTINO GARCIA WITH A PHONEBOOKS A CLAIM WHICH MAY HAVE AFFECTED THE JURY'S JUDGMENT WITH RESPECT TO PUNITIVE DAMAGES**

      Plaintiff, Jaime Rios, by and through his attorneys, Stephen L. Richards and Joshua S.M. Richards submits the following Rule 59 motion for a new trial on the issue of damages with respect to the judgment against Reynaldo Guevara. This motion will be supported by an additional memorandum. In support thereof, Jaime Rios states as follows:

**LEGAL STANDARDS**

1.   Under Federal Rule of Civil Procedure Rule 59:

      "(a) In General.

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
      (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."

1

2. To prevail on a motion under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995). A "manifest error" is not "demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Sedrak v. Callahan*, 987 F .Supp. 1063, 1069 (N.D.Ill.1997).

3. Jaime Rios was deprived of a fair trial on damages by the trial court's refusal to instruct the jury, per Plaintiff's Jury Instruction No. 39, that Reynaldo Guevara was not personally responsible for paying compensatory damages. The trial court disregarded the controlling precedent of *Lawson v. Trowbridge*, 153 F.3d 368, 380–81 (7th Cir. 1998).

4. Jaime Rios was deprived of a fair trial on damages by the trial court's preclusion of the trial testimony of Javier Torres. The trial court misapplied the controlling precedent of Fed. R. of Evid. 804(b)(1), together with its legislative history, disregarded Fed. R. of Evid. 807, and misapplied Fed. R. of Evidence 804(b)(3)(A).

5. Jaime Rios was deprived of a fair trial on damages by the trial court's refusal of Plaintiff's Instruction No. 38, which informed the jury that they could consider evidence of plaintiff's guilt or innocence with respect to damages, including evidence which was not available at the time of trial. In refusing the instruction, the trial court disregarded and misapplied the controlling precedent of *Par. v. City of Elkhart, Ind.*, 702 F.3d 997, 1001 (7th Cir. 2012).

6. Jaime Rios was deprived of a fair trial on damages by the trial court's exclusion of the admission of the certificate of innocence on the issue of damages with respect to guilt innocence and with respect to damages on the issue of the harm Jaime Rios suffered before the certificate was granted, a misapplication of the controlling precedent of *Patrick v. City of Chicago*, 974 F.3d 824 (7th Cir. 2020). The harm caused by the lack of this instruction was exacerbated by Guevara's unfounded accusations of "perjury," and "fraud," culminating in his outrageous accusation that Cook County States Attorney Kim Foxx had "blood on her hands."

7. Jaime Rios was deprived of a fair trial on the issue of the *Brady* claim that Reynaldo Guevara concealed evidence that he beat Cristino Garcia, as well as a fair trial on damages by the trial court's exclusion of the Rule 404(b) evidence, a misapplication of the controlling precedents of *United States v. Gomez*, 763 F.3d 845 (7th Cir. 2014*), United States v. Hudson*, 884 F.2d 1016, 1021 (7th Cir. 1989), *United States v. Shackleford*, 738 F.2d 776, 783 (7th Cir. 1984), *United States v. Vance*, 764 F.3d 667, 669 (7th Cir. 2014), *United States v. Brown*, 471 F.3d 802, 806 (7th Cir. 2006), and *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993), *as modified on denial of reh'g* (Dec. 8, 1993).

8. Jaime Rios was deprived of a fair trial on damages by the trial court's exclusion of the testimony of Dr. Geoffrey Loftus as to the application of the science of memory to the facts of the case, a misapplication of Fed. Rule of Evid. 702(d) and Fed. Rule of Evid. 704(a).

9. Jaime Rios was deprived of a fair trial on damage by the trial court's exclusion of the testimony of Dr. Melissa Russano as to the application of the science of false confessions to the facts of the case, a misapplication of Fed. Rule of Evid. 702(d)

and Fed. Rule of Evid. 704(a).

WHEREFORE, Plaintiff prays that this Honorable Court Grant a new trial on the issue of

damages and a new trial on Count XII of the Second Amended Complaint.

Respectfully Submitted,

JAIME RIOS

By and through

/s/ Stephen L. Richards

 By: Stephen L. Richards Attorney
for Plaintiff
53 West Jackson
Suite 756
Chicago, IL 60604
773-817-6927
sricha5461@aol.com Attorney No:
6191946

4

## CERTIFICATE OF SERVICE

Stephen L. Richards certifies that on March 24, 2026 he served **PLAINTIFF'S RULE 59 MOTION FOR A NEW TRIAL ON THE ISSUE OF DAMAGES AND ON THE CLAIM THAT REYNALDO GUEVARA CONCEALED EVIDENCE THAT HE BEAT CRISTINO GARCIA WITH A PHONEBOOK, A CLAIM WHICH MAY HAVE AFFECTED THE JURY'S JUDGMENT WITH RESPECT TO PUNITIVE DAMAGES**

through the ECF filing system.

*/s/ Stephen L. Richards*
By: Stephen L. Richards
Attorney for Plaintiff
53 W. Jackson, Suite 756
Chicago, IL 60604
(773) 817-6927
sricha5461@aol.com
Attorney No: 6191946

5